Theresa Seeley
treeyoga2015@gmail.com
7025 NE Davis Street
Portland, OR 97213
971-252-0875

Plaintiff, appearing Pro Se

UNITED STATES DISTRICT COURT

FOR

DISTRICT OF OREGON

In the Matter of:

Plaintiff(s):                                      CASE NO. 3:23-cv-386-SI

Theresa Seeley, Plaintiff-Pro Se

v.

Defendants: Portland Public Schools-          INITIAL COMPLAINT
School Board & Eidilth Lowry,                 DEMAND FOR JURY TRIAL
Guadalupe Guerrero, Genevieve Rough,          ORAL ARGUMENT, ECONOMIC
Legina Hein, Galen Waldrep, James Young,      & NON-ECONOMIC DAMAGES
Ondra Matthews, Sean Murray

SUBMITTED: 3·16·23

101917

Seeley v. Portland Public Schools & Parties                                          1
List of Parties

The following Parties in their individual and professional capacity, acting on behalf of the Defendant at
501 N. Dixon St. Portland, OR 97227, Multnomah County, telephone: 503-916-2000, include:

Eidilth Lowry, Defendant school district board chair

Guadalupe Guerrero, Defendant superintendent

Genevieve Rough, Defendant Human Resources, Legal

Legina Hein, Defendant Director of Human Resources

Galen Waldrep, Defendant-Human Resources

James Young, Defendant Payroll

Ondra Matthews, Defendant, Payroll

Sean Murray, Benefits

## CONTENTS OF COMPLAINT PACKET

I.      Service Paperwork: COMPLAINT RECEIVED BY STATE COURT & NOT
        SUBMITTED FOR (IN)CORRECT JURISDICTION/COVER: mailed: 1/21/23
        A. Received by Defendants: 1/25/23
        B.  Received by Attorney General: 1/23/23
        C.  Received by Multnomah County Circuit Court-Civil Division 1/25/23

II.     BOLI 90 Day Right to Sue Letter: 1/11/23 Case# STEMDP220111-10036

III.    Civil Coversheet: economic and noneconomic damages, jury trial, oral argument
        request
        A.      Overview of Complaint(s)
        B.      Complaint for a Civil Case Alleging Breach of Contract
        B.      Complaint for Violations of Civil Rights (non-prisoner complaint)
        C.      Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a
                Sum of Money
        D.      Complaint of Violation of Fair Labor Standards
        E.      Complaint of a Civil Case Alleging Negligence
        F.      Complaint of Employment Discrimination
        F.      Claims, violations & Statute of Limitations for Equitable Tolling
                        PAGES, 2,849 WORDS, 14 FONT, TIMES NEW ROMAN

IV.     Exhibits List
        A.      Exhibits 1-41 ᵈⁱˣ 43

V.      Statutory References & Authorities
        A.  Statutes

VI.     Related Cases:
        A.      TORT Department of Administrative Services: January 2023
        B.      FDAB-Fair Dismissal Appeals Board: CA 21-01, Court of Appeals:
                A177275; Supreme Court Appeal: SO69974
        C.      CA: 20cv16293 Seeley v. Standard Insurance Company
        D.      CA: 3:15-cv-01897 MO Seeley v. Portland Public Schools
        E.      ERB-Employment Relations Board: FR-002-02
        F.      EEOC complaint 2020, 2023
        G.      Department of Administrative Services: L182639-01 Seeley v. PERS
                Public Employees Retirement System
        H.      Department of Justice: FF6873-22 Seeley v. PERS-Public Employees
                Retirement System

# IN THE CIRCUIT COURT OF MULTNOMAH COUNTY

## FOR THE STATE OF OREGON

In the Matter of


THERESA SEELEY
Appellant-Petitioner


v.


PORTLAND PUBLIC SCHOOLS,
District-Respondent,


---

Complaint of violations: civil rights, breach of contract, fair dismissals

---

## CERTIFICATE OF SERVICE & FILING

On January 21, 2023, I deposited by USPS certified First Class Mail, Return
Receipt mail, a copy of Civil Complaint of violations: civil rights, breach of
contract, fair dismissals to Mary Kane, Legal Counsel, Portland Public Schools
501 N. Dixon Street, Portland, OR 97227; Ellen Rosenblum, Attorney General
1162 State Street NE, Salem, OR 97301, Risk Management, Department of
Administrative Services PO Box 12009, Salem, OR 97309-0009, Multnomah
County Circuit Court, Civil Complaints 1200 SW 1st Avenue, Second Floor,
Portland, OR 97204

Signature: _____
Theresa Seeley, Petitioner, Pro SE

Date: _____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mary Kane Legal Counsel
Portland Public Schools
501 N. Dixon Street
Portland, OR 97227

||||| 9590 9402 7600 2098 3536 70

2. Article Number (Transfer from service label)
7022 0410 0000 6077 6253

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
1-25

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    CIVIL    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Multnomah County Courthouse
Civil Complaint Division
1200 SW 1st Avenue
Portland, OR 97204

||||| 9590 9402 7041 1225 9646 45

2. Article Number (Transfer from service label)
7022 0410 0000 6077 6208

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Dan Smith    1/25/22

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    CIVIL    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ellen Rosenblum,
Attorney General
Department of Justice
1162 Court St NE
Salem, OR 97301

||||| 9590 9402 7247 1284 5278 14

2. Article Number (Transfer from service label)
9515 5066 8681 3019 2287 7

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Juarez    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Pedro Juarez

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

JAN 2 3 2023
Department of Justice

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



**CHRISTINA E. STEPHENSON**
Labor Commissioner

January 11, 2023

THERESA SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213

RE:    Complainant:    Theresa Seeley
       Respondent:     Portland Public Schools
       Case #:         STEMDP220111-10036

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been dismissed because the Division did not find sufficient evidence to continue our investigation. This is the Bureau's final determination. If you wish to pursue your claim(s) further, you may wish to consult an attorney regarding your right to file a civil suit.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires one year from the date of the alleged violation.*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

If you wish to receive a copy of this file, you may place a request for public records online through our website www.oregon.gov/boli/publicrecords, or by calling 971-245-3844. There is no fee to receive a copy.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

**Date of Mailing:** January 11, 2023






## OVERVIEW OF COMPLAINT

The Defendant owes the Plaintiff a sum of money.  The Discovery of missing funds owed by the Defendant for future benefits at retirement and old-age security was delayed by concealment by Parties employed by the Defendant.

The Plaintiff's substantive evidence supports intentional concealment by the Defendant of failure to remit mandated funds.  It is suspected that this concealment and failure to remit these funds was for the purpose of denying the Plaintiff funds otherwise owed from the defendant for the Plaintiff's use at retirement upon Demand through PERS Oregon and Social Security Administration.

The Defendant also failed to remit total salary for the duration of the employment contract approved by the school district board 3/12/19 for the employment period: 7/1/19-6/30/21, denied the Plaintiff severance benefits agreed to by collective bargaining agreement upon severance from employment, and has incorrectly reported items of monetary value for computation of retirement benefits to PERS Oregon for the purpose of causing the Plaintiff an underestimate of retirement funds distributed at retirement, and otherwise owed to the Plaintiff. Similarly for FICA/OAISD benefits and has denied corrections upon express request from the Plaintiff.

Available Payroll & other Total Compensation documents from Defendant show Employer created incorrect, atypical payroll ledgers for Plaintiff's records that show incorrect format and missing employer retirement and tax remittances, & incorrect tax information, and PERS Oregon confidential annual statements typically show the wrong address was applied for sending this document to the owner, Plaintiff, and the address applied is the business address of the Defendant instead, and the 3/12/19 board approved two-year employment contract was unlawfully discontinued with full-time employment as of: 1/26/21-without just cause, due process of pretermination hearing, assistance to correct alleged issues, right to be heard, and denial of union representation.

The Defendant created a palpable, traceable hostile work environment with false accusations about the Plaintiff from 2012 -2021.  Some failure of Good Faith, workplace fairness, and who is at fault was not Discovered by the Plaintiff due to concealment by the Defendant, the total disability of the Plaintiff at the time of incident(s) and collusion with affiliated agencies including PERS Oregon over legal rights of Plaintiff.  See ERB case: FR-002-02, FDAB CA 21-01.  The Plaintiff has been subjected to a hostile work environment, lack of duty of fair representation and such good faith. The Plaintiff was unlawfully subjected to: "Paid Administrative Leave of Absence" from October 2013-January 2017,

reclaim of retirement benefits, incorrect report of salary & creditable years service to PERS Oregon, Discontinuation of retirement disability allowance due to the failure by Defendant to report an Employer's statement to PERS for ORS 238.320 disability retirement allowance determination at Periodic Review, and failure of reasonable workplace accommodation(s), and other discrimination and bias for the purpose of harassing, inconveniencing the Plaintiff and concealing the actual employment, retirement and social security benefits owed to the system on behalf of the Plaintiff from the Defendant.

The wrongful Discontinuation of the Plaintiff's employment and employment contract by the Defendant as of 1/26/21 was based on "Mental & Physical Impairment" by ORS 342.865(1)(e), and this determination and firing did not happen by lawful process, and happened 3 months after discontinuation of disability retirement allowance by PERS Oregon, 10/6/20, and ORS 238.320.

The Defendant failed to provide the Plaintiff due process, the right to be heard and Plaintiff argument, consideration of Plaintiff's evidence submitted, and denied the Plaintiff equal application of law, lawful consideration of evidence and required reasonable workplace accommodation(s), that are all prerequisite to this statutory reason by ORS 342.865 for discontinuation of employment, employment contract and right to renewal of that employment contract.

This wrongful termination was preceded by continuous tortious acts, and some unknown until July 2022 due to disability of Plaintiff, concealment by Defendant, lack of legal representation, pandemic restrictions. These breaches of contract and professional negligence stem from at least 2004-present, and possibly from the onset of hire in July 1999, based on the Defendant's actions from at least 2004 forward of failure to remit the employer's share of employee FICA/OAISD taxes and employer's PERS after-tax employer contributions from at least 2004-present on behalf of Plaintiff. These breaches of contract and professional negligence are evidence of continuous tortious acts that happened over several years and culminated in workplace harassment, retaliation in an effort to force the Plaintiff to seek employment elsewhere or take an unlawful early severance from employment, and resulted in a constructive discontinuation of employment and employment contract once the Plaintiff was on an extended medical leave of absence. The Plaintiff endured years of workplace harassment, and intentionally created hostile work environment, professional gas-lighting, calculated, regular unsubstantiated threats of discipline, termination or both and all to conceal the Defendant's fiduciary deficits owed to other affiliated agencies on behalf of the Plaintiff.

From at least 2012 forward the Defendant created allegations about the Plaintiff-citing subjective misconduct and/or malpractice by the Plaintiff but no incompetence or malpractice could be substantiated, including unsubstantiated complaint to TSPC-Teachers Standards and Practices Commission, the Plaintiff's licensing agency, but such persistent workplace harassment caused the Plaintiff medical problems, and a FMLA beginning in February 2018. In 2019 the Plaintiff initiated a return to work process with the Defendant but was never given any reinstatement, reasonable workplace accommodations, union representation or other statutory due process prior to discontinuation and contract termination 1/26/21 against local, state and federal rights of protection otherwise applicable to the Plaintiff. See: Oregon Lawsuits: SO:69974, FDAB CA 21-01, ERB case: FR-002-02, Civil case: CA: 20cv16293, Civil Case3:15-cv-01897-MO.

The Plaintiff's employment was wrongfully terminated after about 20 years, based in discrimination and concealment by the Defendant of years of failure to remit these funds owed to other Agencies on behalf of the Plaintiff. The Defendant has carried a UAL, Unfunded Actuarial Liability, to PERS Oregon of mandatory retirement funds owed to the Plaintiff at retirement from at least 2013-2019, for payments that were to start in July 1999. Payroll records show no employers share of FICA/OAISD taxes have ever been remitted from 1999-2019 on behalf of the

Plaintiff.  The Plaintiff did question payroll ledgers over the years and was not given lawful answers.  The labor union may have discovered these missing remittances in 2012 and did not represent these matters of law or inform the Plaintiff in breach of duty of fair representation but this was not Discovered by the Plaintiff until recently, and not before or during ERB case no FR 002-02.

The Defendant has incorrectly reported financial information of salary and creditable years of service which hold monetary value for the computation of the Plaintiff's retirement benefits for the purpose of reducing the payment of funds otherwise due to the Plaintiff at retirement from PERS Oregon: 1999-2023, and into the future, and also did so to deny the Plaintiff health coverage through Regence Blue Cross Account: 2018-2021, and to wrongfully claim PERS disability retirement funds against the long-term disability insurance funds through the manager-Standard Insurance Company, and to reduce FICA/OAISD payments to the Plaintiff upon Demand from Social Security Administration, and did based in reasons of of discrimination, intent to conceal and inconvenience the Plaintiff, and cause loss of funds the Plaintiff is owed upon application, and possibly reduce its debt on behalf of the Plaintiff.

The Defendant has deferred data accuracy and corrections to PERS Oregon for computation of retirement benefits and denied corrections by evidence from the

Plaintiff. Simultaneously, PERS Oregon has deferred data changes to initiation of

the Defendant and has refused to request a data verification from the Defendant

based on the Plaintiff's documentary evidence and neither agency has taken

responsibility for a cooperative relationship on behalf of the Plaintiff, and by doing

so serves to keep an underestimated retirement benefit estimate on the books that

has been determined by application of legal error, incorrect financial data and

deprives the Plaintiff of funds otherwise owed at retirement.

The Defendant and PERS system refused to complete a Periodic review by

statutory exchange of information and that intentional refusal of obligation caused

the Discontinuation of ORS 238.320-Disability Retirement Allowance then

received by the Plaintiff. This discontinuation 10/6/20 was three months prior to

the Defendant's discontinuation of the Plaintiff's employment and employment

contract 1/26/21, instead, and all within 3 months of each other.

By law, the Plaintiff was entitled to a continuation of this allowance per

ORS 238.320 disability retirement allowance, ORS 342.865(3), ORS 238.320,

ORS 12, school board policies, & federal laws but each agency denied an

obligation to collaborate on behalf of the Plaintiff for the purpose of denying the

Plaintiff retirement benefit, and possibly an attempt to force the Plaintiff into an

early retirement status and early retirement penalties to further reduce an already

underestimated retirement benefit and payments, unsuccessfully disputed because of illegal error by the Defendant and Affiliated Agencies.

By ORS 342.865-Grounds for Dismissal: (3) "Suspension or dismissal on the grounds contained in subsection(1)(e) of this section shall not disqualify the teacher involved for any of the disability benefits provided in ORS chapter 238, or any of the benefits provided in ORS 332.507 (sick leave for school employees)." See ORS 342.865 (1)(e) Physical or Mental Impairment.

Collaboration at these times for these determinations is also address in the school board policies and procedures and is explicitly stated that the system consults with and defers to the opinions of physicians for the teacher's retirement system.  By statute, the retirement system defers to the Plaintiff's treating doctors unless a separate, independent review is acquired at the initiation and expense of the system, and that was not requested or considered necessary and the Defendant deliberately reported incorrect financial information to other affiliated Agencies to reduce funds owed to the Plaintiff at retirement or disability.

The Defendant went against the recommendations of the Plaintiff's treating doctors and entitlement to reasonable workplace accommodations, to deny the Plaintiff a right to a return to work and benefits of employment, and/or a leave with pay given the Defendant denied Plaintiff contractual rights of employment and

salary without grounds for cause, due process, consideration of evidence, equal

application of law, in an effort to create an underestimate of retirement benefits

owed from the Defendant on behalf of the Plaintiff.

## REMEDY SOUGHT:

### Economic Relief:

- Equitable Relief, with allowable interest;

- Penalty per Party and Incident as provided by ORS 180.760-Civil action for
  violation, remedies, penalty;

- Per remedies by 14th Amendment Constitution of United States;

- Immediate correction of Salary reported to PERS Member Services;

- Immediate correction of reclaimed creditable years service to PERS Oregon
  for school year 2005-06;

- Remittance of Employer's share of FICA and OAISD taxes to SSA from
  7/1/99-tbd, at least May 2019, possibly 6/30/22;

- Severance Benefits by Collective Bargaining Agreement: $400 monthly
  retirement plan stipend for 60 months, health insurance for 60 months or

Seeley v. Portland Public Schools                                                    10
Overview of Complaint

Medicaid/medicare eligible; early notice bonus $1250.00 and/or total salary

from 11/1/20-6/30/22, with allowable interest;

- Recovery of costs: attorney fees, other costs: copying, filing fees, postage.

Non-economic Relief: for Pain & suffering, per ORS 180-Powers and Duties, 14th

Amendment, Rehabilitation Act of 1973, ADA; ORS 180.760, to maximum

allowed by law;

Equitable Tolling: per 180.760-Time Computation, other rules;


*[signature]*

Theresa M. Seeley, Plaintiff, Pro Se


1,852 Words, Times New Roman, 14 Font

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

# UNITED STATES DISTRICT COURT
### for the
9the _____ District of Oregon

_____ Division

|  |  |
|---|---|
| Theresa M. Seeley _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint.* <br> *If the names of all the plaintiffs cannot fit in the space above,* <br> *please write "see attached" in the space and attach an additional* <br> *page with the full list of names.)* <br> -v- <br><br> Portland Public School & Guadalupe <br> Guevvero, Edith Loury, Ondra Matthews, <br> Regina Hein, Genevieve Rough, Sean Murray <br> James Young _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the* <br> *names of all the defendants cannot fit in the space above, please* <br> *write "see attached" in the space and attach an additional page* <br> *with the full list of names.)* | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial:  *(check one)*  ☒ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
### (28 U.S.C. § 1332; Diversity of Citizenship)

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                Theresa Seeley
Street Address      7025 NE Davis St
City and County     Portland, Multnomah
State and Zip Code  OR    97213
Telephone Number    971-252-0875
E-mail Address      free yoga 2015@gmail.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

Defendant No. 1

Name                             Guadalupe Guerrero, a citizen of the USA
Job or Title *(if known)*        Superintendent
Street Address                   501 N Dixon St
City and County                  Portland, Multnomah
State and Zip Code               OR   97229
Telephone Number                 503-916-2000
E-mail Address *(if known)*

Defendant No. 2

Name                             Eidilth Lawny, A citizen of the United State
Job or Title *(if known)*        School District Board Chiir
Street Address                   501 N. Dixon St.
City and County                  Portland, Multnomah
State and Zip Code               OR   97229
Telephone Number                 503 916-2000
E-mail Address *(if known)*

Defendant No. 3

Name                             Ondra Matthews, A citizen of the Unital Sta
Job or Title *(if known)*        Payroll Specialist
Street Address                   501 N. Dixon St.
City and County                  Portland, Multnomah
State and Zip Code               OR   97229
Telephone Number                 503 916-2000
E-mail Address *(if known)*

Defendant No. 4

Name                             Legina Hein, A citizen of the United Stat
Job or Title *(if known)*        HR
Street Address                   501 N. Dixon St.
City and County                  Portland, Multnomah
State and Zip Code               OR   97229
Telephone Number                 503-916-2000
E-mail Address *(if known)*

Genevieve Rough, A citizen of the United Sta
HR
501 N. Dixon
Portland, Multnomah, OR 97229

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A.  The Plaintiff(s)

1. If the plaintiff is an individual

   The plaintiff, *(name)* Theresa Seeley , is a citizen of the State of *(name)* Oregon .

2. If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____

   and has its principal place of business in the State of *(name)*

   _____

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.  The Defendant(s)

1. If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____

2. If the defendant is a corporation

   The defendant, *(name)* Portland Public Schools , is incorporated under the laws of the State of *(name)* Oregon , and has its principal place of business in the State of *(name)* Oregon .

   Or is incorporated under the laws of *(foreign nation)* NA ,

   and has its principal place of business in *(name)* NA .

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*: Missing for remittance from employer & falsitication of salary for lost pension benefits caused loss of about: #323,324. lost wages & 250,000, lost severance benefits $85,200 +

Page 3 of 5

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

III.    **Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

On *(date)* 4-26-22, 6/16/22, Retirement Data Verification; 6-30-22 Failure to remit FICA taxes; UAL w/ PERS 1-26-21, at *(place)* Private closed to public board meeting,

the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances because *(describe the acts or failures to act and why they were negligent)* the process denied me right to approach the board, the dismissal + non-extension was not substantiated by due process of negative performance evaluations or failed ADA accommodations, no accommodations were tried & my work performance was acceptable; this follows a lawsuit for retaliation + discovery this employer remitted zero FICA/OASI taxes or pension funds for me.

The acts or omissions caused or contributed to the cause of the plaintiff's injuries by *(explain)* Failure to remit employer's share of pension funds + data errors, reduces pension to date, by $323,324, + about $2000 monthly; future loss of FICA- social security + medicaid/ medicare-TBD; loss of wages past & future, healthcare, dental/vision, future employment

IV.    **Relief** Specific Performance, Money Action on Contract-Labor, Pension, Federal Tax Payments; Noneconomic Damages: Disability Discrimination, Retaliation, Harrassment, Failure of Good Faith

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Actual loss of employment benefits 7/1/19 - 6/30/21 of not less than $250,000; severance benefits from date of discontinuation 1-26-21 of by Collective Bargaining Agreement: Pension stipend, notice bonus, health insurance coverage for 60 months; remittance of all UAL funds, unfunded actuarial liability owed to pension manager to fund retirement payments owed to me at retirement and correction of Data reported to the pension fund manager for Salary, Study leave salary provided 2005-06; remittance of FICA-OASDI/medicaid-...taxes...

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            1 / 18 / 2023

Signature of Plaintiff

Printed Name of Plaintiff        Theresa M. Seeley

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT

for the

9the District of Oregon

3rd Division

Theresa Seeley
_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Portland Public Schools,
School Board + Parties

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑Yes   ☐No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name        Theresa Seeley
Address     7025 NE Davis St
            Portland        OR        97213
                    *City*          *State*      *Zip Code*
County      Multnomah
Telephone Number    971-252-0875
E-Mail Address      treeyoga 2015 @gmail.com

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
    Name                        Eilidh Lowry
    Job or Title *(if known)*    School Board Chair
    Address                     501  N. Dixon St.
                                Portland      OR        97213
                                    *City*        *State*    *Zip Code*
    County                      Multnomah
    Telephone Number            503 916-2000
    E-Mail Address *(if known)*

    [X] Individual capacity    [X] Official capacity

Defendant No. 2
    Name                        Guadalupe Guerrero
    Job or Title *(if known)*    Superintendent
    Address                     501  N. Dixon St.
                                Portland      OR        97213
                                    *City*        *State*    *Zip Code*
    County                      Multnomah
    Telephone Number            503-916-2000
    E-Mail Address *(if known)*

    [X] Individual capacity    [X] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

> Name          Regina Hein
>
> Job or Title *(if known)*    Human Resources
>
> Address        501 N. Dixon St.
>
> Portland    OR    97213
>
> City    State    Zip Code
>
> County        Multnomah
>
> Telephone Number    503 916-3152
>
> E-Mail Address *(if known)*

☒ Individual capacity   ☒ Official capacity

Defendant No. 4

> Name          Genevieve. Rough
>
> Job or Title *(if known)*    Human Resources
>
> Address        501 N. Dixon
>
> Portland    OR    97213
>
> City    State    Zip Code
>
> County        Multnomah
>
> Telephone Number    503-916-3152
>
> E-Mail Address *(if known)*

☒ Individual capacity   ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
14th Amendment rights - deprivation of life, liberty & property without due process for termination based on disability, failure of ADA accommodation at work; Employment discrimination based on disability, age, marital status, family status; whistleblowing, contract breach, pension fraud, tax fraud

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. The parties denied me due process; The Superintendent, Board Chair are obligated to fair dismissal laws & did not have failed due process of poor performance evaluations, unsuccessful accomodations & Legina Hein, Genevieve Rough Guerrero & Lowry recommended dismissal based on disability without proof of Due Process, poor perform ance that can't be remediated in the Workplac

III.    **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur? ① 3/12/19 the (2-year employ ment contract was renewed; The Petitioner attempted reinstate ment 6/2019-1/28/21 with union representatives seeking ADA accomodations, Legina Hein, Genevieve Rough, Galen Waldrep, Ondria Matthews refused meetings for ADA accomodations, reinstatement, without due process.

B. What date and approximate time did the events giving rise to your claim(s) occur? June 19, 2019, July 2019, 12/22/20, 3/18/20, 4/1/20, July—2020; 12.22.20, 1-26-21, 1-28-21;

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Following civil case 2015 I returned to work January 2017 for same employer, and assigned to a hostile administrator, work-related stress from a hostile work environment caused medical leave for mental/physical disability of stress, depression, sleep disorders. The employee would not reinstate me following the medical leave with or without reasonable accomodations, and I had an active employment contract through 6/30/21 & the employer would not attempt reinstatement & fired me without due process or just cause on 1/26/21. Recently learned this employer has not

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.

Loss of employment, lost future employment, lost
wages, lost employment benefits, loss of
tangible employment benefits: contract
renewal, loss of health insurance, retirement
benefits & retirement incentives; This
employer has failed to correct retirement
information to Oregon PERS & the incorrect
information has reduced my retirement
benefits by about $323,324.00 & lost
wages of about $250,000. & noneconomic
damages – maximum allowed for health

## V.    Relief

deterioration, loss of esteem, employment.

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged.  Explain the basis for these claims. Back + future wages &
noneconomic damages; retirement severance
by collective bargaining agreement; correction
to Data reported to PERS for: salary, creditable
years service, POOG, OG; penalty to offending
parties; costs, attorney fees; payment of
overdue FICA/OASDI taxes on my behalf;
PERS employer UAL to my accounts 1999-2021;
Refund of $147.00 insurance premium refund;
debt claim _____ paid for the _____
& _____

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  1/18/23

Signature of Plaintiff

Printed Name of Plaintiff    Theresa M Seeley

### B.    For Attorneys

Date of signing:  N/A

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City                State        Zip Code

Telephone Number

E-mail Address

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

# UNITED STATES DISTRICT COURT

### for the

### District of Oregon

_____ Division

| | | |
|---|---|---|
| Theresa Seeley | ) | Case No. _____ |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| Portland Public Schools-Multnomah County ESD | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE ALLEGING THAT THE DEFENDANT OWES PLAINTIFF A SUM OF MONEY
### (28 U.S.C. § 1332; Diversity of Citizenship)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Theresa Seeley |
| Street Address | 7025 NE Davis Street |
| City and County | Portland Multnomah |
| State and Zip Code | OR 97213 |
| Telephone Number | 971-252-0875 |
| E-mail Address | treeyoga2015@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

Defendant No. 1

    Name                 Portland Public Schools, School Distritct Board

    Job or Title *(if known)*   Employer

    Street Address       501 N. Dixon Street

    City and County     Portland Multnomah

    State and Zip Code   Oregon 97229

    Telephone Number    503-916-2000

    E-mail Address *(if known)*

Defendant No. 2

    Name                 Attorney General-Ellen Rosenblum

    Job or Title *(if known)*

    Street Address       1162 Court Street NE

    City and County     Salem, Marion

    State and Zip Code   OR 97301-4096

    Telephone Number    503-378-4400

    E-mail Address *(if known)*

Defendant No. 3

    Name

*See Breach of contract 2 Civil Rights Parties*

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.  In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.  Explain how these jurisdictional requirements have been met.

### A.    The Plaintiff(s)

1.    If the plaintiff is an individual

The plaintiff, *(name)*    Theresa Seeley    , is a citizen of the

State of *(name)*    Oregon    .

2.    If the plaintiff is a corporation

The plaintiff, *(name)*    ,    , is incorporated

under the laws of the State of *(name)*    ,

and has its principal place of business in the State of *(name)*

.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.    The Defendant(s)

1.    If the defendant is an individual

The defendant,  *(name)*    , is a citizen of

the State of *(name)*    . Or is a citizen of

*(foreign nation)*    .

2.    If the defendant is a corporation

The defendant,  *(name)*   Portland Public Schools-Multnomah ESD    , is incorporated under

the laws of the State of *(name)*   OREGON    , and has its

principal place of business in the State of *(name)*    OREGON    .

Or is incorporated under the laws of *(foreign nation)*    ,

and has its principal place of business in *(name)*    .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$323,324.00 unremitted pension funds caused by data errors reported by Portland Public Schools; $238,867.50 unremitted employment benefits 7/1/19-present-$190,867.50 unremitted compensation; $48,000 unremitted retirement severance bonuses 1/26/21-term of bonuses (60 months),

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The defendant, *(name)* Portland Public Schools                        , owes the plaintiff *(specify the*

*amount)* $        565,192.00 , because *(use one or more of the following, as appropriate)*:

### A.    On a Promissory Note

On *(date)*        03/12/2019        , the defendant signed and delivered a note promising to pay the plaintiff

on *(date)*        07/01/2019        the sum of *(specify the amount)* $        127,245.00 with interest at the rate

of *(specify the amount)*                        percent. The defendant has not paid the amount due and owes

*(state the amount of unpaid principal and interest)* $                        . A copy of the note is attached as an

exhibit or is summarized below. *(Attach the note or summarize what the document says.)*
employment contract renewed for two-year cycle as of 7/1/19-6/30/21, with promise of renewal unless discontinued by lawful reason.

### B.    On an Account Between the Parties

The defendant owes the plaintiff *(specify the amount)* $        562,339.00 . This debt arises from an

account between the parties, based on *(state the basis, such as an agreement between a credit–card company and a*

*credit–card holder)*
Employment contract 7/1/19-6/30/22 not less than $190,867.50; incorrect data reported to retirement fund manager and loss of pension funds to date not less than $322,324.00; loss of retirement severance bonuses by collective bargaining agreement: not less than $48,000 (health insurance and stipend for 60 months); bad check remitted for $147.00 for dental insurance premium overpayment  noneconomic damages and penalty per incident not less than $500,000.00

The plaintiff sent the defendant a statement of the account listing the transactions over a certain period

and showing the bills sent, the payments received or credits approved, and the balance due. The

defendant owes *(specify the amount)* $        562,339.00 . Copies of the bills or account statements are

attached as exhibits or summarized below. *(Attach the statements or summarize what they say.)*

Portland Public Schools Annual Compensation Statements, PERS benefit estimates 8/31/18, 2/3/22, contract approval 3/12/19 Portland Public Schools School Board Meeting; statutes defining salary for computation of retirement benefits state: wages and other items of monetary value considered "salary" and includes salary but other items of monetary value, wrongful termination notice 1/28/21; controlling statutes: ORS 238.005, 238.008, OAR 459.

Pro Se 6 (Rev. 12/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

C.  **For Goods Sold and Delivered**

The defendant owes the plaintiff *(specify the amount)* $ _____ , for goods sold and delivered

by the plaintiff to the defendant from *(date)* _____ to *(date)* _____ .

D.  **For Money Loaned**

The defendant owes the plaintiff *(specify the amount)* $ _____ , for money the plaintiff loaned

the defendant on *(date)* _____ .

E.  **For Money Paid by Mistake**

The defendant owes the plaintiff *(specify the amount)* $ _____ 147.00 for money paid by mistake to

the defendant on *(date)* ____ 07/01/2020 ____ , when the defendant received the payment from *(specify who*

*paid and describe the circumstances of the payment)*
insurance premium advance dental payments remitted for cancellation of dental insurance and is
overpayment at time of discontinuation of coverage.  The employer remitted a check past the date on the
check and would not remit payment with current check.

F.  **For Money Had and Received**

The defendant was paid money *(specify the amount)* $ _____ 147.00 on *(date)* ____ 07/01/2020 ____ by

*(identify who paid and describe the circumstances of the payment)*
Plaintiff paid dental insurance premium that employer cancelled with funds not applied and mailed refund
in excess of 90 days and check was not good by date posted to plaintiff, and employer refused to remit
corrected refund check.

It is unjust for the defendant not to pay the plaintiff the money received because *(explain the reason, such as*

*that the money was intended to be paid to the plaintiff, or was paid by coercion, duress, or fraud, or was an overpayment or a*

*deposit to be returned)*
The premium was for future benefits that did not happen because the policy was cancelled at the
employer's discretion.

IV.  **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

Actual wages lost: 7/1/19-6/30/22 $190,267.50; retirement bonuses by collective bargaining agreement: health insurance, monthly pension stipend, notice bonus of not less than $48,000, corrections to data reported to PERS for "salary", creditable years service, and recovery of underpayment caused by incorect data reported for computation of pension benefits of not less than $323,324.00; 100% remittance of UAL to PERS Oregon and 100% remittance of employer's share of FICA taxes to social security administration, and noneconomic damages for wrongful termination, retaliation, pension and social security fraud, harassment, emtional pain and suffering loss of health, employment, status, self-esteem.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    1/18/23

Signature of Plaintiff

Printed Name of Plaintiff    Theresa Seeley

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# UNITED STATES DISTRICT COURT
### for the
9thc District of Oregon

_____ Division

Theresa Seeley

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Portland Public Schools & Parties

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |
| E-Mail Address | | | |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | | | |
| Job or Title *(if known)* | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity   ☐ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | | | |
| Job or Title *(if known)* | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity   ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

    Name                        _____

    Job or Title *(if known)*    _____

    Address                   _____

                                  *City*          *State*      *Zip Code*

    County

    Telephone Number      _____

    E-Mail Address *(if known)*

    ☐ Individual capacity      ☐ Official capacity

Defendant No. 4

    Name                        _____

    Job or Title *(if known)*    _____

    Address                   _____

                                    *City*          *State*      *Zip Code*

    County

    Telephone Number      _____

    E-Mail Address *(if known)*

    ☐ Individual capacity      ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? Discrimination based in age, disability, sex, marital status, family status, Pension Act, ADA accommodations, workplace fairness, employment discrimination; workplace fairness violations;

ORS 184.755, Pension Protection Act

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.
Failure of due process, violation of workplace fairness and cooperative procurement for management of pension funds, contract breach and negligence by ORS 659A, Pension Protection Act, right to accommodation by ADA 1990, Section 504 Rehabilitation Act

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?
Portland Public Schools, PERS Oregon Member Services; possibly Northwest Regional ESD, because 11/29/22 notice was sent of earnings reported by NWRESD that is not true andthis notice, sent certified was to "inform me of a threat" to current pension payments, and it is false and a threat, act of coercion, because the data is fabricated and there is currently no cap on earnings for retirees.  There was no cause to send this except as a threat to my current payments.

B.     What date and approximate time did the events giving rise to your claim(s) occur?
Payroll records 2004-2012 show no employer PERS remittances or FICA tax remittances; and 7/1/13 employer PERS contributions begin, with a UAL, not FICA tax though, and a UAL occurred each pay period 7/1/13 through 5/1/2019, when all unpaid balances are to be brought current within a remittance cycle, and the system did not hold the employer to this statutory requirement and enforcement; and likely undervalued  data and failed to cooperate with the other on my behalf in effort to forgive undisputed lower value of factors applied to computation of benefits, to my disadvantage and

C.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*
My employer targetted me based on protected characteristics; failed to process discontinuation of employment and employment contract by statutory due process; colluded to fabricate items of monetary value to pension fund manager to avoid reporting correct value of "salary" and "creditable years service" to my financial loss, in effort to have less owed at retirement because this employer maintained a UAL, unfunded actuarial liability toward money due for funding payments at retirement, and maintained a debt to my funds for over 6 years, against statutory requirements to remit regularly, aligned with pay schedule, to my economic and nonecomonic damages.

IV.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.
Sleep apnea, chronic pain, untreatable anxiety, depression, sleep disturbances; escalated arthritis, worsening
health.

V.    **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged.  Explain the basis for these claims.
Monetary equivalent of lost compensation due to wrongful termination; correction to pension fund administrator,
penalty to individuals for breach of pension fund contract, employment contract, failure of good faith,
harassment, retaliation, targetting, pension and tax fraud, noneconomic losses, not less than: $562,192.00.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      1 - 19 - 23

Signature of Plaintiff

Printed Name of Plaintiff      Theresa Seeley

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.



Date of signing:        1/18/2023

Signature of Plaintiff

Printed Name of Plaintiff      Theresa M. Seeley

### B.      For Attorneys

Date of signing:        _____

Signature of Attorney      _____

Printed Name of Attorney      _____

Bar Number      _____

Name of Law Firm      _____

Street Address      _____

State and Zip Code      _____

Telephone Number      _____

E-mail Address      _____

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

# UNITED STATES DISTRICT COURT

for the

District of Oregon

_____ Division

Theresa Seeley

)
)
_____  )
*Plaintiff(s)*  )
*(Write the full name of each plaintiff who is filing this complaint.*  )
*If the names of all the plaintiffs cannot fit in the space above,*  )
*please write "see attached" in the space and attach an additional*  )
*page with the full list of names.)*  )
**-v-**  )
)
Portland Public Schools, Agency  )
Respondent-Employer; ~~Northwest Regional ESD,~~  )
~~Agency-Employer-Public Employees Retirement~~  )
~~System PERS Pension Fund Manager~~ & Parties )
)
_____  )
*Defendant(s)*  )
*(Write the full name of each defendant who is being sued. If the*  )
*names of all the defendants cannot fit in the space above, please*  )
*write "see attached" in the space and attach an additional page*  )
*with the full list of names.)*  )

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Theresa Seeley |
| Street Address | 7025 NE Davis Street |
| City and County | Portland USA |
| State and Zip Code | OR 97213 |
| Telephone Number | 971-252-0875 |
| E-mail Address | |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

**Defendant No. 1**

| | |
|---|---|
| Name | Portland Public Schools, SD NO. 1-Multnomah County ESD |
| Job or Title *(if known)* | School District Employer, PERS #3818 |
| Street Address | 501 N. Dixon Street |
| City and County | Portland Multnomah |
| State and Zip Code | OR 97213 |
| Telephone Number | 503-916-2000 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | ~~Oregon PERS~~ |
| Job or Title *(if known)* | ~~Pension Fund Manager~~ |
| Street Address | ~~11410 SW 68th Parkway~~ |
| City and County | ~~Portland  Multnomah~~ |
| State and Zip Code | ~~OR 97223~~ |
| Telephone Number | ~~888-320-7377~~ |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | Attorney General Ellen Rosenblum |
| Job or Title *(if known)* | 1162 Court St NE |
| Street Address | Salem, Marion |
| City and County | Oregon 97301 - 4096 |
| State and Zip Code | |
| Telephone Number | 503-378-4400 |
| E-mail Address *(if known)* | |

**Defendant No. 4**        See Parties: Contract Breach & Civil Rts Violations

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C.     Place of Employment**

The address at which I am employed or was employed by the defendant(s) is

| | |
|---|---|
| Name | Portland Public Schools SD No. 1 |
| Street Address | 501 N. Dixon Street |
| City and County | Portland, Multnomah |
| State and Zip Code | OR 97229 |
| Telephone Number | 503-916-2000 |

## II.     Basis for Jurisdiction

This action is brought pursuant to *(check all that apply)*:

☑ Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 to 209.

☑ Relevant state law

☑ Relevant city or county law

## III.     Statement of Claim

State as briefly as possible the facts of your case. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Nature of employer's business:
This employer failed to correctly report data applied to pension benefit determinations to PERS, and incorrectly reported a lower value for "salary" as it relates to ORS 238, 238.005, 238.008, OAR 459 for computation of retirement benefits, failed to correctly report beginning and ending of employment, failed to correctly report creditable years service, and other matters of law that served to reduce my monthly pension payments by about $2000/month, total balances, lump sum payments; and the agency failed to

B.     Dates of employment:
July 1999–January 2021-employer's share of pension funds and FICA taxes;7/ 2019-present failure to 6/30/2021 failure to pay wages and other benefits of employement by employment contract, collective bargaining agreeement, pension fund laws;

C.     Employee's job title and a description of the kind of work done:
School Psychologist-special education services to enrolled students within its service area.

D.     Rate, method, and frequency of wage payment:

monthly

E.     Number of hours actually worked each week in which a violation is claimed:
       40

F.     Description of the alleged violation(s) *(check all that apply)*:

       ☐     Failure to pay the minimum wage *(explain)*

       ☐     Failure to pay required overtime *(explain)*

       ☑     Other violation(s) *(explain)*
             Failure to remit employer contribution of pension funds & FICA taxes 1999-2021 on my
             behalf; failure to pay wages and other items of monetary value on employment contract
             7/1/19-6/30/21, failure to pay severance benefits by collective bargaining agreement
             1/26/21-present; wrongful termnation 1/26/21 based in discrimination for age, whistleblowing,
             disability, marital status, family status, sex, retaliation, pension act violations, coercion, failure
             to accommodate

G.     Date(s) of the alleged violation(s):
       July 1999-present; the employer maintained a UAL to pension fund accounts and failed to remit required
       contributions 2004-2012 and carried a UAL for over 6 years by show of payroll ledgers, and that has
       reduced the benefit estimates generated by the system on my behalf, and likely is cause for "errors" of
       monetary value applied to compution factors: salary, creditable years service, total account balance,
       computation method applied, failure to apply all interest earnings 2019, 2020, 2021, 2022 to account
       balances, lump sum payments otherwise due to me at retirement discovered in benefit estimates from

H.     Additional facts:
       This employer failed to pay on employment contract, terminated me without due process or just cause,
       did not have evidence by performance evaluations or failed accommodations to cause discontinuation of
       employment and employment contract.  The employer refused to correct data errors on my behalf with
       PERS in further abuse of power, retaliation, discrimination, contract breach and Pension Act Violations,
       SSA Tax violations, and by wrongful termination to further conceal these missing remittances.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Economic damages equal to actual loss; Corrected Data of "salary" to PERS Oregon for computation of retirement benefits per Portland Public Schools Annual Compensation Statement, payment of 100% employer UAL-unfunded actuarual liability owed to PERS accounts in my name 1999 through 6/30/21; 100% lost wages for failure to pay contract 7/1/19-6/30/21, wages for wrongful termination, 7/1/21-6/30/22, severance benefits by collective bargaining agreement: stipend for notice of retirement, 60 months of monthly PERS payment bonus, health insurance; correction to creditable years service reported for 1999-2000, 2005-06, clarification and correction of CBA "Study Leave" language; noneconomic damages for emotional pain and suffering, loss of livelihood, loss of freedoms and benefits of employment, low of self-esteem, loss of health: economic loss of employment benefits, pensionf funds, severance benefits not less than $500,000, noneconomic damages and penalty to be determined, but request maximum allowed by law.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/18/23

Signature of Plaintiff

Printed Name of Plaintiff     Theresa M. Seeley

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code                    NA

Telephone Number

E-mail Address

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

_____ District of _Oregon_

_____ Division

| | |
|---|---|
| Theresa Seeley<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)*<br>-v-<br><br>Portland Public Schools & Parties:<br>Gaudalope Guerrero, Eidith Lowry,<br>Leginatlein, Genevieve Rough, Sean<br>Murray, Gaken Defendant(s) Waldrep, James Young,<br>*(Write the full name of each defendant who is being sued. If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names.)* Ondra Matthews | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☑Yes ☐No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | see previous complaints |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name                         *See previous Complaints*

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                         SAA

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name                         SAA

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name                         SAA

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☒ Termination of my employment.

☐ Failure to promote me.

☒ Failure to accommodate my disability.

☒ Unequal terms and conditions of my employment.

☒ Retaliation.

☒ Other acts *(specify)*:   Incorrect "Salary" reported to retirement system
*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*
of "net" wages when "gross" salary is required;
deliberate incorrect underestimate of salary to PERS or

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
1/26/21; 7/1/13 - 5/31/19; 6/19/19; February 2023; 10/31/20; 5/2019

C.    I believe that defendant(s) *(check one)*:

☒ is/are still committing these acts against me.

☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race _____

☐ color _____

☒ gender/sex _____

☐ religion _____

☐ national origin _____

☒ age *(year of birth)*   1964   *(only when asserting a claim of age discrimination.)*

☒ disability or perceived disability *(specify disability)* .
ORS 342865(1)(e)(3); ORS 238.320; by "Mental & Physical Impairment

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Portland Public Schools |
| Street Address | 501 N. Dixon St. |
| City and County | Portland, OR 97227 |
| State and Zip Code | 503-916-2000 |
| Telephone Number | |

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*: Rehabilitation Act of 1973, EASA 1967, Title 28 - disability discrimination by state & local government services, 29 USC Code 2614 Employment & Benefits Protection;

☒    Relevant state law *(specify, if known)*: 42 USC 1986, Action for Neglect to Prevent... ORS 659A.885, 342.865, 659A.171

☒    Relevant city or county law *(specify, if known)*: Exec. Order EO 93-05, - Harassment & Discrimination Free Workplace

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct

on *(date)* 2|8|23 OCR Ref No: 10231127
9|2|20 : EEOC 38D-2020-00358&8 Case: AGEMA6200129-10|00
[incident:200704-000064); 5|14|2020 Inquiry No. 551-2020-
00 8|4

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)* BOLI : 1|N|23

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. correction to salary reported to PERS Oregon for computation of retirement benefits of "Total Compensation", not Actual wages earned" Causing financial loss of not less than: 300,000 & into the future: TBD Salary 7/1/19-6/30/2022- contract period per board action: 3/12/19 plus to projected retirement date of not less than $250,000; severance benefits by collective bargaining agreement of not less than: $6,250.00; correction of creditable years service school year 2005-

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    3 | 14 | 23

Signature of Plaintiff    _Tell Seeley_

Printed Name of Plaintiff    Theresa M. Seeley

### B.    For Attorneys

Date of signing:    N A

Signature of Attorney    Pro Se

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

_____ District of Oregon

_____ Division

Theresa Seeley

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Portland Public Schools & Parties;
Guadulope Guerroro, Eidi th Lowry,
Leaina Hein, Gentevieve Rough, Sean
Murray, Galen Waldrep, James Young
*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)* Ondra Matthews

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | see previous complaints |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name                  *See previous Complaints*

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                  SAA

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name                  SAA

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name                  SAA

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☒ Termination of my employment.

☐ Failure to promote me.

☒ Failure to accommodate my disability.

☒ Unequal terms and conditions of my employment.

☒ Retaliation.

☒ Other acts *(specify)*: Incorrect "salary" reported to retirement system

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)* of "net" wages when "gross" salary is required; deliberate incorrect underestimate of salary to PERS

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)  1/26/21; 7/1/13 - 5/31/19; 6/19/19; February 2023; 10/31/20; 5/2019

C.    I believe that defendant(s) *(check one)*:

☒ is/are still committing these acts against me.

☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race _____

☐ color _____

☒ gender/sex _____

☐ religion _____

☐ national origin _____

☒ age *(year of birth)* 1964 *(only when asserting a claim of age discrimination.)*

☒ disability or perceived disability *(specify disability)* . ORS 342.865(1)(e)(3); ORS 238.320; by "Mental & Physical Impairme

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C.      **Place of Employment**

        The address at which I sought employment or was employed by the defendant(s) is

        Name              Portland Public Schools
        Street Address    501 N. Dixon St.
        City and County   Portland, OR 97227
        State and Zip Code  503-916-2000
        Telephone Number

II.     **Basis for Jurisdiction**

        This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒       Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race,
        color, gender, religion, national origin).

        *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a
        Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒       Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

        *(Note:  In order to bring suit in federal district court under the Age Discrimination in
        Employment Act, you must first file a charge with the Equal Employment Opportunity
        Commission.)*

☒       Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

        *(Note:  In order to bring suit in federal district court under the Americans with Disabilities
        Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment
        Opportunity Commission.)*

☒       Other federal law *(specify the federal law)*: Rehabilitation Act of 1973, EASA 1967,
        Title 28- disability discrimination by state & local government service
        29 USC Code 2614 Employment & Benefits Protection;

☒       Relevant state law *(specify, if known)*: 42 USC 1986, Action for Neglect to Prevent...
        ORS 659A.885, 342.865, 659A.171

☒       Relevant city or county law *(specify, if known)*:
        Exec. Order EO 93-05, Harassment & Discrimination Free
        Workplace.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
2/8/23 OCR Ref No: 10231127
9/2/20: EEOC 38D-2020-00358**68** Case: AGEM/6200129-10)0C
[incident:200704-000064); 5/14/2020 Inquiry No. 551-2020-

B.  The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* BOLI : 1/11/23

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. correction to salary reported to PERS Oregon for compensation of retirement benefits of "Total Compensation, not Actual wages earned", causing financial loss of not less than: 300,009 & into the future: TBD. Salary 7/1/19-6/30/2022- contract period per board action: 3/12/19 plus to projected retirement date of not less than $250,000; severance benefits by collective bargaining agreement of not less than: $(6)1,250.000; correction

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        3|14|23

Signature of Plaintiff

Printed Name of Plaintiff        Theresa M. Seeley

### B.   For Attorneys

Date of signing:        N A

Signature of Attorney        Pro Se

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## EXHIBITS

1. Portland Public Schools Annual Compensation Statements-"PPS-ACS" 2010-2019: "actual wages earned" was incorrectly reported as "salary" to PERS Member Services for computation of pension benefits 8/31/18, 2/3/22, Accrual: 5/13/19, 6/21/22, when "total compensation" meets requirement for "salary" as provided by: ORS 238.005, 238.008, 238.300, 238.320, OAR 459-005-0001, PERS Publication: Final Average Salary, Chapter 238 Subject Salary: TIER One, TIER Two, OPSRP. (Exhibits: see #1 2014-2019;

2. ORS 238.005 Definitions: (2)(6)(9)(a)(b)(12)(15)(16)(17)(a)(18)(21)(22)(23)(26)(a)(b)-(A)(B)(C)(27)(28)(30);

3. ORS 238.008 Computation of salary: (1)(2)(3): 8/31/18, 2/3/22 underestimate of salary for retirement benefit estimates and payments; reclaim of 12 months of creditable year service school year 2005-06;

4. OAR 459-001-0005-Definitions:(2)(8)(15)(18)(25)(30)(b)(A)-(B)(33);

5. ORS 238.320 –Disability Retirement Allowance(1)(b)(B);

6.  ORS 238.300-General Service Retirement
    Allowance(1)(2)(a)(b)(B)(b)(A);

7.  <u>PERS PUBLICATION: Final Average Salary:</u> "Tier One Members":
    "If you are a TIER One Member your monthly final average salary
    (FAS) will be the greater of these amounts (1) your average gross
    salary or adjusted total gross earned over the three calendar
    years in which you received the largest total salary from one or
    more PERS-participating employers, even if one of those years
    was less than a full calendar year or (2) your total gross salary or
    adjusted total gross earned over the last 36 months divided by the
    actual number of calendar months of active service within that
    36-month period.";

8.  <u>Documentary Evidence:</u> PERS Publication: <u>Oregon PERS: Chapter
    238 Tier One/Tier Two and OPSRP Pension Program Payment
    Categories:</u> from PERS Employer Reporting Manual: "This chart is
    provided to assist employers in identifying types of payments that
    are considered subject salary for Chapter 238 TIER One/Tier Two
    and OPSRP Pension program members, Subject Salary is used to
    determine member IAP account contributions, employer
    contributions and, with some exceptions, to determine the "final

average salary" (FAS) factor used in Tier One/Tier Two benefit

and OPSRP Pension benefit calculations.  This chart is a guide and

is NOT ALL-INCLUSIVE.", see Cafeteria Plan, Employer Paid,

Employee Paid, Retroactive Pay, Back Pay, Collective Bargaining

Agreement;

9.       FEBRUARY 3, 2022 Retirement Benefit Estimate: based on

"actual wages earned" net, not gross, "total compensation" of PPS-

ACS;

10.      AUGUST 31, 2018 Retirement Benefit Estimate: based on

"actual wages earned" net salary, not gross salary or  "total

compensation" by PPS-ACS;

11.      EMPLOYER DOCUMENT: PAYROLL LEDGER: examples:

9/30/04, 2012, 2013, 2019 ALL are missing remittances of

Employer's share of: FICA & OAISD taxes, and PERS after-tax

contributions, and these monthly payroll ledgers differ from PPS-

ACS-Portland Public Schools Annual Compensation Statement for

the same year (see 1);

12.      Documentary Evidence: 7/12/22 Plaintiff Document: Letter

to Defendant-request for employer remittance of employer's

share of FICA/OAISD tax remittance to SSA on behalf of Plaintiff.;

13.     Employer Document: Plaintiff Contract Renewal 3/12/19

for 7/1/19-6/30/21, by school district board-Index to minutes-

Personnel 5842 Contract extension for teachers (page 1),

resolution no. 5842 Contract extension for teachers shows

Theresa Seeley page 3, ;

14.     Employer Document: Discontinuation Notice June 12, 2019:

proposed "non-disciplinary medical termination";

15.     7/16/19 Union Appointed Attorney-Noah Barish, McKanna

Bishop, Joffe-Request for ADA interactive Process;

16.     Employer Document: PPS Employer July 20, 2020 Proposed

non-disciplinary medical termination;

17.     Employer Document: Discontinuation Notice: December 22,

2020;

18.     Employer Document: 1/28/21-Notice of Discontinuation of

Employment & Employment Contract: effective: 1/26/21;

19.     Documentary Evidence: Employer Email to Plaintiff:

12/13/19-denial of information exchange with PERS Oregon: "On

Fri, Dec 13, 2019, 10:58 AM Legina Heinlhein@pps.net wrote:"

"Theresa, I am in receipt of the PERS' disability approval letter

that you sent to Sara at the Trust's office.  Based on this

confirmation, you continue to be eligible for the waiver of

premium through Trust." Last sentence: "If your disability status

changes with PERS, please let either Sara or me know.", last

paragraph, "I have asked Sara to retroactively change your health

care coverage status so that you do not have a gap in eligibility.

This may take a few weeks to be updated at Regence.";email to

PPS manager for Return to Work Trial, who in directly denies

PERS cooperative relationship in reply;

20.      Documentary evidence: 7/1/20 Plaintiff Email to Defendant:

Interference with application of law, evidence, correct data and

receipt of health insurance benefits, retirement benefits by ORS

238.320-disability retirement allowance;

21.      Documentary Evidence: 1/16/20 Plaintiff Letter to

Defendant – return to work with reasonable workplace

accommodations following FMLA;

22.      Employer Document: PPS Employer: Letter: March 18,

2020-Denial of Request for Return to Work, Return to Work Trial,

denied, job openings and reasonable workplace accommodations,

& denies cooperative relationship with PERS Oregon: paragraph 3:

"As we discussed during our meeting, PERS Disability is separate from Portland Public Schools.";

23.  Documentary Evidence: 3/30/20 Plaintiff Grievances PPS – failure of duty of fair representation, good ,effort to resolve several lawful matters of fair dismissal, pension reporting, ADA accommodations, Return to Work from an approved FMLA;

24.  Documentary Evidence: 4/1/20 Employer Document: Letter-Denial of Request for ADA accommodation, any/all appointments, jobs applications;

25.

26.  Documentary Evidence: 11/30/18-Concerns Defendant Professional Negligence, Breach of Contract, claim of funds by ORS 238.320;

27.  Documentary Evidence: 7/2020- Employer Document: Defendant Response to Plaintiff Grievance, under provisions of ORS 238.320, FMLA laws, ORS 342 due process procedures of pre-termination hearing, 342.865(3)-Grounds for dismissal and contract non-extension of contract teachers, school board policies.;

28.     Documentary Evidence: 6/10/20-Plaintiff Letter to PERS

        Oregon requesting Employer Statement be pursued, substantive

        documents exchange;

29.     Documentary Evidence: 10/6/20 Plaintiff Document: PERS

        Discontinuation of ORS 238.320 Disability Retirement

        Allowance;

30.     Exhibit: ORDER: PERS OREGON September 17, 2020:

        "Benefit Elements", paragraph 2, last sentence: "Your service

        credit is based on what is reported by your employers, and no

        hours or wages were reported for the removed periods of service

        credit.", in violation of ORS 238.445, 238.660, other rules;

31.     Documentary Evidence: Plaintiff Document: PERS Oregon

        Letter February 10, 21-fourth paragraph: "As I shared on

        September 1, 2020 and December 11, 2020, PERS can only credit

        your account with tie and salary provided by PERS-covered

        employers.  If you feel any employers failed to report your time

        properly to PERS, you should contact those employers directly so

        that they can correct their reporting to PERS.  Every other issue

        has been previously addressed in the correspondence referenced

        above."; Sixth paragraph-addresses provided by employers.;

32.    <u>Documentary Evidence: Employer Document-5/12/05</u>

Study Leave Committee, last paragraph, page 1: "Although this
leave is unpaid, as stated above, the District will pay the monthly
contribution for your health benefits during the time you are on
an approved P.A.T. Study Leave.  As a reminder, due to new
negotiated contract language between the Portland Association of
Teachers and the District, P,A.T unit members are now
responsible for making a monthly contribution for their insurance
benefits..."-Employer & employee paid health insurance school
year 2005-06, is "salary" & part of total Gross Salary, computation
of salary by PERS Publication: Chapter 238 Subject Salary Table,
ORS 238.005(6)(9)(26)(a)(b)(A)(B)(C), ORS 238.008(1)(2)(3),
OAR 459-005-0001, & OAR 459-010-0011 Authorized Paid Leave
of Absence: (1)(2)(3), & Defendant unlawfully reclaimed 12
months of creditable service in violation of ORS 238, 238.445-
Funds exempt from execution, bankruptcy and certain taxes,
exceptions & P.A.T. labor agreement school year 2005-06.;

33.    Documentary Evidence: 10/13/19: Plaintiff Provider's
Statement: Verification of Need for Accommodation;

34.     Documentary Evidence: Plaintiff Provider's Statement;

12/11/19 ADA Accommodation suggestions.;

35.     Documentary Evidence: Plaintiff Document-3/18/20 PERS

Document: Physician's Statement of Current Status;

36.     Documentary Evidence: 12/12/20 Plaintiff's Medical

Provider Statement and Verification of Need for Accommodation;

37.     <u>Documentary Evidence: Employer Document - Insurance

Overpayment</u>: 7/23/20 - $147.96 received by Plaintiff past "Void

after 90 days" from date of issuance, & Defendant refused Demand

for current Check, & Plaintiff is due this overpayment of health

insurance with interest.;

38.     Documentary Evidence: Employer Document: 9/10/17

threat of discipline, termination or both, second week of school

year, these threats and fabricated causes persisted regularly in

person from 1/24/17-a medical leave was necessary by FMLA

2/9/2018, & such harassment has continued indirectly to date

(fabricated complaints to licensing body: TSPC, false data

reporting to pension fund manager, unlawful claim to disability

money) & all following failure by employer to remit employer's

share of retirement funds, FICA & OAISD taxes on behalf of the

Plaintiff & in retaliation for civil action no. 3:15-cv-1897-MO,
other protected activities;

39.       Documentary Evidence: Plaintiff Document: 9/11/17(2)-
Response to 9/10/17 Employer Document;

40.       Documentary Evidence: 10/14/15-Plaintiff Document
Coversheet: civil action no. 3:15-cv-1897-MO;

41.       Documentary Evidence: Plaintiff Document: PERS Oregon
Member Statements 2004-2006 shows salary paid school year
2005-06 for creditable years service to PERS Oregon and ORS
238.008 determinations of allowance.  PER 2004-2005 corrected
statement: "This annual statement includes any 2004 and 2005
adjustments to your IAP account received by PERS from your
employer(s) through July 31, 2006." (2004 & 2005 Corrected
Annual Statement), & 2005 Statement: "Corrected Employee
contributions in 2005: $2,42.52, and 2006 Statement:
"Contributions in 2006: $1,380.97"-2006 IAP annual statement, to
supportf 12 months creditable years service school year 2005-06.;

42. Documentary Evidence: Plaintiff: PERS
Order: 6/16/22 shows salary reported
by Defendant corresponds to "actual
wages earned" aka net salary for
ORS 238.005, 238.005, OAR 459-005-001
calls for "gross salary" aka "Total
Compensation" see Exh a1.1.1Pg unlawful reclaim of service
43. Doc. Evid: Plaintiff PERS order 8/27/18



# PORTLAND PUBLIC SCHOOLS
## 2010 Annual Compensation Statement



- QUESTIONS? E-mail  benefits@pps.k12.or.us

- TO LEARN MORE about these benefits and/or download a
  form go to  http://www.pps.k12.or.us/departments/hr/
  and click on Employee Benefits and Compensation.

Theresa Middleton
7025 NE Davis St
Portland, OR  97213

Dear Theresa,

We are pleased to provide you the 2010 Annual
Compensation Statement.  In our ongoing effort
to provide meaningful information to employees
about their benefits and compensation, we are
happy to provide you with a comprehensive
picture of your annual earnings.  Our goal is
to give you this information in order to help
you better understand your total compensation
package. .

I hope that you find this statement helpful.
If you have any questions or would like to.
update your information, please contact the
Benefits Department at 503-916-3544, or e-mail
benefits@pps.k12.or.us.

Sincerely,

Hank Harris
Executive Director of Human Resources

In PERS Order: 6/16/22
Employer #3818, Portland
Public Schools reported
as Gross: 72,907.70,
basically Actual Wages
earned. The Total Compensa-
tion $99,677 is Gross-Salary.
of circled items & Subject Salary.

**Specially Prepared for** Theresa Middleton
Employee ID# 008485

**Your Pay Rate**
as of 12/31/2010 was $ 71,668 annually ·

| | Your 2010 Contributions | PPS 2010 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,076 | $ 13,255 |
| Group Life Insurance* | $ | $ |
| Group Accidental Death & Dismemberment (AD&D)* | $ | $ |
| Voluntary AD&D | $ | $ |
| Voluntary Life-Employee | $ | $ |
| Voluntary Life-Spouse/Partner | $ | $ |
| Long-Term Disability* | $ 844 | $ |
| PERS/OPSRP Contribution | $ 4,374 | $ 7,980 |
| Employee Assistance Program | $ | $ 16 |
| Social Security & Medicare | $ 5,498 | $ 5,498 |
| Workers Compensation | $ 22 | $ 22 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare** | $ | $ |
| FSA Childcare** | $ | $ |
| **Total Benefits** | $ 11,052 | $ 26,769 |

Actual Wages Earned 01/01/10 - 12/31/10     $ 72,908

Additional Income***     $

YOUR 2010 TOTAL COMPENSATION     $ 99,677

* Group Life, AD&D, and LTD costs for Trust (non-OEBB) members are
included in the PPS Contributions amount for Medical/Dental/Vision Benefits.
** Voluntary, pre-tax deduction.
*** Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every
effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits.





# PORTLAND PUBLIC SCHOOLS
## 2011 Annual Compensation Statement

• **QUESTIONS? E-mail** benefits@pps.net

• **TO LEARN MORE about these benefits and/or download a form go to** http://www.pps.k12.or.us/departments/hr/ **and click on Employee Benefits and Compensation.**

Theresa Seeley
7025 NE Davis St
Portland, OR 97213

Dear Theresa,

Portland Public Schools is proud to again provide you with your individualized annual total compensation statement for the calendar year 2011. Our goal in giving this information is to help you better understand your PPS total compensation package. Since we began providing this statement, we listened to employee feedback and have made adjustments, hoping this year's information will be even easier to understand.

Thank you for your dedicated service to the children of Portland this past year. If you have questions or need to update your personal information, please contact the Benefits Department at 503-916-3544, or e-mail benefits@pps.net.

Sincerely,

*Michelle Riddell*

Michelle Riddell
Interim Executive Director
PPS Human Resources

**Specially Prepared for Theresa Seeley**
**Employee ID# 008485**

**Your Pay Rate**
**as of 12/31/2011 was $ 71,668 annually**

| | Your 2011 Contributions | PPS 2011 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,138 | $ 14,082 |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance* | $ | $ |
| Group Accidental Death & Dismemberment (AD&D)* | $ | $ |
| Voluntary AD&D | $ | $ |
| Voluntary Life-Employee | $ | $ |
| Voluntary Life-Spouse/Partner | $ | $ |
| Long-Term Disability* | $ 84 | $ |
| PERS/OPSRP Contribution | $ 4,309 | $ 10,160 |
| Employee Assistance Program | $ | $ 13 |
| Social Security & Medicare | $ 3,994 | $ 5,407 |
| Workers Compensation | $ 22 | $ 21 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare** | $ | $ |
| FSA Childcare** | $ | $ |
| **Total Benefits** | $ 9,547 | $ 29,683 |
| Actual Wages Earned 01/01/11 - 12/31/11 | | $ 71,668 |
| Additional Income*** | | $ 150 |
| **YOUR 2011 TOTAL COMPENSATION** | | **$ 101,501** |

\* Group Life, AD&D, and LTD costs for Trust (non-OEBB) members are included in the PPS Contributions amount for Medical/Dental/Vision Benefits.
\*\* Voluntary, pre-tax deduction.
\*\*\* Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits.



# PORTLAND PUBLIC SCHOOLS
## 2012 Annual Compensation Statement



* **QUESTIONS? E-mail  benefits@pps.net**

* **TO LEARN MORE about these benefits and/or download a
  form go to  http://www.pps.k12.or.us/departments/hr/
  and click on Benefits.**

Theresa Seeley
7025 NE Davis St
Portland, OR  97213

Dear Theresa,

Portland Public Schools is proud to again
provide you with your individualized annual
total compensation statement for the calendar
year 2012. Since its inception, our goal in
giving this information has been to help you
better understand your total PPS benefits and
compensation package.

Thank you for your continued dedicated service
to the children of Portland.

If you have questions, suggestions, or need to
update your personal information, please
contact the Benefits Department at   .
503-916-3544, or e-mail benefits@pps.net .

Sincerely,

Sean L. Murray
Chief Human Resources Officer

**Specially Prepared for Theresa Seeley**
**Employee ID# 008485**

**Your Pay Rate**
**as of 12/31/2012 was $ 71,668 annually**

|  | Your 2012 Contributions | | PPS 2012 Contributions | |
|---|---|---|---|---|
| Medical/Dental/Vision Benefits | $ | 1,265 | $ | 15,765 |
| Group Health Opt-Out | $ | | $ | |
| Group Life Insurance* | $ | | $ | |
| Group Accidental Death & Dismemberment (AD&D)* | $ | | $ | |
| Voluntary AD&D | $ | | $ | |
| Voluntary Life | $ | | $ | |
| Voluntary Long Term Care | $ | | $ | |
| Long-Term Disability* | $ | 84 | $ | |
| PERS/OPSRP Contribution | $ | 4,473 | $ | 11,203 |
| Employee Assistance Program | $ | | $ | 13 |
| Social Security & Medicare | $ | 4,141 | $ | 5,607 |
| Workers Compensation | $ | 23 | $ | 20 |
| Transit Pass Program | $ | | $ | |
| 403(b) Roth After-Tax Contribution | $ | | $ | |
| 403(b) Pre-Tax Contribution | $ | | $ | |
| FSA Healthcare** | $ | | $ | |
| FSA Childcare** | $ | | $ | |
| Total Benefits | $ | 9,986 | $ | 32,608 |

| Actual Wages Earned 01/01/12 – 12/31/12 | $ | 74,473 |
|---|---|---|
| Additional Income*** | $ | 75 |
| **YOUR 2012 TOTAL COMPENSATION** | **$** | **107,156** |

\* Group Life and AD&D costs for Trust (non-OEBB) members are
included in the PPS Contributions amount for Medical/Dental/Vision Benefits.
\*\* Voluntary, pre-tax deduction.
\*\*\* Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every
effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits.
Portland Public Schools is an equal opportunity educator and employer.





# PORTLAND PUBLIC SCHOOLS
## 2013 Annual Compensation Statement

· **QUESTIONS? E-mail** benefits@pps.net

· **TO LEARN MORE about these benefits and/or download a form go to** http://www.pps.k12.or.us/departments/hr/ **and click on Benefits.**

Theresa Seeley
7025 NE Davis St
Portland, OR  97213

Dear Theresa,

Portland Public Schools is proud to, again, provide you with your individualized annual total compensation statement for the calendar year 2013. Since inception of the annual compensation statement, it has been the goal of the Human Resources Department to help you better understand your total PPS benefits and compensation package.

NEW! All employee personal information updates happen through PPS Employee Self Service (ESS). Employees now manage their own personal information (addresses, phone numbers, emergency contacts, etc.) as well as print paystubs and W2s, add or change your direct deposits, and other payroll-related functions by going to:
https://phrhprd.pps.k12.or.us/psp/HPRD/?cmd=login
(Use your regular PPS user name and password) *At this time ESS is only available from a networked computer - you will not be able to access from a home computer.

If you have questions, or suggestions regarding this statement, please contact Human Resources at 503-916-3544, or e-mail benefits@pps.net .

Thank you for your continued dedication to the students of Portland.

Sincerely,

**Sean L. Murray**
**Chief Human Resources Officer**

**Specially Prepared for Theresa Seeley**
**Employee ID# 008485**

**Your Pay Rate**
**as of 12/31/2013 was $ 73,101 annually**

| | Your 2013 Contributions | PPS 2013 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,309 | $ 17,135 |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance | $ | $ 39 |
| Group Accidental Death & Dismemberment (AD&D) | $ | $ 2 |
| Voluntary AD&D | $ | $ |
| Voluntary Life | $ | $ |
| Voluntary Long Term Care | $ | $ |
| Long-Term Disability | $ 146 | $ |
| PERS/OPSRP Contribution | $ 4,367 | $ 12,009 |
| Employee Assistance Program | $ | $ 13 |
| Social Security & Medicare | $ 5,467 | $ 5,467 |
| Workers Compensation | $ 19 | $ 19 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare* | $ | $ |
| FSA Childcare* | $ | $ |
| HSA Health Savings Account | $ | $ |
| Total Benefits | $ 11,308 | $ 34,684 |
| Actual Wages Earned 01/01/13 - 12/31/13 | | $ 72,779 |
| Additional Income** | | $ |
| **YOUR 2013 TOTAL COMPENSATION** | | **$ 107,463** |

* Voluntary, pre-tax deduction.
** Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits.

# PORTLAND PUBLIC SCHOOLS
## 2014 Annual Compensation Statement



- **QUESTIONS? E-mail** benefits@pps.net

- **TO LEARN MORE about these benefits and/or download a form go to** http://www.pps.k12.or.us/departments/hr/ **and click on Benefits.**

Theresa Seeley
7025 NE Davis St
Portland, OR 97213

Dear Theresa,

Portland Public Schools is proud to again provide you with your individualized annual total compensation statement for the calendar year 2014. Since inception of the annual compensation statement, it has been the goal of the Human Resources Department to help you better understand your total PPS benefits and compensation package.

Remember, all employee personal information updates happen through PeopleSoft Employee Self Service (ESS). Employees now manage their own personal information (addresses, phone numbers, emergency contacts, etc.) as well as print paystubs and W2s, add or change your direct deposits, and other payroll-related functions by going to: https://phrhprd.pps.k12.or.us/psp/HPRD/?cmd=login (Use your regular PPS user name and password) *At this time ESS is only available from a networked computer - you will not be able to access from a home computer.

If you have questions, or suggestions regarding this statement, please contact Human Resources at 503-916-3544, or e-mail benefits@pps.net .

Thank you for your continued dedication to the students of Portland.

Sincerely,

**Sean L. Murray**
**Chief Human Resources Officer**

---

**Specially Prepared for Theresa Seeley**
**Employee ID# 008485**

**Your Pay Rate**
**as of 12/31/2014 was $ 77,366 annually**

| | Your 2014 Contributions | PPS 2014 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,261 | $ 16,660 |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance | $ | $ 88 |
| Group Accidental Death & Dismemberment (AD&D) | $ | $ 10 |
| Voluntary AD&D | $ | $ |
| Voluntary Life | $ | $ |
| Voluntary Long Term Care | $ | $ |
| Long-Term Disability | $ 146 | $ |
| PERS/OPSRP Contribution | $ 4,572 | $ 13,790 |
| Employee Assistance Program | $ | $ 13 |
| Social Security & Medicare | $ 6,820 | $ 6,820 |
| Workers Compensation | $ 1 | $ 1 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare* | $ | $ |
| FSA Childcare* | $ | $ |
| HSA Health Savings Account | $ | $ |
| **Total Benefits** | $ 12,800 | $ 37,382 |
| Actual Wages Earned 01/01/14 - 12/31/14 | | $ 76,204 |
| Additional Income** | | $ |
| **YOUR 2014 TOTAL COMPENSATION** | | $ 113,686 |

* Voluntary, pre-tax deduction.
** Additional Income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits.




# PORTLAND PUBLIC SCHOOLS
## 2015 Annual Compensation Statement

* QUESTIONS? E-mail benefits@pps.net
  or call (503) 916-3544

* TO LEARN MORE about these benefits and/or download a
  form go to  www.pps.net/hr
  and click on Benefits.

Theresa Seeley
7025 NE Davis St
Portland, OR  97213

Dear Theresa,

Portland Public Schools is proud to provide you with your calendar year 2015 total compensation statement.

Did you know employee information may be accessed through PeopleSoft Employee Self Service (ESS)?  Employees can view and change their addresses, phones, direct deposits, and W-4's and to view/print paystubs/W2's.  To login, use your PPS user name and password from a PPS computer. Go to:
https://pshcm.pps.net/

We are happy to report that within the next couple months HR will be announcing a new feature where employees will have the ability to enroll in benefits online through PeopleSoft ESS.  More information to come!

During the next 12 months, audits to ensure all dependents are eligible to be on your plan.  Carefully review dependents on this statement and notify Benefits immediately of any changes.

Thank you for your dedication to the children of Portland.  I hope you have an enjoyable summer!

Sincerely,

**Sean L. Murray**
**Chief Human Resources Officer**

**Specially Prepared for Theresa Seeley**
Employee ID# 008485

**Your Pay Rate**
as of 12/31/2015 was $ 79,145 annually

| | Your 2015 Contributions | PPS 2015 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,236 | $ 16,338 |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance | $ | $ 80 |
| Group Accidental Death & Dismemberment (AD&D) | $ | $ 9 |
| Voluntary AD&D | $ | $ |
| Optional Life | $ | $ |
| Voluntary Long Term Care | $ | $ |
| Long-Term Disability | $ 146 | $ |
| PERS/OPSRP Contribution | $ 4,678 | $ 11,634 |
| Employee Assistance Program | $ | $ 13 |
| Social Security & Medicare | $ 6,706 | $ 6,706 |
| Workers Compensation | $ 1 | $ 1 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare* | $ | $ |
| FSA Childcare* | $ | $ |
| HSA Health Savings Account | $ | $ |
| Total Benefits | $ 12,767 | $ 34,781 |
| Actual Wages Earned 01/01/15 - 12/31/15 | | $ 77,959 |
| Additional Income** | | $ |
| YOUR 2015 TOTAL COMPENSATION | | $ 112,740 |

* Voluntary, pre-tax deduction.
** Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every



# PORTLAND PUBLIC SCHOOLS
## 2016 Annual Compensation Statement



- **QUESTIONS? E-mail** benefits@pps.net **or call (503) 916-3544**
- **TO LEARN MORE about these benefits go to www. pps.net/hr and click on Benefits.**

Theresa Seeley
7025 NE Davis St
Portland, OR 97213

Dear Theresa,

Portland Public Schools is proud to provide you with your calendar year 2016 total compensation statement. This summary includes the benefits you were provided, and also benefits you may be eligible for, but did not participate.

Please know your personal employee information may be accessed through PeopleSoft Employee Self Service (ESS). Employees may view and change their address, phone, direct deposit information, 403(b) enrollment/changes, benefit qualifying event changes, and W-4 allowances. In addition, you may view and print paystubs, W-2's and this compensation statement and others in the future. To login, go to https://pshcm. pps.net/. (Use your PPS user name and password). This would be a good time for you to review and change, if necessary, your personal information in ESS.

I would like to take the opportunity to thank you for your dedication to the children who attend Portland Public Schools!

Sincerely,

Sean L. Murray
**Chief Human Resources Officer**

**Specially Prepared for Theresa Seeley**
**Employee ID# 008485**

**Your Pay Rate**
**as of 12/31/2016 was $ 79,145 annually**

| | Your 2016 Contributions | PPS 2016 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,236 | $ 16,330 |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance | $ | $ 80 |
| Group Accidental Death & Dismemberment (AD&D) | $ | $ 9 |
| Voluntary AD&D | $ | $ |
| Optional Life | $ | $ |
| Voluntary Long Term Care | $ | $ |
| Long-Term Disability | $ 146 | $ |
| PERS/OPSRP Contribution | $ 4,749 | $ 10,172 |
| Employee Assistance Program | $ | $ 13 |
| Social Security & Medicare | $ 5,960 | $ 5,960 |
| Workers Compensation | $ 1 | $ 1 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare* | $ | $ |
| FSA Childcare* | $ | $ |
| HSA Health Savings Account | $ | $ |
| **Total Benefits** | **$ 12,092** | **$ 32,565** |
| | | |
| Actual Wages Earned 01/01/16 - 12/31/16 | | $ 79,145 |
| Additional Income** | | $ |
| | | |
| **YOUR 2016 TOTAL COMPENSATION** | | **$ 111,710** |

\* Voluntary, pre-tax deduction.
\*\* Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits.
**Portland Public Schools is an equal opportunity educator and employer.**



# PORTLAND PUBLIC SCHOOLS
## 2017 Annual Compensation Statement



- QUESTIONS? E-mail benefits@pps.net or call (503) 916-3544
- TO LEARN MORE about these benefits go to www. pps.net/hr and click on Benefits.

Theresa Seeley
7025 NE Davis St
Portland, OR 97213

Dear Theresa,

Portland Public Schools is proud to provide you with your calendar year 2017 total compensation statement. This summary includes the benefits you were provided, and also benefits you may be eligible for, even if you did not participate.

Your personal information may be accessed through PeopleSoft Employee Self Service (ESS), but only from a PPS location in order to protect your identity. From ESS you may view/change your address, phone, direct deposit, 403(b), beneficiary, W-4 allowance, and make qualified benefits changes.

To access this statement, W-2's and paystubs, along with other personal information, go to employee self service at https://selfservice.pps.net/. Use your PPS user name/password. Go to the Payroll section to view this statement.

I hope this information is helpful to you. I would like to take the opportunity to thank you for your dedication to our students and community!

Sincerely,

Kylie Rogers
Chief Human Resources Officer

**Specially Prepared for Theresa Seeley**
**Employee ID# 008485**

**Your Pay Rate**
**as of 12/31/2017 was $ 78,321 annually**

| | Your 2017 Contributions | PPS 2017 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,251 | $ 16,526 |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance | $ | $ 80 |
| Group Accidental Death & Dismemberment (AD&D) | $ | $ 9 |
| Voluntary AD&D | $ | $ |
| Optional Life | $ | $ |
| Voluntary Long Term Care | $ | $ |
| Long-Term Disability | $ 151 | $ |
| PERS/OPSRP Contribution | $ 4,951 | $ 15,050 |
| Employee Assistance Program | $ | $ 13 |
| Social Security & Medicare | $ 6,217 | $ 6,217 |
| Workers Compensation | $ 22 | $ 23 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare* | $ | $ |
| FSA Childcare* | $ | $ |
| HSA Health Savings Account | $ | $ |
| **Total Benefits** | $ 12,592 | $ 37,918 |
| | | |
| Actual Wages Earned 01/01/17 - 12/31/17 | | $ 82,420 |
| Additional Income** | | $ 100 |
| | | |
| **YOUR 2017 TOTAL COMPENSATION** | | $ 120,438 |

* Voluntary, pre-tax deduction.
** Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits.
**Portland Public Schools is an equal opportunity educator and employer.**



# PORTLAND PUBLIC SCHOOLS
## 2019 Annual Compensation Statement



- QUESTIONS? E-mail benefits@pps.net or call (503) 916-3544
- TO LEARN MORE about these benefits go to www. pps.net/hr and click on Benefits.

Theresa Seeley
7025 NE Davis St
Portland, OR 97213

Dear Theresa,

Portland Public Schools is proud to provide you with your calendar year 2019 total compensation statement. This summary includes the benefits you were provided, and also benefits you may be eligible for, even if you did not participate.

Your personal information may be accessed through PeopleSoft Employee Self Service (ESS). From ESS you may view/change your address, phone, direct deposit, 403(b), beneficiary, W-4 allowance, and make qualified benefits changes.

To access this statement, W-2's and paystubs, along with other personal information, go to employee self service at https://selfservice.pps.net/. Use your PPS user name/password. Go to the Payroll section to view this statement.

I hope this information is helpful to you. I would like to take the opportunity to thank you for your dedication to our students and community!

Sincerely,

Sharon Reese
Chief Human Resources Officer

**Specially Prepared for Theresa Seeley**
Employee ID# 008485

**Your Pay Rate**
as of 12/31/2019 was $ 88,216 annually

| | Your 2019 Contributions | PPS 2019 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ | $ |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance | $ | $ |
| Group Accidental Death & Dismemberment (AD&D) | $ | $ |
| Voluntary AD&D | $ | $ |
| Optional Life | $ | $ |
| Voluntary Long Term Care | $ | $ |
| Long-Term Disability | $ | $ |
| PERS/OPSRP Contribution | $ 633 | $ 2,022 |
| Employee Assistance Program | $ | $ 2 |
| Social Security & Medicare | $ 807 | $ 807 |
| Workers Compensation | $ 1 | $ 1 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare* | $ | $ |
| FSA Childcare* | $ | $ |
| HSA Health Savings Account | $ | $ |
| **Total Benefits** | $ 1,441 | $ 2,832 |

| | |
|---|---|
| Actual Wages Earned 01/01/19 - 12/31/19 | $ 10,543 |
| Additional Income** | $ |
| **YOUR 2019 TOTAL COMPENSATION** | $ 13,375 |

* Voluntary, pre-tax deduction.
** Additional Income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every effort to ensure accuracy. However, if you believe any of this information is incorrect, please contact Benefits. Portland Public Schools is an equal opportunity educator and employer.



# PORTLAND PUBLIC SCHOOLS
## 2018 Annual Compensation Statement



- QUESTIONS? E-mail benefits@pps.net or call (503) 916-3544
- TO LEARN MORE about these benefits go to www.pps.net/hr and click on Benefits.

Theresa Seeley
7025 NE Davis St
Portland, OR 97213

Dear Theresa,

Portland Public Schools is proud to provide you with your calendar year 2018 total compensation statement. This summary includes the benefits you were provided, and also benefits you may be eligible for, even if you did not participate.

Your personal information may be accessed through PeopleSoft Employee Self Service (ESS). From ESS you may view/change your address, phone, direct deposit, 403(b), beneficiary, W-4 allowance, and make qualified benefits changes.

To access this statement, W-2's and paystubs, along with other personal information, go to employee self service at https://selfservice.pps.net/. Use your PPS user name/password. Go to the Payroll section to view this statement.

I hope this information is helpful to you. I would like to take the opportunity to thank you for your dedication to our students and community!

Sincerely,

Sharon Reese
Chief Human Resources Officer

**Specially Prepared for Theresa Seeley**
**Employee ID# 008485**

**Your Pay Rate**
**as of 12/31/2018 was $ 85,646 annually**

| | Your 2018 Contributions | PPS 2018 Contributions |
|---|---|---|
| Medical/Dental/Vision Benefits | $ 1,117 | $ 14,746 |
| Group Health Opt-Out | $ | $ |
| Group Life Insurance | $ | $ 80 |
| Group Accidental Death & Dismemberment (AD&D) | $ | $ 9 |
| Voluntary AD&D | $ | $ |
| Optional Life | $ | $ |
| Voluntary Long Term Care | $ | $ |
| Long-Term Disability | $ 201 | $ |
| PERS/OPSRP Contribution | $ 5,197 | $ 17,635 |
| Employee Assistance Program | $ | $ 13 |
| Social Security & Medicare | $ 6,541 | $ 6,541 |
| Workers Compensation | $ 5 | $ 5 |
| Transit Pass Program | $ | $ |
| 403(b) Roth After-Tax Contribution | $ | $ |
| 403(b) Pre-Tax Contribution | $ | $ |
| FSA Healthcare* | $ | $ |
| FSA Childcare* | $ | $ |
| HSA Health Savings Account | $ | $ |
| **Total Benefits** | **$ 13,061** | **$ 39,029** |

| | |
|---|---|
| Actual Wages Earned 01/01/18 - 12/31/18 | $ 86,616 |
| Additional Income** | $ |

| | |
|---|---|
| **YOUR 2018 TOTAL COMPENSATION** | **$ 125,645** |

* Voluntary, pre-tax deduction.
** Additional income may include extended responsibility and/or stipends.

This statement provides a summary of your compensation and benefits provided by Portland Public Schools; we have made every

Public Employees Retirement System

# ORS 238.005
# Definitions

For purposes of this chapter:

(1) "Active member" means a member who is presently employed by a participating public employer in a qualifying position and who has completed the six-month period of service required by ORS 238.015 (Membership generally).

(2) "Annuity" means payments for life derived from contributions made by a member as provided in this chapter.

(3) "Board" means the Public Employees Retirement Board.

(4) "Calendar year" means 12 calendar months commencing on January 1 and ending on December 31 following.

(5) "Continuous service" means service not interrupted for more than five years, except that such continuous service shall be computed without regard to interruptions in the case of:

   (a) An employee who had returned to the service of the employer as of January 1, 1945, and who remained in that employment until having established membership in the Public Employees Retirement System.

   (b) An employee who was in the armed services on January 1, 1945, and returned to the service of the employer within one year of the date of being otherwise than dishonorably discharged and remained in that employment until having established membership in the Public Employees Retirement System.

(6) "Creditable service" means any period of time during which an active member is being paid a salary by a participating public employer and for which benefits under this chapter are funded by employer contributions and earnings on the fund. For purposes of computing years of "creditable service," full months and major fractions of a month shall be considered to be one-twelfth of a year and shall be added to all full years. "Creditable service" includes all retirement credit received by a member.

(7) "Earliest service retirement age" means the age attained by a member when the member could first make application for retirement under the provisions of ORS 238.280 (Eligibility for retirement).

(8) "Employee" includes, in addition to employees, public officers, but does not include:

   (a) Persons engaged as independent contractors.

   (b) Seasonal, emergency or casual workers whose periods of employment with any public employer or public employers do not total 600 hours in any calendar year.

(c) Persons provided sheltered employment or made-work by a public employer in an employment or industries program maintained for the benefit of such persons.

(d) Persons employed and paid from federal funds received under a federal program intended primarily to alleviate unemployment. However, any such person shall be considered an "employee" if not otherwise excluded by paragraphs (a) to (c) of this subsection and the public employer elects to have the person so considered by an irrevocable written notice to the board.

(e) Persons who are employees of a railroad, as defined in ORS 824.020 (Definitions for ORS 824.020 to 824.042), and who, as such employees, are included in a retirement plan under federal railroad retirement statutes. This paragraph shall be deemed to have been in effect since the inception of the system.

(f) Persons employed in positions classified as post-doctoral scholar positions by a public university listed in ORS 352.002 (Public universities), or by the Oregon Health and Science University, under ORS 350.370 (Requirements for classification as post-doctoral scholar position).

(9) "Final average salary" means whichever of the following is greater:

(a) The average salary per calendar year paid by one or more participating public employers to an employee who is an active member of the system in three of the calendar years of membership before the effective date of retirement of the employee, in which three years the employee was paid the highest salary. The three calendar years in which the employee was paid the largest total salary may include calendar years in which the employee was employed for less than a full calendar year. If the number of calendar years of active membership before the effective date of retirement of the employee is three or fewer, the final average salary for the employee is the average salary per calendar year paid by one or more participating public employers to the employee in all of those years, without regard to whether the employee was employed for the full calendar year.

(b) One-third of the total salary paid by a participating public employer to an employee who is an active member of the system in the last 36 calendar months of active membership before the effective date of retirement of the employee.

(10) "Firefighter" does not include a volunteer firefighter, but does include:

(a) The State Fire Marshal, the chief deputy fire marshal and deputy state fire marshals;

(b) An employee of the State Forestry Department who is certified by the State Forester as a professional wildland firefighter and whose primary duties include the abatement of uncontrolled fires as described in ORS 477.064 (Uncontrolled fire declared nuisance); and

(c) An employee of the Oregon Military Department whose primary duties include fighting structural, aircraft, wildland or other fires.

(11) "Fiscal year" means 12 calendar months commencing on July 1 and ending on June 30 following.

(12) "Fund" means the Public Employees Retirement Fund.

(13) "Inactive member" means a member who is not employed in a qualifying position, whose membership has not been terminated in the manner described by ORS 238.095 (Termination of membership) and who is not retired for service or disability.

(14) "Institution of higher education" means a public university listed in ORS 352.002 (Public universities), the Oregon Health and Science University and a community college, as defined in ORS 341.005 (Definitions for chapter).

(15) "Member" means a person who has established membership in the system and whose membership has not been terminated as described in ORS 238.095 (Termination of membership). "Member" includes active, inactive and retired members.

(16) "Member account" means the regular account and the variable account.

(17) "Normal retirement age" means:

  (a) For a person who establishes membership in the system before January 1, 1996, as described in ORS 238.430 (Limitation on benefits payable to persons establishing membership on or after January 1, 1996), 55 years of age if the employee retires at that age as a police officer or firefighter or 58 years of age if the employee retires at that age as other than a police officer or firefighter.

  (b) For a person who establishes membership in the system on or after January 1, 1996, as described in ORS 238.430 (Limitation on benefits payable to persons establishing membership on or after January 1, 1996), 55 years of age if the employee retires at that age as a police officer or firefighter or 60 years of age if the employee retires at that age as other than a police officer or firefighter.

(18) "Pension" means annual payments for life derived from contributions by one or more public employers.

(19) "Police officer" includes:

  (a) Employees of institutions defined in ORS 421.005 (Definitions) as Department of Corrections institutions whose duties, as assigned by the Director of the Department of Corrections, include the custody of persons committed to the custody of or transferred to the Department of Corrections and employees of the Department of Corrections who were classified as police officers on or before July 27, 1989, whether or not such classification was authorized by law.

  (b) Employees of the Department of State Police who are classified as police officers by the Superintendent of State Police.

  (c) Employees of the Oregon Liquor Control Commission who are classified as regulatory specialists by the administrator of the commission.

  (d) Sheriffs and those deputy sheriffs or other employees of a sheriff whose duties, as classified by the sheriff, are the regular duties of police officers or corrections officers.

  (e) Police chiefs and police personnel of a city who are classified as police officers by the council or other governing body of the city.

  (f) Police officers who are commissioned by a university under ORS 352.121 (University police departments and officers) or 353.125 (Creation of police department and commission of police officers) and who are classified as police officers by the university.

(g) Parole and probation officers employed by the Department of Corrections, parole and probation officers who are transferred to county employment under ORS 423.549 (State positions in community corrections branch) and adult parole and probation officers, as defined in ORS 181A.355 (Definitions for ORS 181A.355 to 181A.670), who are classified as police officers for the purposes of this chapter by the county governing body. If a county classifies adult parole and probation officers as police officers for the purposes of this chapter, and the employees so classified are represented by a labor organization, any proposal by the county to change that classification or to cease to classify adult parole and probation officers as police officers for the purposes of this chapter is a mandatory subject of bargaining.

(h) Police officers appointed under ORS 276.021 (State building police officers) or 276.023 (State Capitol police officers).

(i) Employees of the Port of Portland who are classified as airport police by the Board of Commissioners of the Port of Portland.

(j) Employees of the State Department of Agriculture who are classified as livestock police officers by the Director of Agriculture.

(k) Employees of the Department of Public Safety Standards and Training who are classified by the department as other than secretarial or clerical personnel.

(L) Investigators of the Criminal Justice Division of the Department of Justice.

(m) Corrections officers as defined in ORS 181A.355 (Definitions for ORS 181A.355 to 181A.670).

(n) Employees of the Oregon State Lottery Commission who are classified by the Director of the Oregon State Lottery as enforcement agents pursuant to ORS 461.110 (Criminal identification information available to lottery).

(o) The Director of the Department of Corrections.

(p) An employee who for seven consecutive years has been classified as a police officer as defined by this section, and who is employed or transferred by the Department of Corrections to fill a position designated by the Director of the Department of Corrections as being eligible for police officer status.

(q) An employee of the Department of Corrections classified as a police officer on or prior to July 27, 1989, whether or not that classification was authorized by law, as long as the employee remains in the position held on July 27, 1989. The initial classification of an employee under a system implemented pursuant to ORS 240.190 (Policy on comparability of value of work and compensation and classification) does not affect police officer status.

(r) Employees of a school district who are appointed and duly sworn members of a law enforcement agency of the district as provided in ORS 332.531 (Law enforcement agency) or otherwise employed full-time as police officers commissioned by the district.

(s) Employees at youth correction facilities and juvenile detention facilities under ORS 419A.050 (Authority to acquire, equip and maintain detention and shelter facilities), 419A.052 (Specifications of facilities) and 420.005 (Definitions) to 420.915 (Procedure upon apprehension of escapee, absentee or parole violator) who are required to hold valid Oregon teaching licenses and who have supervisory, control or teaching

ORS 238.005 Definitions

responsibilities over juveniles committed to the custody of the Department of Corrections or the Oregon Youth Authority.

    (t)   Employees at youth correction facilities as defined in ORS 420.005 (Definitions) whose primary job description involves the custody, control, treatment, investigation or supervision of juveniles placed in such facilities.

    (u)   Employees of the Oregon Youth Authority who are classified as juvenile parole and probation officers.

    (v)   Employees of the Department of Human Services who are prohibited from striking under ORS 243.726 (Public employee strikes) and whose duties include the care of residents of residential facilities, as defined in ORS 443.400 (Definitions for ORS 443.400 to 443.455), that house individuals with intellectual or developmental disabilities.

**(20)** "Prior service credit" means credit provided under ORS 238.442 (Prior service credit) or under ORS 238.225 (Employer contributions) (2) to (6) (1999 Edition).

**(21)** "Public employer" means the state, one of its agencies, any city, county, or municipal or public corporation, any political subdivision of the state or any instrumentality thereof, or an agency created by one or more such governmental organizations to provide governmental services. For purposes of this chapter, such agency created by one or more governmental organizations is a governmental instrumentality and a legal entity with power to enter into contracts, hold property and sue and be sued.

**(22)** "Qualifying position" means one or more jobs with one or more participating public employers in which an employee performs 600 or more hours of service in a calendar year, excluding any service in a job for which a participating public employer does not provide benefits under this chapter pursuant to an application made under ORS 238.035 (Membership of part but not all employees of a public employer).

**(23)** "Regular account" means the account established for each active and inactive member under ORS 238.250 (Regular accounts).

**(24)** "Retired member" means a member who is retired for service or disability.

**(25)** "Retirement credit" means a period of time that is treated as creditable service for the purposes of this chapter.

**(26)** (a) "Salary" means the remuneration paid an employee in cash out of the funds of a public employer in return for services to the employer, plus the monetary value, as determined by the Public Employees Retirement Board, of whatever living quarters, board, lodging, fuel, laundry and other advantages the employer furnishes the employee in return for services.

    (b)   "Salary" includes but is not limited to:

        (A)   Payments of employee and employer money into a deferred compensation plan, which are deemed salary paid in each month of deferral;

        (B)   The amount of participation in a tax-sheltered or deferred annuity, which is deemed salary paid in each month of participation;

        (C)   Retroactive payments described in ORS 238.008 (Computation of salary); and

      (D) Wages of a deceased member paid to a surviving spouse or dependent children under ORS 652.190 (Payment of wages to surviving spouse or dependent children).

   (c) "Salary" or "other advantages" does not include:

      (A) Travel or any other expenses incidental to employer's business which is reimbursed by the employer;

      (B) Payments for insurance coverage by an employer on behalf of employee or employee and dependents, for which the employee has no cash option;

      (C) Payments made on account of an employee's death;

      (D) Any lump sum payment for accumulated unused sick leave;

      (E) Any accelerated payment of an employment contract for a future period or an advance against future wages;

      (F) Any retirement incentive, retirement severance pay, retirement bonus or retirement gratuitous payment;

      (G) Payments for periods of leave of absence after the date the employer and employee have agreed that no future services qualifying pursuant to ORS 238.015 (Membership generally) (3) will be performed, except for sick leave and vacation;

      (H) Payments for instructional services rendered to public universities listed in ORS 352.002 (Public universities) or the Oregon Health and Science University when such services are in excess of full-time employment subject to this chapter. A person employed under a contract for less than 12 months is subject to this subparagraph only for the months to which the contract pertains;

      (I) Payments made by an employer for insurance coverage provided to a domestic partner of an employee;

      (J) Compensation described and authorized under ORS 341.556 (Sources of compensation for faculty members) that is not paid by the community college employing the faculty member;

      (K) Compensation described and authorized under ORS 352.232 (Sources of compensation for officers and employees) that is not paid by the public university employing the officer or employee;

      (L) Compensation described and authorized under ORS 353.270 (Compensation of officers and employees) that is not paid by Oregon Health and Science University; or

      (M) For years beginning on or after January 1, 2020, any amount in excess of $195,000 for a calendar year. If any period over which salary is determined is less than 12 months, the $195,000 limitation for that period shall be multiplied by a fraction, the numerator of which is the number of months in the determination period and the denominator of which is 12. On January 1 of each year, the board shall adjust the dollar limit provided by this subparagraph to reflect any percentage changes in the Consumer Price Index for All Urban Consumers, West Region (All Items), as published by the Bureau of Labor Statistics of the United States Department of Labor.

(27) "School year" means the period beginning July 1 and ending June 30 next following.

(28) "System" means the Public Employees Retirement System.

(29) "Variable account" means the account established for a member who participates in the Variable Annuity Account under ORS 238.260 (Variable Annuity Account).

(30) "Vested" means being an active member of the system in each of five calendar years.

(31) "Volunteer firefighter" means a firefighter whose position normally requires less than 600 hours of service per year. [Formerly 237.003; 1997 c.249 §64; 1997 c.853 §36; 1999 c.317 §24; 1999 c.407 §3; 1999 c.971 §1; 2001 c.295 §9; 2001 c.874 §1; 2001 c.945 §29a; 2001 c.968 §1; 2003 c.14 §112; 2003 c.67 §16; 2003 c.625 §20; 2005 c.152 §5; 2005 c.332 §1; 2009 c.762 §47; 2010 c.1 §8; 2011 c.9 §22; 2011 c.506 §32; 2011 c.637 §72; 2012 c.54 §30; 2013 c.180 §35a; 2013 c.768 §109; 2014 c.107 §§2,3; 2015 c.614 §159; 2015 c.822 §1; 2017 c.569 §2; 2018 c.54 §4; 2019 c.135 §1; 2019 c.355 §39]

Note: Section 2, chapter 971, Oregon Laws 1999, provides:

Sec. 2. (1) The amendments to ORS 238.005 (Definitions) by section 1, chapter 971, Oregon Laws 1999, apply only to persons specified in ORS 238.005 (Definitions) (10)(b) who are employed by the State Forestry Department on October 23, 1999, or who become employed by the State Forestry Department after October 23, 1999.

(2) Except as provided in subsection (3) of this section, the amendments to ORS 238.005 (Definitions) by section 1, chapter 971, Oregon Laws 1999, apply only to service rendered to a participating public employer on or after October 23, 1999.

(3) Any employee who is employed by the State Forestry Department in a position described in ORS 238.005 (Definitions) (10)(b) on October 23, 1999, may acquire creditable service in the Public Employees Retirement System as a firefighter for service performed by the employee in a position described in ORS 238.005 (Definitions) (10)(b) before October 23, 1999, by paying to the Public Employees Retirement Board an amount determined by the board to represent the full cost to the system of providing credit as a firefighter to the member. The member may acquire credit as a firefighter for all or part of the service in a position described in ORS 238.005 (Definitions) (10)(b) performed before October 23, 1999. All amounts required for acquisition of credit as a firefighter under this subsection must be paid at least 90 days before a member's effective date of retirement. The board may by rule allow members to pay amounts required under this subsection in installments in lieu of requiring a single lump sum payment. Amounts required under this subsection may be paid using moneys transferred by way of a trustee-to-trustee transfer as described in ORS 238.222 (Trustee-to-trustee transfers to fund restoration of forfeited service or purchase of retirement credit). [1999 c.971 §2; 2011 c.9 §23; 2011 c.722 §8]

---

Location: https://oregon.public.law/statutes/ors_238.005

Original Source: Section 238.005 — Definitions, https://www.oregonlegislature.gov/bills_laws/ors/ors238.html (last accessed Jun. 26, 2021).

*3*

Public Employees Retirement System

# ORS 238.008
# Computation of salary

(1) For the purpose of computing salary under this chapter and ORS chapter 238A, salary includes retroactive payments of wages made to an employee to correct a clerical error. Retroactive payments described in this subsection shall be allocated to and deemed paid in the periods in which the work was done or in which the work would have been done.

(2) For the purpose of computing salary under this chapter and ORS chapter 238A, salary includes retroactive payments of wages made to an employee pursuant to a judgment, administrative order, arbitration award, conciliation agreement or settlement agreement that resolves a dispute or claim based on the employee's rights under employment or wage law or under a collective bargaining agreement. Retroactive payments described in this subsection shall be allocated to and deemed paid in the periods of the employee's active or inactive membership in which the work was done or in which the work would have been done.

(3) If retroactive payments are included in the salary of an employee under this section, the employee shall receive retirement credit for the periods to which the payment is allocated. [2010 c.1 §7]

Location: https://oregon.public.law/statutes/ors_238.008

Original Source: Section 238.008 — Computation of salary, https://www.oregonlegislature.gov/bills_laws/ors/ors238.-html (last accessed Jun. 26, 2021).



Oregon Oregon Public Employees Retirement System
# Rule 459-005-0001
# Definitions, Generally

The words and phrases used in OAR Chapter 459 have the same meaning given them in ORS Chapters 237, 238, 238A, and 243 unless otherwise indicated. Specific and additional terms used in OAR Chapter 459 generally are defined as follows unless context requires otherwise:

(1) "Ad hoc" means one-time for a specific purpose, case, or situation without consideration of a broader application.

(2) "After-tax" contributions means:

    (a) Member contributions required or permitted by ORS 238.200 (Employee contributions generally) or 238.515 (Contributions), which a participating employer has not elected to "pick up," assume or pay in accordance with ORS 238.205 (Payment of employee contribution by employer) and 238.515 (Contributions)(b). "After-tax" contributions are included in the member's taxable income for purposes of state or federal income taxation at the time paid to PERS. "After-tax" contributions are included in computing FAS and in computing the employer's contributions paid to PERS.

    (b) Payments made by a member to PERS for the purchase of additional benefits.

(3) "Before-tax" contributions means member contributions required or permitted by ORS 238.200 (Employee contributions generally) or 238.515 (Contributions), which a participating employer has elected to "pick up," assume or pay in accordance with ORS 238.205 (Payment of employee contribution by employer) and 238.515 (Contributions)(b). "Before-tax" contributions are not included in the member's taxable income for purposes of state or federal income taxation at the time paid to PERS. "Before-tax" contributions are included in:

    (a) Computing final average salary; and

    (b) Computing the employer's contributions paid to PERS if the employer has elected to "pick up" the member contributions.

(4) "Business day" means a day Monday through Friday when PERS is open for business.

(5) "Calendar month" means a full month beginning with the first calendar day of a month and ending on the last calendar day of that month.

(6) "Calendar year" means 12 consecutive calendar months beginning on January 1 and ending on December 31.

(7) "Casual worker" means an individual engaged for incidental, occasional, irregular, or unscheduled intervals or for a period of less than six consecutive calendar months.

(8) "Contributions" means any contributions required or permitted pursuant to ORS 238.200 (Employee contributions generally) or 238.515 (Contributions).

**(9)** "Differential wage payment" means a payment made on or after January 1, 2009:

   **(a)** By an employer to a member with respect to any period during which the member is performing service in the uniformed services, as defined in USERRA, while on active duty for a period of more than 30 consecutive days; and

   **(b)** That represents all or a portion of the wages the member would have received from the employer if the member were performing service for the employer.

**(10)** "Effective date of withdrawal" means the later of:

   **(a)** The first day of the calendar month in which PERS receives a completed application from a member who requested a withdrawal; or

   **(b)** The first day of the second calendar month following the calendar month in which the member terminated employment with all participating employers and all employers in a controlled group with a participating employer.

**(11)** "Effective retirement date" means:

   **(a)** For Tier One and Tier Two service retirements, the date described in OAR 459-013-0260 (Effective Date Used in the Establishment of Service Retirement Benefits).

   **(b)** For Tier One and Tier Two disability retirements, the date described in OAR 459-015-0001 (Definitions).

   **(c)** For OPSRP Pension Program service retirements, the date described in OAR 459-075-0175 (Effective Date Used in the Establishment of OPSRP Pension Program Benefits).

**(12)** "Elected official" means an individual who is a public official holding an elective office or an appointive office with a fixed term for the state or for a political subdivision of the state who has elected to participate in PERS pursuant to ORS 238.015 (Membership generally)(5).

**(13)** "Emergency worker" means an individual engaged in case of emergency, including fire, storm, earthquake, or flood.

**(14)** "Employee" has the same meaning as provided in ORS 238.005 (Definitions) and shall be determined in accordance with OAR 459-010-0030 (Determination of Employee Status).

   **(a)** For the purposes of ORS 238.005 (Definitions) to 238.750 (Short title) the term "employee" includes public officers whether elected or appointed for a fixed term.

   **(b)** The term "employee" does not include:

      **(A)** A member of the governing board of a political subdivision unless the individual qualifies for membership under ORS 238.015 (Membership generally).

      **(B)** An individual who performs services for a public employer as a contractor in an independently established business or as an employee of that contractor as determined in accordance with OAR 459-010-0032 (Determination of Independent Contractor Status).

      **(C)** An individual providing volunteer service to a public employer without compensation for hours of service as a volunteer, except for volunteer firefighters who establish membership in accordance with ORS 238.015 (Membership generally)(6).

(15) "Employer contribution account" means a record of employer contributions to the Fund, as required by ORS 238.225 (Employer contributions)(1), and investment earnings attributable to those contributions, that the Board has credited to the account after deducting amounts required or permitted by ORS Chapter 238 (Public Employees Retirement System).

(16) "Employment" is compensated service to a participating employer as an employee whose:

(a) Period or periods of employment includes only the actual hours of compensated service with a participating employer as an employee; and

(b) Compensated service includes, but is not limited to, paid vacation, paid sick leave, or other paid leave.

(17) "Estimate" means a projection of benefits prepared by staff of a service or disability retirement allowance, a death or a refund payment. An estimate is not a guarantee or promise of actual benefits that eventually may become due and payable, and PERS is not bound by any estimates it provides.

(18) "FAS" and "final average salary" have the same meaning as provided in:

(a) ORS 238.005 (Definitions) for all PERS Tier One members;

(b) ORS 238.435 (Provisions applicable to persons establishing membership on or after January 1, 1996)(2) for all PERS Tier Two members who are not employed by a local government as defined in ORS 174.116 ("Local government" and "local service district" defined);

(c) ORS 238.435 (Provisions applicable to persons establishing membership on or after January 1, 1996)(4) for all PERS Tier Two members who are employed by a local government as defined in ORS 174.116 ("Local government" and "local service district" defined); or

(d) ORS 238.535 (Service retirement allowance)(2) for judge members of PERS for service as a judge.

(19) "General service member" means membership in PERS as other than a judge member, a police officer, a firefighter, or a legislator.

(20) "Good cause" means a cause beyond the reasonable control of an individual. "Good cause" exists when it is established by satisfactory evidence that factors or circumstances are beyond the reasonable control of a rational and prudent individual of normal sensitivity, exercising ordinary common sense.

(21) "Independent contractor" means an individual or business entity that is not subject to the direction and control of the employing entity as determined in accordance with OAR 459-010-0032 (Determination of Independent Contractor Status).

(22) "Judge member" has the same meaning as provided in ORS 238.500 (Definitions for ORS 238.500 to 238.585)(3). For purposes of this chapter, active, inactive, and retired membership of a judge member shall have the same meaning as provided in ORS 238.005 (Definitions).

(23) "Legislator" means an individual elected or appointed to the Oregon Legislative Assembly who has elected to participate in PERS for their legislative service.

**(24)** "Member cost" means after-tax member contributions and payments made by or on behalf of a member to purchase additional benefits.

**(25)** "Participating employer" means a public employer who has one or more employees who are active members of PERS.

**(26)** "PERS" and "system" have the same meaning as the Public Employees Retirement System in ORS 238.600 (System established).

**(27)** "Public university" means a public university with a governing board as listed in ORS 352.002 (Public universities).

**(28)** "Qualifying position" has the same meaning as provided in ORS 238.005 (Definitions) and OAR 459-010-0003 (Eligibility and Membership for the PERS Tier One/Tier Two Program).

**(29)** "Regular account" means the account established under ORS 238.250 (Regular accounts) for each active and inactive member who has made contributions to the Fund or the account of an alternate payee of such a member.

**(30)** "Salary" has the same meaning as provided in ORS 238.005 (Definitions).

    **(a)** "Salary" includes a differential wage payment, as defined in this rule.

    **(b)** For a Tier One member, a lump sum payment for accrued vacation pay is considered salary:

        **(A)** In determining employee and employer contributions.

        **(B)** In determining final average salary for the purpose of calculating PERS benefits.

    **(c)** For a Tier Two member, a lump sum payment for accrued vacation pay:

        **(A)** Is considered salary in determining employee and employer contributions.

        **(B)** Is not considered salary in determining final average salary for the purpose of calculating PERS benefits.

**(31)** "Seasonal worker" means an individual whose engagement is characterized as recurring for defined periods that are natural divisions of the employer's business cycle or services.

**(32)** "Staff" means the employees of the Public Employees Retirement System as provided for in ORS 238.645 (Director and staff).

**(33)** "Tier One member" means a member who established membership in the system before January 1, 1996, as defined in ORS 238.430 (Limitation on benefits payable to persons establishing membership on or after January 1, 1996)(2).

**(34)** "Tier Two member" means a member who established membership in the system on or after January 1, 1996, in accordance with ORS 238.430 (Limitation on benefits payable to persons establishing membership on or after January 1, 1996).

**(35)** "USERRA" means the federal Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301-4334, as in effect on the effective date of this rule.

**(36)** "Vacation pay" means a lump sum payment for accrued leave in a Vacation Leave Program provided by a public employer which grants a period of exemption from work for rest and relaxation with pay, and does not include:

(a) Sick leave programs;

(b) Programs allowing the accumulation of compensatory time, holiday pay or other special leaves unless the public employer's governing body indicates by resolution, ordinance, or other legislative process, that such leave is intended to serve as additional vacation leave; and

(c) Other programs, such as a Personal Time Off (PTO) plan, which are a combination of vacation, sick, bereavement, personal and other leaves of pay as defined and described by a public employer unless the employer has a written policy that clearly indicates the percentage of the plan that represents vacation leave. If the employer's PTO has a cash option, the employer must report to PERS the amount of any lump sum pay-off for the percentage that represents vacation leave.

**(37)** "Variable account" and "member variable account" mean the account in the Variable Annuity Account established under ORS 238.260 (Variable Annuity Account)(2) for each active and inactive member who has elected to have amounts paid or transferred into the Variable Annuity Account.

**(38)** "Variable Annuity Account" means the account established in ORS 238.260 (Variable Annuity Account)(2).

**(39)** "Volunteer" means an individual who performs a service for a public employer, and who receives no compensation for the service performed. The term "volunteer" does not include an individual whose compensation received from the same public employer for similar service within the same calendar year exceeds the reasonable market value for such service.

**(40)** "Working day" means a day that the employer is open for business. Unless the employer communicates this information to PERS, PERS will presume an employer's "working day" is the same as a "business day," as defined in section (4) of this rule.

**(41)** "Year" means any period of 12 consecutive calendar months.

*Location:* https://oregon.public.law/rules/oar_459-005-0001

*Original Source: Rule 459-005-0001 — Definitions, Generally,* https://secure.sos.state.or.us/oard/view.action?ruleNumber=459-005-0001 (last accessed Jun. 8, 2021).



# Final Average Salary

Final Average Salary (Tier One/Tier Two)

## Tier One Members

If you are a *Tier One member* 🗓, your monthly final average salary (FAS) will be the greater of these amounts: (1) your average gross salary or adjusted total gross earned over the three calendar years in which you received the largest total salary from one or more PERS-participating employers, even if one of those years was less than a full *calendar year* 🗓 or (2) your total gross salary or adjusted total gross earned over the last 36 months divided by the actual number of calendar months of active service within that 36-month period.

To be included in Tier One monthly FAS calculations, payments must be made within 31 days of separation from employment. Calculations will include any lump-sum payments for accrued vacation time and accrued compensatory time. An adjusted value of accumulated unused sick leave may be included if your employer participates in the sick leave program. Employee contributions are salary for FAS purposes. Member-paid contributions, because they are deducted from the member's pay, are already included in salary. Employer-paid contributions are considered additional salary.

## Tier Two Members

If you are a *Tier Two member* 🗓 and you **do not** work for a local government, as defined in ORS 174.116, your monthly FAS will be the greater of these amounts: (1) your average gross salary or adjusted total gross earned over the three calendar years in which you earned the largest total salary from one or more PERS-participating employers, even if one of those years was less than a full calendar year, or (2) your total gross salary or adjusted total gross earned over the last 36 months divided by the actual number of calendar months of active service within that 36-month period. Subject salary attributed to any pay period that occurs before the first full pay period included in the three calendar years or at the beginning of the last 36 calendar months of active membership is excluded.

To be included in final average monthly salary calculations for Tier Two members who are not employed by a local government, payments must be made within 31 days of separation from employment. Calculations do not include lump-sum payments you received for accrued vacation time during the period of time used to calculate FAS. An adjusted value for accumulated unused sick leave may be included if your employer participates in the sick leave program. Employee contributions are salary for FAS purposes. Member-paid contributions, because they are deducted from the member's pay, are already included in salary. Employer-paid contributions are considered additional salary.

If you are a Tier Two member who works for a local government, as defined in ORS 174.116, your monthly FAS will be the greater of these amounts: (1) your average gross salary or adjusted total gross earned over the three calendar years in which you earned the largest total salary from one or more PERS-participating employers, even if one of those years was less than a full calendar year, or (2) your total gross salary or adjusted total gross earned over the last 36 months divided by the actual number of calendar months of active service within that 36-month period.

In determining salary to be included in monthly FAS calculations for Tier Two members who are employed by a local government, the timing of payments is not relevant as salary is considered when earned. Calculations do not include lump-sum payments you received for accrued vacation time during the period of time used to calculate FAS. An adjusted value for accumulated unused sick leave may be included if your employer participates in the sick leave program. Employee contributions are salary for FAS purposes. Member-paid contributions, because they are deducted from the member's pay, are already included in salary. Employer-paid contributions are considered additional salary.

*Related topics:*

# OREGON PERS
PUBLIC EMPLOYEES RETIREMENT SYSTEM

# Chapter 238 Tier One/Tier Two and OPSRP Pension Program Payment Categories

This chart is provided to assist employers in identifying types of payments that are considered subject salary for Chapter 238 Tier One/Tier Two and OPSRP Pension program members. Subject salary is used to determine member IAP account contributions, employer contributions and, with some exceptions, to determine the "final average salary" (FAS) factor used in Tier One/Tier Two benefit and OPSRP Pension benefit calculations. This chart is a guide and is NOT ALL-INCLUSIVE.

| Payment Type | Description (Determine whether payment fits general description) | Ch. 238 Tier One/Tier Two members (ORS 238) This type of payment is: | OPSRP Pension Program members (ORS 238A) This type of payment is: | Report this payment in the EDX DTL2 record field: |
|---|---|---|---|---|
| Accrued compensatory time | A lump-sum payoff of compensatory time. Compensatory time is paid leave accrued for unpaid time worked above and beyond an employee's regular hours. | Subject | Non-subject | Lump-sum Payoff |
| Accrued sick leave | A lump-sum payoff of accrued sick leave. | Non-subject | Non-subject | Non-Subject Salary |
| Accrued vacation leave | A lump-sum payoff of accrued vacation leave. Includes any portion of accrued personal time off (PTO) the employer identifies as vacation leave. | Subject | Non-subject | Lump-Sum Vacation Payoff |
| Accrued paid leave (other) | A lump-sum payoff of any paid leave other than accrued comp time, sick leave, or vacation leave. | Subject | Non-subject | Lump-sum Payoff |
| Advance against future wages | Compensation for work not yet performed. | Non-subject | Non-subject | Non-Subject Salary |
| Allowances, non-taxable | Allowances, excluded from taxable income — includes remuneration in the form of living quarters, lodging, board, or other items of value. See also **Expenses**. | Subject | Non-subject | Lump-Sum Payoff |
| Allowance, taxable | Allowances included in taxable income — includes remuneration in the form of living quarters, lodging, board, or other items of value. | Subject | Subject | Subject Salary, Regular |
| Annuities | Payments to a tax sheltered or deferred annuity made at the election of an employee. | Subject | Subject | Subject Salary, Regular |
| Back pay | Compensation paid to an employee for a past work period. Example: a payment for a retroactive adjustment of an hourly pay rate arising from collective bargaining. Not a retroactive payment to correct a clerical error or pursuant to a settlement agreement (see **Retroactive payments**). | Subject | Subject | Subject Salary, Regular (Code 01- Regular Wages) |

| Payment Type | Description (Determine whether payment fits general description) | Ch. 238 Tier One/Tier Two members (ORS 238) This type of payment is: | OPSRP Pension Program members (ORS 238A) This type of payment is: | Report this payment in the EDX DTL2 record field: |
|---|---|---|---|---|
| Bonus | A gratuitous payment in addition to regular salary or wages. Does **not** include a retirement bonus | Subject | Subject | **Subject Salary, Regular** |
| Cafeteria plan 1 — employer paid (26 USC 125) | The number of possible structures for employer paid cafeteria plans make it impossible for PERS to generally categorize employer contributions to a cafeteria plan as subject or non-subject. The employer is in the best position to determine the structure and authority underlying its cafeteria plan and whether employer contributions to the plan are subject salary. ORS 238.005(26) and 238A.005(17) define salary for the PERS Chapter 238 Program and OPSRP Pension Program, respectively. Employers should use these resources and consult their legal advisor, if necessary, to make the determination. | Employer determination | Employer determination | **Subject Salary, Regular; or Non-Subject Salary; as determined by the employer.** |
| Cafeteria plan 2 — employee paid (26 USC 125) | Any amount contributed to a cafeteria plan **by the employee even if not included in the employee's taxable income.** | Subject | Subject | **Subject Salary, Regular** |
| Cash or deferred accounts | Any amount contributed to a cash or deferred arrangement by the employer **at the election of the employee that is not included in the employee's taxable income** by reason of 26 U.S.C. 402(e)(3). Includes 403(b) and 401(k) plans. | Subject | Subject | **Subject Salary, Regular** |
| COLA — cost-of-living adjustment, prior period | A payment made as a result of a labor agreement or compensation arrangement applying a cost-of-living adjustment to a prior period. **Not** a retroactive payment to correct a clerical error or pursuant to a settlement agreement (see **Retroactive payments**). | Subject | Subject | **Subject Salary, Regular (Code 01-Regular Wages)** |
| Death benefits | Payment of life insurance or other death benefits associated with the deceased member's employment. Does not include lump-sum payoffs for accrued wages, sick, vacation, or other accrued leave. | Non-subject | Non-subject | **Non-Subject Salary** |
| Deferred compensation | Payment to a deferred compensation plan by an employee or an employer, made at the election of an employee. Includes 457 plans. | Subject | Subject | **Subject Salary, Regular** |

| Payment Type | Description (Determine whether payment fits general description) | Ch. 238 Tier One/Tier Two members (ORS 238) This type of payment is: | OPSRP Pension Program members (ORS 238A) This type of payment is: | Report this payment in the EDX DTL2 record field: |
|---|---|---|---|---|
| Non-taxable Expenses | Only expenses reimbursed by an employer that are non- taxable to the employees. | Non-subject | Non-subject | Non-Subject Salary |
| IAP contributions (EPPT) | The amount of an employee contribution to the Individual Account Program paid by the employer and not deducted from the employee's compensation. | Non-subject | Non-subject | Non-Subject Salary |
| IAP contributions (MPPT, MPAT) | The amount of an employee contribution to the Individual Account Program paid by the employee and deducted from the employee's compensation, pre- or post-tax. | Subject | Subject | Subject Salary, Regular |
| IAP contributions (optional employer contributions) | The amount of any employer contribution to an employee's IAP account that exceeds the amount paid as EPPT, MPPT, or MPAT employee contributions. | Non-subject | Non-subject | Non-Subject Salary |
| Leave of absence | Payment for a leave of absence after a date the employer and employee have agreed that no future services will be performed. This type of payment is often associated with a delayed termination and/or a settlement agreement. | Non-subject | Non-subject | Non-Subject Salary |
| LSP/LSVP | Lump sum payments for accrued paid leave or compensatory time. See the Accrued payment types listed above. | See payment type | See payment type | See payment type |
| Medical premiums for a domestic partner | An amount paid for medical premiums as part of an employer provided benefit package to cover a domestic partner. | Non-subject | Employer determination | T1/T2-Non-Subject Salary; OPSRP-Subject Salary, Regular; or Non-Subject Salary; as determined by the employer. |
| Overtime pay, generally | Wages paid for time worked beyond a given upper limit for a day or week. | Subject | Subject | Subject Salary, Overtime |
| Overtime pay for hours exceeding average overtime | Wages paid for overtime that exceeds the average number of hours of overtime established by the employer for that class of employees (for OPSRP members only, this payment type is not included in the calculation for FAS). | Subject | Subject | Subject Salary, Overtime |

| Payment Type | Description (Determine whether payment fits general description) | Ch. 238 Tier One/Tier Two members (ORS 238) This type of payment is: | OPSRP Pension Program members (ORS 238A) This type of payment is: | Report this payment in the EDX DTL2 record field: |
|---|---|---|---|---|
| Overtime, Higher Education | Payments for instructional services rendered to Department of Higher Education institutions or the Oregon Health and Science University when those services are in excess of full-time employment. A person employed under a contract for less than 12 months is subject to this restriction only for the months covered by the contract. | Non-subject | Non-Subject | **Non-Subject Salary** |
| Qualified transportation fringe benefit plan | Pre-tax payments into a qualified transportation fringe benefit account at the election of an employee for reimbursable expenses for qualified parking, vanpooling, and transit passes. | Subject | Subject | **Subject Salary, Regular** |
| Release or Waiver of claims | Payments to an employee in consideration for the employee's release or waiver of claims against the employer. | Non-subject | Non-subject | **Non-Subject Salary** |
| Retirement payments or incentives | Any stipend, bonus, severance, or any other type of payment made to encourage retirement or in recognition of retirement from employment. Includes payments made to retirees after retirement. | Non-subject | Non-subject | **Non-Subject Salary** |
| Retroactive payments — Clerical Error | Retroactive payments of wages made to an employee to correct a clerical error. These payments are allocated to and deemed paid in the periods the work was done or would have been done. | Subject | Subject | **Subject Salary, Regular (Code 04- Retroactive Payment)** |
| Retroactive payments — Settlement Agreements | Retroactive payments of wages made to an employee pursuant to a judgment, administrative order, arbitration award, conciliation agreement, or settlement agreement that resolves a claim based on employment or wage law or a collective bargaining agreement. **These payments are allocated to and deemed paid in the periods in which the work was done or would have been done, unless the member retired or withdrew during that period.** (Employers should contact their Employer Service Center representative for assistance in allocation and reporting.) | Subject | Subject | **Subject Salary, Regular (Code 04- Retroactive Payment)** |

| Payment Type | Description | Ch. 238 Tier One/Tier Two members (ORS 238) | OPSRP Pension Program members (ORS 238A) | Report this payment in the EDX DTL2 record field: |
|---|---|---|---|---|
| | (Determine whether payment fits general description) | This type of payment is: | This type of payment is: | |
| Salary increase to offset health insurance premiums (SB 862, 10/2013) | Salary increases made specifically to offset health insurance premiums previously paid by the employer. | Subject | Subject | Subject Salary, Regular |
| Salary limit | Salary that meets calendar year compensation limits is considered subject for member account contributions. Any salary in excess of the amount listed is non-subject. For years prior to 2020, for OPSRP members only, the limit will be prorated for partial year employment in a calendar year. Beginning January 1, 2020, contribution limits for partial year employment will apply to all members (Tier One, Tier Two and OPSRP). Any salary in excess of the amount listed (prorated for partial-years) is non-subject. Salary limits may differ for contributions and final average salary purposes. | Click here for current year limits | Click here for current year limits | Non-Subject Salary |
| Severance pay, generally | Lump-sum payment made to an employee upon a voluntary or involuntary termination of employment. | Non-subject | Non-subject | Non-Subject Salary |
| Severance pay per policy | Lump-sum payment made to an employee upon an involuntary termination of employment and pursuant to a pre-existing, written personnel policy, collective bargaining agreement, or contract. | Subject | Non-subject | Lump-Sum Payoff |
| Stipend (coaches) | A fixed amount paid as compensation for coaching services, regardless of number of hours worked. Example: a school teacher is paid an additional $1,000 to coach the school's soccer team. | Subject | Subject | Subject Salary, Regular |
| Travel | Travel expenses reimbursed by an employer. | Non-subject | Non-subject | Non-Subject Salary |
| Wages paid to a surviving spouse or child | Payment of accrued wages and/or accrued paid leave, except sick leave to a surviving spouse or dependent child of a deceased member who died on or after June 29, 2005. | Subject | Subject | Subject Salary, Regular |
| Waiting time salary | Salary paid to an employee before the date the employee establishes membership (contribution start date) in the PERS Chapter 238 or the OPSRP Pension Program. | Non-subject | Non-subject | Subject Salary, Regular Qualifying position: wg. code 01 Non-qual. position: wg. code 02 NO contributions |

| Payment Type | Description (Determine whether payment (its general description)) | Ch. 238 Tier One/Tier Two members (ORS 238) This type of payment is: | OPSRP Pension Program members (ORS 238A) This type of payment is: | Report this payment in the EDX DTL2 record field: |
|---|---|---|---|---|
| Workers' compensation | Payments made to an employee not performing services due to an injury that qualifies for workers' compensation. It does not matter whether the payments are made by a private insurer or a self-insured employer. | Non-subject | Non-subject | **Non-Subject Salary** |
| Workers' compensation gross-up | Payments by the employer to an employee to make up any shortfall between the employee's regular salary and the workers' compensation payment. The member must be still be employed in a qualifying position as defined in OAR Chapter 459. | Subject | Subject | **Subject Salary, Regular** |

**Revisions**

8/26/2022: updated ORS for defined subject salary under payment type Cafeteria plan 1 — employer paid (26 USC 125).

4/4/2022: Removed "Bonus – not included in employee's Oregon Taxable income" payment type (SB 111A, 2021).

3/30/2016: Updated Salary Limits table.

12/4/2014: Added 2015 salary limits to "Salary Limits" through updated "current limit" links (line 38).

7/30/2014: Added proration statement to the description of "Salary Limit" (line 38).

3/14/2014: Added "Non-taxable" to payment type "Expenses" (line 22) and updated payment type description.

12/10/2013: Added 2014 salary limits for contributions (line 38).

11/14/13: Added "Salary increase to offset health insurance premiums" (SB 862, 10/2013).

In compliance with the Americans with Disabilities Act, PERS will provide this document in an alternate format upon request. To request this, contact PERS at 888-320-7377 or TTY 503-603-7766.

**Portland Public Schools**
Multnomah County SD 1J, PO Box 3107
Portland OR 97208-3107
503/916-3302    Oregon Employer BIN: 05030361

| Pay Group: | CXX-Contract Employees | Business Unit: PPS1J |
| Pay Begin Date: | 04/16/2019 | Check #: 000000000317969 |
| Pay End Date: | 05/15/2019 | Check Date: 05/21/2019 |

Theresa M Seeley
7025 NE Davis St
Portland OR 97213

| Employee ID: 008485 | | |
| Department: | 5414-Special Education Svcs-Mgmt | |
| Location: | Itinerant @ BESC | |
| Job Title: | School Psychologist | |
| Pay Rate: | $85,646.00 Contract | |

| TAX DATA: | Federal | OR State |
| Tax Status: | Single | Single |
| Allowances: | 2 | 2 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

## HOURS AND EARNINGS

| Description | Rate | Current Hours | Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Unpaid Absence - Salaried | | | 0.00 | 47.40 | 2,642.98- |
| Sick Leave Bank-Cntrct (memo) | | | 0.00 | 32.60 | 1,817.75 |
| National Board Certification | | | 0.00 | | 250.00 |
| Contract Earnings | | | 0.00 | 88.00 | 6,752.74 |
| Earned Not Paid | | | 0.00 | 0.01 | 6,183.35 |
| **Total:** | | | **0.00** | **168.01** | **10,543.11** |

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 0.00 | 1,026.65 |
| Fed MED/EE | 1.52 | 152.88 |
| Fed OASDI/EE | 6.46 | 653.67 |
| OR Withholdng | 0.00 | 658.64 |
| OR Transit Tx | 0.10 | 9.91 |
| **Total:** | **8.08** | **2,501.75** |

*See Fed*

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 104.24- | 0.00 |
| Public Employees Retire System | 0.00 | 632.59 |
| **Total:** | **104.24-** | **632.59** |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust Long Term Disability | 16.78- | 0.00 |
| Employee Worker's Comp Deductn | 0.00 | 1.23 |
| National Education Assoc. | 0.00 | 32.04 |
| Oregon Education Assoc. | 0.00 | 102.26 |
| Portland Assoc. of Teachers | 0.00 | 31.04 |
| **Total:** | **16.78-** | **166.57** |

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Trust-H-& W Package | 1,377.56- | 0.00 |
| Basic Group Life | 6.70- | 0.00 |
| Basic Group AD&D | 0.76- | 0.00 |
| Employer Worker's Comp | 0.00 | 1.23 |
| Public Employees Retire System | 0.00 | 702.17 |
| PERS UAL | 0.00 | 1,320.01 |
| EE Assist Prog | 0.00 | 2.10 |

* Taxable

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 0.00 | 104.24 | 8.08 | 121.02- | 112.94 |
| YTD: | 10,543.11 | 9,910.52 | 2,501.75 | 799.16 | 7,242.20 |

## LEAVE BALANCES

| Vacation: | 0.0 | Family: | 0.0 |
| Sick: | 0.0 | Pers Emergency: | 0.0 |
| Sick on Hold: | 0.0 | | |

## NET PAY DISTRIBUTION

| Check #000000000317969 | 112.94 |
| **Total:** | **112.94** |

MESSAGE:

Portland Public Schools
Multnomah County SD 1J, PO Box 3107
Portland OR 97208-3107

| Pay Group: | CXX-Contract Employees | Business Unit: PPS1J |
| Pay Begin Date: | 06/16/2013 | Check #: 000000000233112 |
| Pay End Date: | 07/15/2013 | Check Date: 07/31/2013 |

Theresa M Seeley
7025 NE Davis St
Portland OR 97213

| Employee ID: 008485 | | |
| Department: | 5414-Special Education Svcs-Mgmt | |
| Location: | Itinerant @ BESC | |
| Job Title: | School Psychologist | |
| Pay Rate: | $73,101.00 Contract | |

| TAX DATA: | Federal | OR State |
|---|---|---|
| Marital Status: | Single | Single |
| Allowances: | 6 | 6 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

## HOURS AND EARNINGS

| Description | Rate | Current Hours | Earnings | YTD Hours | Earnings |
|---|---|---|---|---|---|
| Earned Not Paid | | | 6,074.70 | | 1,296.81- |
| Extended Hours | 47.150000 | 7.50 | 353.63 | 34.50 | 1,647.89 |
| Extended Hours | 48.092763 | 22.50 | 1,082.08 | | 0.00 |
| Contract Pay | | 0.00 | | 904.00 | 43,717.30 |
| Unpaid Absence - Salaried | | 0.00 | | 16.00 | 769.48- |
| Sick Leave - Contract | | 0.00 | | 26.00 | 1,240.98 |
| Family Illness - Contract | | 0.00 | | 10.00 | 480.93 |
| Emergency/Personal - Contract | | 0.00 | | 3.00 | 144.28 |
| Jury Duty - Contract | | 0.00 | | 8.00 | 384.74 |

*(handwritten: Remaining EH =)*

| Total: | | 30.00 | 7,510.41 | 1,201.50 | 43,298.90 |

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 865.07 | 3,978.77 |
| Fed MED/EE | 107.32 | 616.76 |
| Fed OASDI/EE | 458.89 | 2,637.19 |
| OR Withholdng | 415.49 | 2,156.73 |
| Total: | 1,846.77 | 9,389.45 |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 109.09 | 763.63 |
| Public Employees Retire System | 450.62 | 2,597.92 |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust Long Term Disability | 12.16 | 85.12 |
| Ore Educ Assn - Natl Educ Assn | 61.00 | 427.00 |
| Portland Assoc. of Teachers | 13.67 | 95.69 |
| Employee Worker's Comp Deductn | 0.48 | 14.11 |

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 1,427.91 | 9,995.37 |
| Basic Group Life | 3.21 | 22.47 |
| Basic Group AD&D | 0.20 | 1.40 |
| Public Employees Retire System | 141.20 | 814.01 |
| PERS UAL | 1,145.34 | 6,292.62 |
| EE Assist Prog | 1.05 | 7.35 |
| Employer Worker's Comp | 0.51 | 13.74 |

| Total: | 559.71 | 3,361.55 | Total: | | 87.31 | 621.92 | * Taxable | | |

## TOTAL GROSS / FED TAXABLE GROSS / TOTAL TAXES / TOTAL DEDUCTIONS / NET PAY

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 7,510.41 | 6,950.70 | 1,846.77 | 647.02 | 5,016.62 |
| YTD: | 43,298.90 | 39,937.35 | 9,389.45 | 3,983.47 | 29,925.98 |

## LEAVE BALANCES

| Vacation: | 0.0 | Family: | 24.0 |
| Sick: | 659.0 | Pers Emergency: | 24.0 |

## NET PAY DISTRIBUTION

| Check #000000000233112 | 5,016.62 |
|---|---|
| Total: | 5,016.62 |

MESSAGE:

Portland Public Schools
Multnomah County SD 1J, PO Box 3107
Portland OR 97208-3107

Pay Begin Date: 03/01/2012
Pay End Date: 03/15/2012

Check #: 0215146
Check Date: 03/23/2012

| | |
|---|---|
| Theresa M Seeley | Employee ID: 008485 |
| 7025 NE Davis St | Department: 5414-Special Education Svcs-Mgmt |
| Portland OR 97213 | Location: Itinerant @ BESC |

| TAX DATA: | Federal | OR State |
|---|---|---|
| Marital Status: | Single | Single |
| Allowances: | 6 | 6 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

## HOURS AND EARNINGS

| | | Current | | YTD | | TAXES | | |
|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Contract Pay | | 168.00 | 7,166.80 | 632.00 | 21,500.40 | Fed Withholding | 526.52 | 1,501.02 |
| Earned Not Paid | | | 1,194.47 | | 3,583.40 | Fed MED/EE | 85.07 | 255.21 |
| | | | | | | Fed OASDI/EE | 246.41 | 739.23 |
| | | | | | | OR Withholding | 291.11 | 878.00 |
| | | | | | | **Total:** | 1,149.11 | 3,473.46 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust Long Term Disability | 7.00 | 21.00 |
| Ore Educ Assn - Natl Educ Assn | 59.75 | 179.25 |
| Portland Assoc. of Teachers | 13.67 | 41.01 |
| Employee Worker's Comp Deductn | 2.52 | 6.48 |

| **Total:** | 168.00 | 5,972.33 | 432.00 | 17,917.00 | **Total:** | 82.94 | 247.74 |
|---|---|---|---|---|---|---|---|

## GARNISHMENTS

| Description | Current | YTD |
|---|---|---|
| | | |

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 1,313.76 | 3,941.28 |
| EE Assist Prog | 1.05 | 3.15 |
| Employer Worker's Comp | 2.18 | 5.61 |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 105.41 | 316.23 |
| Public Employees Ret | 358.34 | 1,075.02 |

| **Total:** | 0.00 | 0.00 | * Taxable | 1,316.99 | 3,950.04 | **Total:** | 463.75 | 1,391.25 |
|---|---|---|---|---|---|---|---|---|

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 5,972.33 | 5,508.58 | 1,149.11 | 546.69 | 4,276.53 |
| YTD: | 17,917.00 | 16,525.75 | 3,473.46 | 1,638.99 | 12,804.55 |

## LEAVE BALANCES

| Vacation: | 0.0 | Family: | 24.0 |
|---|---|---|---|
| Sick: | 546.0 | Pers Emergency: | 16.0 |

## NET PAY DISTRIBUTION

| Check #0215146 | | | 4,276.53 |
|---|---|---|---|
| **Total:** | | | 4,276.53 |

MESSAGE:



**Portland Public Schools**
Multnomah County SD 1J, PO Box 3107
Portland OR 97208-3107

| Pay Begin Date: | 04/16/2012 | Check #: | 0217597 |
|---|---|---|---|
| Pay End Date: | 05/15/2012 | Check Date: | 05/31/2012 |

Theresa M Seeley
7025 NE Davis St
Portland OR 97213

| Employee ID: 008485 | |
|---|---|
| Department: | 5414-Special Education Svcs-Mgmt |
| Location: | Itinerant @ BESC |

| TAX DATA: | Federal | OR State |
|---|---|---|
| Marital Status: | Single | Single |
| Allowances: | 6 | 6 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

## HOURS AND EARNINGS

| Description | Rate | Current Hours | Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Contract Pay | | 176.00 | 7,166.80 | 736.00 | 35,834.00 |
| Earned Not Paid | | | 1,194.47- | | 5,972.33- |
| Emergency/Personal – Contract | | | 0.00 | 2.00 | 94.30 |
| Sick Leave – Contract | | | 0.00 | 2.00 | 94.30 |
| **Total:** | | 176.00 | 5,972.33 | 740.00 | 29,861.67 |

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 526.52 | 2,654.06 |
| Fed MED/EE | 85.07 | 425.35 |
| Fed OASDI/EE | 246.41 | 1,232.05 |
| OR Withholdng | 291.11 | 1,460.22 |
| **Total:** | 1,149.11 | 5,771.68 |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust Long Term Disability | 7.00 | 35.00 |
| Ore Educ Assn – Natl Educ Assn | 59.75 | 298.75 |
| Portland Assoc. of Teachers | 13.67 | 68.35 |
| Employee Worker's Comp Deductn | 2.64 | 10.98 |
| **Total:** | 83.06 | 413.08 |

## GARNISHMENTS

| Description | Current | YTD |
|---|---|---|

**Total:** .00 0.00

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 1,313.76 | 6,568.80 |
| EE Assist Prog | 1.05 | 5.25 |
| Employer Worker's Comp | 2.29 | 9.51 |
| * Taxable | 1,317.10 | 6,583.56 |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 105.41 | 527.05 |
| Public Employees Ret | 358.34 | 1,791.70 |
| **Total:** | 463.75 | 2,318.75 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 5,972.33 | 5,508.58 | 1,149.11 | 546.81 | 4,276.41 |
| YTD | 29,861.67 | 27,542.92 | 5,771.68 | 2,731.83 | 21,358.16 |

## LEAVE BALANCES

| | | | |
|---|---|---|---|
| Vacation: | 0.0 | Family: | 24.0 |
| Sick: | 544.0 | Pers Emergency: | 14.0 |

## NET PAY DISTRIBUTION

| | |
|---|---|
| Check #0217597 | 4,276.41 |
| **Total:** | 4,276.41 |

MESSAGE:

Portland Public Schools
Multnomah County SD 1J
PO Box 3107
Portland, OR 97208-3107

Date
11/30/2004

Advice No.
282763

Deposit Amount:   $3,339.93



| DIRECT DEPOSIT DISTRIBUTION | |
|---|---|
| | Deposit Amount |
| 2037233 | $3,339.93 |
| Total: | $3,339.93 |

To The
Account(s) Of

Location: Fernwood MS
P 5414

THERESA M MIDDLETON
3463 SW Alice
Portland, OR 97219

NON-NEGOTIABLE

---

Portland Public Schools
Multnomah County SD 1J, PO Box 3107
Portland, OR 97208-3107

Pay Begin Date: 10/16/2004
Pay End Date: 11/15/2004

Advice #: 0282763
Advice Date: 11/30/2004

Theresa M Middleton
3463 SW Alice
Portland, OR 97219

Employee ID: 008485
Department: 5414-Special Education Svcs-Mgmt
Location: Fernwood MS

TAX DATA:   Federal   OR State
Marital Status:   Single   Single
Allowances:   4   4
Addl. Pct.:
Addl. Amt.:

## HOURS AND EARNINGS

| Description | Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Contract Pay | | 168.00 | 6,380.90 | 1,328.00 | 54,746.85 |
| Earned Not Paid | | | 1,063.48- | | 0.00 |
| Sick Leave - Contract | 41.979605 | 5.50 | 230.89 | 39.00 | 1,541.40 |
| Retro Pay | | | 586.19 | | 586.19 |
| ENP Retro | | | 94.42- | | 94.42- |
| Payroll Advance | | | 0.00 | | 125.00 |
| Emergency/Personal - Contract | | | 0.00 | 12.00 | 465.56 |
| Taxable Wage Adjustment | | | 0.00 | | 681.90 |
| Family Illness - Contract | | | 0.00 | 6.00 | 232.78 |
| Extended Hours | | | 0.00 | 49.50 | 1,933.41 |
| Teaching Materials Stipend | | | 0.00 | | 75.00 |

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 808.53 | 7,583.08 |
| Fed MED/EE | 85.44 | 867.97 |
| Fed OASDI/EE | 365.34 | 3,711.33 |
| OR Withholdng | 379.73 | 3,709.21 |
| Total: | 1,639.04 | 15,871.59 |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Ore Educ Assn – Natl Educ Assn | 50.50 | 548.86 |
| Portland Assoc. of Teachers | 10.75 | 118.25 |
| Employee Worker's Comp Deductn | 2.93 | 23.77 |
| Payroll Advance | 0.00 | 125.00 |

| Total: | 173.50 | 5,809.19 | 1,434.50 | 57,392.03 |
|---|---|---|---|---|

| Total: | | 64.18 | 815.88 |
|---|---|---|---|

## GARNISHMENTS

| Description | Current | YTD |
|---|---|---|
| | | |

| Total: | 0.00 | 0.00 |
|---|---|---|

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 762.93 | 10,131.77 |
| Domestic Partner Plan 1* | 500.57 | 4,828.77 |
| Cascade Centers EE Assist Prog | 1.75 | 19.25 |
| Employer Worker's Comp | 2.93 | 23.77 |

| * Taxable | 1,268.58 | 15,003.56 |
|---|---|---|

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Trust H & W Package | 167.49 | 167.49 |
| Flex Spending Acct H | 250.00 | 2,750.00 |
| Public Employees Ret | 348.55 | 3,436.02 |

| Total: | 766.04 | 6,353.51 |
|---|---|---|

## TOTAL GROSS

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 5,809.19 | 5,544.12 | 1,639.04 | 830.22 | 3,339.93 |
| YTD: | 57,392.03 | 56,424.19 | 15,871.59 | 7,169.39 | 34,351.05 |

## LEAVE BALANCES

| Vacation: | 0.0 | Family: | 24.0 |
|---|---|---|---|
| Sick: | 261.5 | Pers Emergency: | 24.0 |

## NET PAY DISTRIBUTION

| Advice #0282763 | 3,339.93 |
|---|---|
| Total: | 3,339.93 |

MESSAGE:

Date
09/30/2004

Advice No.
272967



| DIRECT DEPOSIT DISTRIBUTION | | Deposit Amount |
|---|---|---|
| 2037233 | | $3,043.10 |
| | | |
| | | |
| Total: | | $3,043.10 |

# NON-NEGOTIABLE

| Pay Begin Date: | 08/16/2004 | Advice #: | 0272967 |
|---|---|---|---|
| Pay End Date: | 09/15/2004 | Advice Date: | 09/30/2004 |

| | TAX DATA: | Federal | OR State |
|---|---|---|---|
| Education Svcs-Mgmt | Marital Status: | Single | Single |
| S | Allowances: | 4 | -4 |
| | Addl. Pct.: | | |
| | Addl. Amt.: | | |

| | YTD | | TAXES | | |
|---|---|---|---|---|---|
| Hours | Earnings | Description | Current | YTD |
| 50 | 992.00 | 44,368.10 | Fed Withholdng | 679.36 | 5,973.87 |
| 27- | | 0.00 | Fed MED/EE | 77.32 | 697.73 |
| 00 | | 125.00 | Fed OASDI/EE | 330.61 | 2,983.38 |
| 00 | 25.00 | 969.53 | OR Withholdng | 333.23 | 2,952.57 |
| 00 | 12.00 | 465.56 | | | |
| 0.00 | | 681.90 | Total: | 1,420.52 | 12,607.55 |
| 00 | 6.00 | 232.78 | AFTER-TAX DEDUCTIONS | | |
| 0.00 | 38.50 | 1,492.14 | Description | Current | YTD |
| | | | Ore Educ Assn – Natl Educ Assn | 50.50 | 447.86 |
| | | | Portland Assoc. of Teachers | 10.75 | 96.75 |
| | | | Employee Worker's Comp'Deductn | 1.58 | 17.77 |
| | | | Payroll Advance | 0.00 | -125.00 |

| 1.33 | 1,073.50 | 45,985.24 | Total: | 62.83 | 687.38 |
|---|---|---|---|---|---|
| GYBR PAID BENEFITS | | | BEFORE-TAX DEDUCTIONS | | |
| | Current | YTD | Description | Current | YTD |
| ve | 930.42 | 8,438.42 | Flex Spending Acct H | 250.00 | 2,250.00 |
| 1* | 500.97 | 3,826.83 | Public Employees Ret | 304.88 | 2,751.61 |
| Assist Prog | 1.75 | 15.75 | | | |
| Comp | 1.58 | 17.77 | | | |

| | 1,434.72 | 12,298.77 | Total: | 554.88 | 5,001.61 |
|---|---|---|---|---|---|
| TOTAL TAXES | | TOTAL DEDUCTIONS | | NET PAY |
| | 1,420.52 | | 617.71 | 3,043.10 |
| | 12,607.55 | | 5,688.99 | 27,688.70 |

| NET PAY DISTRIBUTION | |
|---|---|
| Advice #0272967 | |
| Total: | |

MBR

17 1/5



Kate Brown, Governor

Public Employees Retirement System
Headquarters:
11410 S.W. 68th Parkway, Tigard, OR
Mailing Address:
P.O. Box 23700
Tigard, OR 97281-3700
(503) 598-7377
TTY (503) 603-7766
www.oregon.gov/pers

August 31, 2018

THERESA SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213

| | |
|---|---|
| Date: | 8/31/2018 |
| PERS ID: | 541343 |
| Member Date of Birth: | 2/9/1964 |
| Retirement Date: | 8/1/2018 |
| Last Day of Service: | 2/8/2018 |
| Termination Date: | 7/31/2018 |
| Retirement Age: | 54 yrs 5 mos |

55 yo,

should be calculated as if 58, Normal Retirement age for service

Estimate Type: Disability

Estimate No: 828169

This estimate is based on information available to PERS on the date of the estimate. PERS is not bound by any estimate it provides. ORS 238.455(6). Changes to contributions, earnings, retirement credit, final average salary, calculation factors, laws or other information used to develop this estimate will affect the accuracy of the estimate.

This estimate does not entitle you to any benefits. Your benefits are determined in accordance with ORS chapters 238 and 238A when benefits are first paid. If PERS at any time becomes aware of an error in your benefits, whether the error was made by you, your employer(s) or by PERS, PERS is required to correct it. PERS also may be required to make corrections as a result of court decisions or other change in law. Corrections may result in an increase or a decrease in your benefits. Changes resulting from discovery of any error may be retroactive to your retirement date. PERS is required to collect amounts over paid to you as the result of an error. If PERS underpaid you as a result of an error, PERS is required to provide amounts underpaid to you.

Page 2 of 4

Information used in these projections

Beneficiary : JAMES LEONARD LEIGHTON     Year of Birth: 1951

Creditable Service Time: 24 yrs 4 mos
Granted Service (disability only): 3 yrs 7 mos

|  |  |
|---|---|
| | Prior Service Time: 0 yrs |
| | Sick Leave Hours: 0 |
| Service Purchases: | Vacation Hours: 0 |
| Waiting Time:     0 yrs 8 mos | Contract Salary: $0.00 |
| Forfeited Time:   0 yrs 0 mos | Contract Hours: 0 |
| Full Cost:        0 yrs 0 mos | Estimated Member Cost: $3,535.68 |
| Miscellaneous:    0 yrs 0 mos | Residency: Oregon |

Total Creditable Service with Purchase(s): 25 yrs 0 mos

*(handwritten: 2018·19 circled around High 3 Years table)*

High 3 Years

| Year | Salaries |
|------|----------|
| 2017 · 18 | $82,519.78 |
| 2016 · 17 | $79,320.44 |
| 2015 | $78,302.04 |
| | $240,142.26 |

Last 36 Months

| Year | Months | Salaries |
|------|--------|----------|
| 2018 | 7 *(handwritten: 12)* | $53,272.87 |
| 2017 | 12 | $82,519.78 |
| 2016 | 12 | $79,320.44 |
| 2015 | 5 | $32,828.81 |
| | | $247,941.90 |

Average monthly salary: $6,887.28

*(handwritten note at bottom:)*
There's a discrepancy for 2015
79,145 is reported as annual
on compensation statement.

Estimate for Non-Judge Member (08/31/2018) SL3

Page 3 of 4

THERESA SEELEY

Date: 8/31/2018
PERS ID: 541343
Estimate No: 828169

Retirement Date: 8/1/2018
Termination Date: 7/31/2018

|  | regular | variable | total |
|---|---|---|---|
| Current account balance : | $142,013.82 | $0.00 | $142,013.82 |
| Projected account balance at retirement : | $147,931.56 | $0.00 | $147,931.56 |

Benefit Options and Amounts

| | No Purchase | With Purchase | | No Purchase | With Purchase |
|---|---|---|---|---|---|
| Option1 | $3,398.39 | $3,477.63 | LumpSum Option 1 | | |
| Refund Annuity | $3,307.24 | $3,386.22 | LumpSum Option 2 | | |
| Option 15C | $3,111.58 | $3,184.12 | LumpSum Option 2A | | |
| Option 2 | $2,943.01 | $3,011.63 | LumpSum Option 3 | | |
| Option 2A | $2,841.06 | $2,907.30 | LumpSum Option 3A | | |
| Option 3 | $3,153.72 | $3,227.24 | Total LumpSum | | |
| Option 3A | $3,095.93 | $3,168.12 | | | |

50% FAS

Option 1 Calculation Method Comparison:

$2,313.64    Money Match
$3,376.34    Full Formula
              Formula + Annuity

P & F Unit Benefit

    Number of payments:   0
    Monthly benefit:      $0.00
    Excess Unit payment:  $0.00

Assumptions used in Projection

    Account Balance:
                Regular Projected at  4.18%
                Variable Projected at  -0.37%
    Job Classification:
                Retirement Job Class  01
    Salary Projections:
                Salary Projected to increase at  0%  annually

This estimate is based on information available to PERS on the date of the estimate. PERS is not bound by any estimate it provides. ORS 238.455(6). Changes to contributions, earnings, retirement credit, final average salary, calculation factors, laws or other information used to develop this estimate will affect the accuracy of the estimate.

This estimate does not entitle you to any benefits. Your benefits are determined in accordance with ORS chapters 238 and 238A when benefits are first paid. If PERS at any time becomes aware of an error in your benefits, whether the error was made by you, your employer(s) or by PERS, PERS is required to correct it. PERS also may be required to make corrections as a result of court decisions or other change in law. Corrections may result in an increase or a decrease in your benefits. Changes resulting from discovery of any error may be retroactive to your retirement date. PERS is required to collect amounts over paid to you as the result of an error. If PERS underpaid you as a result of an error, PERS is required to provide amounts underpaid to you.

<div align="center">Messages</div>

Payments under Option 1 terminate with the death of the retiree. There are no continuing benefits.

Disability applicants are not eligible for lump sum options.

Please refer to enclosed purchase documents for individual purchase information.

18 1/4



# Oregon

Kate Brown, Governor

Public Employees Retirement System
Headquarters:
11410 S.W. 68th Parkway, Tigard, OR
Mailing Address:
P.O. Box 23700
Tigard, OR 97281-3700
(503) 598-7377
TTY (503) 603-7766
www.oregon.gov/pers

February 3, 2022

THERESA SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213-5629

*Please recalculate with Credible Years of 29.2; Monthly Average of : no less than $10,347*

| | |
|---|---|
| Date: | 2/3/2022 |
| PERS ID: | 541343 |
| Member Date of Birth: | 2/9/1964 |
| Retirement Date: | 3/1/2022 |
| Last Day of Service: | 1/16/2019 |
| Termination Date: | 1/16/2019 |
| Retirement Age: | 58 yrs 0 mos |

*Employment: #3818, 4280, others 8*
*NA still working; SD No 1 last day 1/24*
*Was not termed 1/16/19; Contract: 3/12/19 - 6/30/21; #3818; #4280, others*

Estimate Type: Service

Estimate No: 1191081

*Not True Ignoring Member Proof & Account Balances*

This estimate is based on information available to PERS on the date of the estimate. PERS is not bound by any estimate it provides. ORS 238.455(6). Changes to contributions, earnings, retirement credit, final average salary, calculation factors, laws or other information used to develop this estimate will affect the accuracy of the estimate.

This estimate does not entitle you to any benefits. Your benefits are determined in accordance with ORS chapters 238 and 238A when benefits are first paid. If PERS at any time becomes aware of an error in your benefits, whether the error was made by you, your employer(s) or by PERS, PERS is required to correct it. PERS also may be required to make corrections as a result of court decisions or other change in law. Corrections may result in an increase or a decrease in your benefits. Changes resulting from discovery of any error may be retroactive to your retirement date. PERS is required to collect amounts over paid to you as the result of an error. If PERS underpaid you as a result of an error, PERS is required to provide amounts underpaid to you.

Estimate for Non-Judge Member (02/03/2022) SL3

1875

Information used in these projections

Beneficiary : Whisper

Year of Birth: 1997

Creditable Service Time: 25 yrs 7 mos
Granted Service (disability only): 0 yrs 0 mos

Prior Service Time: 0 yrs
Sick Leave Hours: 0
Vacation Hours: 0

Service Purchases:
Waiting Time:      0 yrs 0 mos          Contract Salary: $0.00
Forfeited Time:   0 yrs 0 mos          Contract Hours: 0
Full Cost:            0 yrs 0 mos          Estimated Member Cost: $3,339.28
Miscellaneous:   0 yrs 0 mos          Residency: Oregon

Total Creditable Service with Purchase(s): 25 yrs 7 mos

*see PERS*

*— Excludes employer & / or employee contribution*
*per OAR 459-005-0001 : other Subject Salary*

Wages Earned: High 3 Years                    Last 36 Months

| Year | Salaries | Year | Months | Salaries * |
|------|----------|------|--------|-----------|
| 2018 | $86,616.00 | 2019 | 1 | $10,543.11 |
| 2017 | $82,519.78 | 2018 | 12 | $86,616.00 |
| 2016 | $79,320.44 | 2017 | 12 | $82,519.78 |
|      | $248,456.22 | 2016 | 11 | $72,725.02 |
|      |          |      |        | $252,403.91 |

*includes projected salaries

*Vs*

*Total Compensation*

*Gross Salary :*
*wages*
*employee*
*+ /or*
*employer*
*contributions*

*2018 $103,281.07*
*2017 $102,520.18*
*2016 $104,835.99*
*2015 /*
*2016 /*

Average monthly salary: $7,011.22 ?

*corrected*
*Salary / or wages*

*310637.24 / 30 = Average Monthly Salary : 10354.57*

*Previous FAS / Monthly Determination*
*248.456.22 / 30 = 8281.74*
*36 = 6901.56*

## P & F Unit Benefit

Number of payments:   0
Monthly benefit:   $0.00
Excess Unit payment:   $0.00

## Assumptions used in Projection

Account Balance:
Regular Projected at 6.9%
Variable Projected at 6.9%
Job Classification:
Retirement Job Class 01
Salary Projections:
Salary Projected to increase at 0% annually

This estimate is based on information available to PERS on the date of the estimate. PERS is not bound by any estimate it provides. ORS 238.455(6). Changes to contributions, earnings, retirement credit, final average salary, calculation factors, laws or other information used to develop this estimate will affect the accuracy of the estimate.

This estimate does not entitle you to any benefits. Your benefits are determined in accordance with ORS chapters 238 and 238A when benefits are first paid. If PERS at any time becomes aware of an error in your benefits, whether the error was made by you, your employer(s) or by PERS, PERS is required to correct it. PERS also may be required to make corrections as a result of court decisions or other change in law. Corrections may result in an increase or a decrease in your benefits. Changes resulting from discovery of any error may be retroactive to your retirement date. PERS is required to collect amounts over paid to you as the result of an error. If PERS underpaid you as a result of an error, PERS is required to provide amounts underpaid to you.

### Messages

Payments under Option 1 terminate with the death of the retiree. There are no continuing benefits.

Please note that the Option 1 Calculation Method Comparison on page 3 reflects available purchases that have been included in your estimate, but does not include any cost-of-living adjustment (COLA) or tax remedy increases. If applicable, a tax remedy increase is included in the "Benefit Options and Amounts" on page 3.

This estimate does not include a cost-of-living adjustment (COLA). COLA for PERS retirees receiving a monthly benefit is effective July 1st, and payable with the August 1st benefit

Date: 2/3/2022
THERESA SEELEY
PERS ID: 541343
Estimate No: 1191081

Retirement Date: 3/1/2022
Termination Date: 1/16/2019  *1/28/21 from SD No1 but Qualifying* 
*+ Participating Employee w/ MESD #1, CSD 28j NWRESD*
*Subst Teacher put ORS 342.610, SB 656,  Ret. Data Verif*

|  | regular | variable | total | *175,977.83 6/16/* |
|---|---|---|---|---|
| Current account balance : | $164,158.43 | $0.00 | $164,158.43 | |
| Projected account balance at retirement : | $164,158.43 | $0.00 | $164,158.43 | |

## Benefit Options and Amounts

|  | No Purchase | With Purchase |  | No Purchase | With Purchase |
|---|---|---|---|---|---|
| Option1 | $3,109.02 | $0.00 | LumpSum Option 1 | $1,847.51 | $0.00 |
| Refund Annuity | $3,085.35 | $0.00 | LumpSum Option 2 | $1,441.06 | $0.00 |
| Option 15C | $3,048.52 | $0.00 | LumpSum Option 2A | $1,439.21 | $0.00 |
| Option 2 | $2,425.03 | $0.00 | LumpSum Option 3 | $1,618.42 | $0.00 |
| Option 2A | $2,421.93 | $0.00 | LumpSum Option 3A | $1,618.42 | $0.00 |
| Option 3 | $2,723.51 | $0.00 | Total LumpSum | $338,166.37 | $0.00 |
| Option 3A | $2,723.51 | $0.00 | | | |

50% FAS

Option 1 Calculation Method Comparison:  *incorrect* $2,193.16   Money Match
$3,018.47   Full Formula
Formula + Annuity

Estimate for Non-Judge Member (02/03/2022) SL3





Kate Brown, Governor

Public Employees Retirement System
Headquarters:
11410 S.W. 68th Parkway, Tigard, OR
Mailing Address:
P.O. Box 23700
Tigard, OR 97281-3700
(503) 598-7377
TTY (503) 603-7766
http://oregon.gov/pers

June 16, 2022

THERESA M SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213-5629

PERS ID: 541343

**RE: Retirement Data Verification**

Dear THERESA SEELEY:

This is the verification of your PERS retirement data. <u>All information in this verification is as of</u>
**December 31, 2021.**

Included with this data verification is an information sheet that explains the terms and data
contained in your verification.

Verified work history data as of 12/31/2021:

| Employer Name | Hire Date | Termination Date |
|---|---|---|
| CENTENNIAL SCH DIST #28 | 06/28/2021 | 07/23/2021 |
| MULTNOMAH ESD | 12/01/2016 | 12/23/2016 |
| CENTENNIAL SCH DIST #28 | 11/10/2014 | 12/19/2014 |
| RIVERDALE SCHOOL | 10/30/2014 | 11/07/2014 |
| REYNOLDS SCH DIST | 10/28/2014 | 12/31/2014 |
| DAVID DOUGLAS SCH DIST | 10/01/2014 | 12/31/2015 |
| PORTLAND PUBLIC SCHOOLS | 10/01/1999 | ~~01/19/2021~~ 1-26-21 |
| TIGARD-TUALATIN SCH DIST #23J | 02/01/1998 | 03/10/1999 |
| NORTHWEST REGIONAL ESD | 07/01/1996 | 09/30/1999 |
| WASHINGTON COUNTY ESD | 08/24/1992 | 06/30/1996 |

| Total Creditable Service |
|---|
| 25 Years 6 Months |

*incorrect*

Verified salary for each calendar year of employment:

| Employer Name | Year | Gross Salary | Subject Salary |
|---|---|---|---|
| CENTENNIAL SCH DIST #28 | 2021 | $6,175.26 | $0.00 |
| PORTLAND PUBLIC SCHOOLS | 2019 | $10,543.11 | $10,543.11 |

6175.2

1337.5

*not gross*

Page 2 of 3

*Correction*

| | | | | |
|---|---|---|---|---|
| PORTLAND PUBLIC SCHOOLS | 2018 | $86,616.00 | $86,616.00 | 125,645. |
| PORTLAND PUBLIC SCHOOLS | 2017 | $82,519.78 | $82,519.78 | 120,438.0 |
| MULTNOMAH ESD | 2016 | $175.44 | $175.44 | 175. |
| PORTLAND PUBLIC SCHOOLS | 2016 | $79,145.00 | $79,145.00 | 111,710. |
| DAVID DOUGLAS SCH DIST | 2015 | $343.04 | $343.04 | 343.04 |
| PORTLAND PUBLIC SCHOOLS | 2015 | $77,959.00 | $77,959.00 | 112,740 |
| CENTENNIAL SCH DIST #28 | 2014 | $85.76 | $85.76 | |
| DAVID DOUGLAS SCH DIST | 2014 | $321.60 | $321.60 | |
| PORTLAND PUBLIC SCHOOLS | 2014 | $76,203.64 | $76,203.64 | 113,586 |
| REYNOLDS SCH DIST | 2014 | $427.36 | $427.36 | |
| RIVERDALE SCHOOL | 2014 | $343.04 | $343.04 | 1177.76 |
| PORTLAND PUBLIC SCHOOLS | 2013 | $72,778.73 | $72,778.73 | 107,463 |
| PORTLAND PUBLIC SCHOOLS | 2012 | $74,548.45 | $74,548.45 | 107,156. |
| PORTLAND PUBLIC SCHOOLS | 2011 | $71,818.00 | $71,818.00 | 101,501.0 |
| PORTLAND PUBLIC SCHOOLS | 2010 | $72,907.70 | $72,907.70 | 99,677. |
| PORTLAND PUBLIC SCHOOLS | 2009 | $69,457.50 | $69,457.50 | |
| PORTLAND PUBLIC SCHOOLS | 2008 | $72,471.17 | $72,471.17 | |
| PORTLAND PUBLIC SCHOOLS | 2007 | $67,839.00 | $67,839.00 | |
| PORTLAND PUBLIC SCHOOLS | 2006 | $22,476.32 | $22,476.32 | |
| PORTLAND PUBLIC SCHOOLS | 2005 | $45,708.79 | $45,708.79 | |
| PORTLAND PUBLIC SCHOOLS | 2004 | $62,584.45 | $62,584.45 | |
| PORTLAND PUBLIC SCHOOLS | 2003 | $57,853.00 | $57,853.00 | |
| PORTLAND PUBLIC SCHOOLS | 2002 | $57,443.00 | $57,443.00 | |
| PORTLAND PUBLIC SCHOOLS | 2001 | $54,520.00 | $54,520.00 | |
| PORTLAND PUBLIC SCHOOLS | 2000 | $46,634.00 | $46,634.00 | |
| NORTHWEST REGIONAL ESD | 1999 | $33,183.27 | $33,183.27 | |
| PORTLAND PUBLIC SCHOOLS | 1999 | $13,561.00 | $13,561.00 | |
| TIGARD-TUALATIN SCH DIST #23J | 1999 | $55.00 | $55.00 | |
| NORTHWEST REGIONAL ESD | 1998 | $40,890.00 | $40,890.00 | |
| TIGARD-TUALATIN SCH DIST #23J | 1998 | $537.00 | $537.00 | |
| NORTHWEST REGIONAL ESD | 1997 | $38,420.00 | $38,420.00 | |
| NORTHWEST REGIONAL ESD | 1996 | $12,766.00 | $12,766.00 | |
| WASHINGTON COUNTY ESD | 1996 | $24,527.92 | $24,527.92 | |
| WASHINGTON COUNTY ESD | 1995 | $35,391.00 | $35,391.00 | |
| WASHINGTON COUNTY ESD | 1994 | $32,214.00 | $33,973.43 | |
| WASHINGTON COUNTY ESD | 1993 | $15,286.00 | $16,056.24 | |
| WASHINGTON COUNTY ESD | 1992 | 1238.70 + $4,898.00 | $4,898.00 | |

1991

Your final average salary is derived from the data above.

| Three Highest Years | | Last 36 Months | | | |
|---|---|---|---|---|---|
| Year | Salaries | Year | Months | Salaries | |
| 2018 | $86,616.00 | 2019 | 1 | $10,543.11 | |
| 2017 | $82,519.78 | 2018 | 12 | $86,616.00 | |
| 2016 | $79,320.44 | 2017 | 12 | $82,519.78 | |
| | | 2016 | 11 | $72,725.02 | |

Exh. 6

Page 3 of 3

*incorrect*

| Totals | $248,456.22 | | $252,403.91 |
|---|---|---|---|
| Monthly Average Salary | $6,901.56 | Monthly Average Salary | $7,011.22 |

Final Average Monthly Salary   $7,011.22

Your Tier One account balance as of the last closed year (December 31, 2021)

| Account | Contributions | Earnings or losses | Account Balance |
|---|---|---|---|
| Regular | $153,132.86 | $22,844.97 | $175,977.83 |
| Variable | $0.00 | $0.00 | $0.00 |

*incorrect*

Total Interest

| Total Unused Sick Leave Hours | |
|---|---|
| | 378.000 |

$175,977.83

*[handwritten annotations in right margin]*
1/1/20 – 4/30/20
1/1/19 – 4/30/19 = 24,793.57
11/1/20 – 4/30/20 = 29,875.
Employer Contrib
similar to rest, however
ledger as of 12/31/18
differs by ORS 238.12

## Dispute Rights

You may dispute the accuracy of the data provided in this verification by filing a written notice of dispute with the Board not more than 60 days after the date of the verification. Upon receiving a notice of dispute, the Board shall determine the accuracy of the disputed data and make a written decision based on its determination. The Board shall provide to you a copy of the decision and a written explanation of any applicable statutes and rules. You may seek judicial review of the decision as provided in ORS 183.484 and rules of the Board.

If you have additional questions, please contact PERS Member Services at 503-598-7377 or toll free 888-320-7377, or visit PERS online at http://www.oregon.gov/PERS/.

Sincerely,

*[handwritten]*
Interest Earnings
54,668.57
+ 6175.26 2020.
60843.83

Member Services

Page 3 of 3

*incorrect* [handwritten]

| Totals | $248,456.22 | | $252,403.91 |
|---|---|---|---|
| Monthly Average Salary | $6,901.56 | Monthly Average Salary | $7,011.22 |

Final Average Monthly Salary   $7,011.22

Your Tier One account balance as of the last closed year (December 31, 2021)

| Account | Contributions | Earnings or losses | Account Balance |
|---|---|---|---|
| Regular | $153,132.86 | $22,844.97 | $175,977.83 |
| Variable | $0.00 | $0.00 | $0.00 |
| | | Total | $175,977.83 |

*incorrect* [handwritten]

| Total Unused Sick Leave Hours |
|---|
| 378.000 |

[handwritten notes: 4/20–4/20 interest; earnings 29,79357; 4/19–4/30/19; 4/20–4/30/22; Expected Earnings 29,875; Regular to Petitions ledger as of 12/31/18 differs by ORS 238.12]

## Dispute Rights

You may dispute the accuracy of the data provided in this verification by filing a written notice of dispute with the Board not more than 60 days after the date of the verification. Upon receiving a notice of dispute, the Board shall determine the accuracy of the disputed data and make a written decision based on its determination. The Board shall provide to you a copy of the decision and a written explanation of any applicable statutes and rules. You may seek judicial review of the decision as provided in ORS 183.484 and rules of the Board.

If you have additional questions, please contact PERS Member Services at 503-598-7377 or toll free 888-320-7377, or visit PERS online at http://www.oregon.gov/PERS/.

Sincerely,

[handwritten notes: Interest Earn'g 54,668.57 + 6175.26 2020; 60843.83]

Member Services

43

(Page 5 of 24)



**Oregon**

Kate Brown, Governor

Public Employees Retirement System
Headquarters:
11410 S.W. 68th Parkway, Tigard, OR.
Mailing Address:
P.O. Box 23700
Tigard, OR 97281-3700
888-320-7377
TTY (503) 603-7766
http://oregon.gov/PERS/

August 27, 2018

THERESA M SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213

PERS # 541343

RE: ELIGIBILITY

Dear Member:

Based on information your employer(s) provided, we recently reviewed your account and discovered you received creditable service time during a period which you did not work or were on a Leave of Absence.

Creditable service is defined as any period of time during which an active member is being paid a salary by a participating public employer (ORS 238.005). We are required to remove service credit for any period of time not worked. This adjustment will remove creditable service time from any full or major fraction of a month in which wages were not earned (ORS 238.300 (2)(c)).

We have adjusted your account to reflect our findings. The tables below show the changes we made to your account.

Your account has been adjusted as indicated. With these adjustments, your PERS Chapter 238 member account balance remained unchanged at $141,573.00. This includes earnings through December 31, 2017.

Adjustments to Service Time

| Employer | Year(s) | Employment Period | Adjustment |
|---|---|---|---|
| Multnomah County School District #1 | 2005 | 08/30/2005-12/31/2005 | -4 months |
| | 2006 | 01/01/2006-08/29/2006 | -8 months |
| Total | | | -12 months |

NOTE: If you are a school employee or academic employee, the adjustment(s) to your service time may affect your ability to receive educational service credit for certain summer months. For more information on educational service credit, visit at the A-Z Quick Answers for Members section of the PERS website (http://oregon.gov/PERS).

APPEAL RIGHTS

SL-3

## Jennifer Case

To:                James Young
Subject:           RE: [External Sender] -ER 3818, Theresa Seeley, PERS# 541343 (JLC)


Thank you so much for getting right back to me. I'll change the Pay Date from 09/30/2005 to 09/29/2005, and get it reposted with an Reg Wage OS Wage Code.

Thanks,

Jennifer Case
MAAT Eligibility
Phone:  (503) 603-7511
Fax:   (503) 431-8293



Explore Your
Financial
Future

Click here
for more information

PERS/OSGP Expo '18  |  October 11, 2018  |  Salem Convention Center

CONFIDENTIALITY NOTE:  All information in this email, including attachments, is approved solely for delivery to and authorized use by intended recipients.  Use, dissemination, distribution, or reproduction of this message and/or any of its attachments by unintended recipients is not authorized and may be unlawful.  If you are not an intended recipient of this message or an authorized assistant to an intended recipient, please notify the sender by replying to this message and then delete it from your system.

SL3

---

**From:** James Young [mailto:jyoung3@pps.net]          PPS manipula
**Sent:** Wednesday, August 22, 2018 9:25 AM             PERS DATA
**To:** Jennifer Case
**Subject:** RE: [External Sender] -ER 3818, Theresa Seeley, PERS# 541343 (JLC)

Hello Jennifer,

Move the wage record closer to the date that the LWOP began.

Thank you,

James Young | Sr. PERS Specialist | 501 N Dixon St | Portland OR 97227 | PH (503) 916-3969

******Confidentiality Notice******
This email and any attachments are intended only for use by addressee(s) named and may contain confidential information.  If you are not the intended recipient, or the person responsible for delivering this information to the intended recipient, you are hereby notified that any dissemination, distribution, printing, or copying of this email is strictly prohibited.  If you have received this message in error, please notify my office and promptly delete the original copy of any email.  Thank You.

**From:** Jennifer Case <jennifer.case@state.or.us>
**Sent:** Wednesday, August 22, 2018 8:51 AM
**To:** James Young <jyoung3@pps.net>

I



# PORTLAND PUBLIC SCHOOLS

501 N. Dixon Street / Portland, Oregon 97227
Mailing Address: P.O. Box 3107 / Portland, Oregon 97208-3107
Telephone: (503) 916-3544 • FAX: (503) 916-3107

DEPARTMENT OF HUMAN RESOURCES

May 12, 2005                                      Empl ID# ■

Theresa Middleton
3463 SW Alica Street
Portland, OR 97219

Dear Theresa:

The Study Leave Committee has met and completed a careful review of each application for full
year/1st semester P.A.T. study leaves of absence for the 2005/2006 school year, as provided by the
2004-2006 Agreement between the Portland Association of Teachers and Portland Public Schools.
It is a pleasure to inform you that the committee has approved your request for a study leave for the
2005/2006 school year, **pending** receipt of a signed planned course of study from the Institute of
Imaginal Studies in Petaluma, CA, notifying the District of your admittance/enrollment into the
Program. **You have until July 31, 2005, to submit this information to Human Resources.**

Sincerely,

*Len Anderson*

Len Anderson, Chairperson
P.A.T. Study Leave Committee

**RECEIVED**

OCT 1 7 2018

**PACS**

Dear Theresa:

Based on the approval of the Study Leave Committee, **the District is provisionally granting you a
1.0 unpaid study leave of absence for the 2005/2006 school year, with District provided
health and welfare benefits.**

You will return to your assignment as a full-time (1.00 FTE) School Pyschologist at Fernwood Middle
School for the 2006/2007 school year. Please note in your 2004-2006 Professional Agreement
(contract), Article 18, (page 57-58), the specific details of your status and obligations while on leave
and upon returning from leave.

Although this leave is unpaid, as stated above, the District will pay the monthly contribution for
your health benefits during the time you are on an approved P.A.T. Study Leave.
As a reminder, due to new negotiated contract language between the Portland Association of
Teachers and the District, P.A.T. unit members are now responsible for making a monthly co-

Scanned 10/18/2018

pay for their insurance benefits. The amount you must contribute would normally be deducted from your earnings each month. However, due to your unpaid leave status, you will have no earnings from which we can deduct your co-pay. Failure to make the monthly co-pay could jeopardize your continued insurance coverage. Therefore, <u>you must contact the Payroll Department (503-916-3302) to make arrangements to pay the District your monthly co-pay for each month that you continue on unpaid leave status.</u>

Also, you must return to work at the beginning of the 2006/2007 school year for your benefits to continue beyond September 30, 2006. Please contact the Health and Welfare Trust office if you have any questions regarding your health benefits during your leave (503-274-1600).

If you are a member of PERS (Public Employees Retirement System), please be aware that the length and type of leave you take may effect your continued PERS eligibility. Generally, an unpaid leave for a period of more than six (6) consecutive calendar months, without performing paid service for an Oregon public employer in a PERS qualified position, will constitute a break in service. For leaves which include family leave and career development, twelve (12) calendar months is allowed before incurring a break in service. For military or legislative assembly service, there has been no specific limit established to the length of leave. If you incur a break in service, upon returning to a PERS qualified position you will reenter the state retirement system under the new plan called OPSRP. Any previous account established under PERS will remain in place. However, future service will not be credited toward your PERS retirement plan. The new Oregon Public Service Retirement Service Plan (OPSRP) contains a different normal retirement age and a different formula for calculating your retirement benefit. Please see more information regarding OPSRP by referring to the PERS website @
http://www.pers.state.or.us/Legislation/2003_Legislation/oregon_public_service_retirement_plan.htm

Best wishes to you. Please call Nell Fender in Human Resources if you have any questions regarding your study leave, 503-916-3239.

Sincerely,

Deborah Peterson

Deborah Peterson
H.R. Administrator
P.A.T. Study Leave Committee


C: Personnel File
   Health & Welfare Trust
   Principal/Supervisor
   H.R. Representative

RECEIVED
OCT 1 7 2018
PACS

# 2004

## Tier One or Tier Two Member's Annual Statement



PERS — Oregon Public Employees Retirement System

| ID NUMBER | DATE OF BIRTH |
|---|---|
| 6034 | February 09, 1964 |

03818

THERESA M MIDDLETON
7024 NE FLANDERS ST.
PORTLAND OR 97213

**IMPORTANT:** This annual statement is based on information supplied by your employer. If your member information is incorrect, please contact your employer(s). PERS employers provide member information to PERS electronically.

## 2004 ACCOUNT INFORMATION

**REGULAR ACCOUNT**

| | |
|---|---|
| Account balance December 31, 2003* | $48,889.09 |
| Earnings rate for 2004 is    8.00 % | |
| Earnings for 2004 | $3,911.13 |
| Account balance December 31, 2004 | $52,800.22 |

**VARIABLE ACCOUNT**

You have not ever participated in the variable account.

### 2004 TOTAL MEMBER ACCOUNT BALANCE
### $52,800.22

**MEMBERSHIP INFORMATION**
**(as of December 31, 2004)**

Tier -ONE
First PERS hire date is AUGUST 24, 1992
Membership date is MARCH 01, 1993
Classification is GENERAL SERVICE
Creditable service time
11 years and 10 months as of December 31, 2004

**POLICE OFFICER & FIREFIGHTER UNIT ACCOUNT**
**(as of December 31, 2004)**

You were not eligible or did not choose to participate in the unit account during this calendar year. Please refer to the back of this statement for further explanation.

## * PLEASE READ

The earnings crediting reallocation for Tier One members resulting from the Strunk/Eugene court cases are reflected in this 2004 Member Annual Statement. As a result, your regular account balance as of December 31, 2003 has been recalculated if you are a Tier One member. Tier Two member account balances were not affected by the Strunk or Eugene cases.

Your Tier One regular account balance as of December 31, 2003 has been recalculated using 11.33 percent earnings for 1999 (instead of 20 percent) as a result of the Eugene case. The adjusted 1999 regular account balance was then credited with contributions and 8 percent earnings for the years 2000, 2001, 2002, and 2003. No earnings crediting was originally provided in 2003 due to PERS Reform legislation. The Strunk decision restored earnings crediting for 2003. Contributions for all years (1999 through 2003) are included. No contributions were added to Tier One/Tier Two accounts in 2004. Effective January 1, 2004, all member contributions go to the Individual Account Program (IAP) (see reverse side).

Earnings crediting for Tier One regular accounts in 2004 is 8 percent. Earnings crediting for Tier One members in the regular account at the assumed rate, currently 8 percent annually, was restored by the Strunk decision.

Your Tier One regular account balance for December 31, 2004 includes all the factors discussed above.

### SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

11410 SW 68th Parkway, Tigard OR 97223
Mailing Address – PO Box 23700, Tigard OR 97281-3700
Phone – 503-598-7377 toll-free 888-320-7377  Fax 503-598-0561  Website – http://oregon.gov/PERS/

Public Employees Retirement System
P.O.Box 23700
Tigard, OR 97281-3700
3818



## 2004 & 2005
## Individual Account Program (IAP)
## Corrected Annual Statement

DOM1850
THERESA M MIDDLETON
7024 NE Flanders St.
Portland, OR    97213

ID Number          6034

**IMPORTANT:**
If the personal information shown
in this section is incorrect, please
contact your employer(s).

### 2004 Account Information (January 1, 2004 - December 31, 2004)

| | |
|---|---|
| Beginning balance (January 1, 2004) | $0.00 |
| Corrected employee contributions in 2004 | $3,755.07 |
| Earnings rate for 2004:          12.77% | |
| Earnings for 2004 | $479.52 |
| **Account balance December 31, 2004** | $4,234.59 |

### 2005 Account Information (January 1, 2005 - December 31, 2005)

| | |
|---|---|
| Beginning balance (January 1, 2005) | $4,234.59 |
| Corrected employee contributions in 2005 | $2,742.52 |
| Earnings rate for 2005:          12.80% | |
| Earnings for 2005 | $893.07 |
| **Account balance December 31, 2005** | $7,870.18 |

This annual statement includes any 2004 and 2005 adjustments to your IAP account received
by PERS from your employer(s) through July 31, 2006. Any 2004 and 2005 contributions
received by PERS after July 31, 2006, will be included in your 2006 IAP annual statement.

PERS revised IAP account administration in 2006. Your account is now
credited with earnings annually instead of monthly. Please see the reverse
side for an explanation of revisions to IAP account administration.

**SEE REVERSE SIDE FOR ADDITIONAL IAP ANNUAL STATEMENT INFORMATION**

SL-3

11410 SW 68th Parkway, Tigard OR 97223
Mailing Address - PO Box 23700, Tigard OR 97281-3700
Phone - 503-598-7377 toll-free 888-320-7377 Fax 503-598-0561 Website - http://oregon.gov/PERS



27

# 2005

# Tier One or Tier Two Member Annual Statement

PERS | Oregon Public Employees Retirement System

---

**PERSONAL INFORMATION**

| ID NUMBER | DATE OF BIRTH |
|---|---|
| 6034 | February 09, 1964 |

03818

THERESA M MIDDLETON
7024 NE Flanders St.
Portland OR 97213

**IMPORTANT:** This annual statement is based on information supplied by your employer(s) and maintained by PERS. If your personal information is incorrect, please contact your employer(s).

---

## 2005 MEMBER ACCOUNT INFORMATION

**REGULAR ACCOUNT**

| | |
|---|---|
| Account balance December 31, 2004 | $52,800.22 |
| Regular Account earnings rate for 2005 is | 8.00 % |
| Earnings for 2005 | $4,224.02 |
| Account balance December 31, 2005 | $57,024.24 |

**VARIABLE ACCOUNT**

As of 12-31-05, you did not participate in the variable account.



### 2005 TOTAL MEMBER ACCOUNT BALANCE
# $57,024.24

---

**MEMBERSHIP INFORMATION**
**(as of December 31, 2005)**

Tier ONE
First PERS hire date is AUGUST 24, 1992
Membership date is MARCH 01, 1993
Classification is GENERAL SERVICE

**POLICE OFFICER & FIREFIGHTER UNIT ACCOUNT**
**(as of December 31, 2005)**

You were not eligible or did not choose to participate in the unit account during this calendar year. Please refer to the back of this statement for further explanation.

---

Note: The Tier One Regular Account earnings in excess of 8 percent were deposited in the Tier One Rate Guarantee Reserve. The Board also deployed $220 million from the Contingency Reserve to the Tier One Rate Guarantee Reserve. The Tier Two earnings rate for 2005 based on investment performance was 13.74 percent. The Board also deployed $26 million from the Capital Preservation and Contingency Reserves to the Tier Two fund. As a result, the total Tier Two earnings crediting and reserve deployment rate for 2005 is 18.31 percent.

You can use your 2005 Total Member Account Balance shown above
to create a retirement benefit estimate using the Benefit Estimator on the PERS website.

---

SEE REVERSE SIDE FOR ADDITIONAL ANNUAL STATEMENT INFORMATION

26

# 2006

## Tier One or Tier Two Member Annual Statement

 **PERS** Oregon Public Employees Retirement System

---

| PERSONAL INFORMATION | ID NUMBER | DATE OF BIRTH |
|---|---|---|
| | 6034 | February 09, 1964 |

03818
THERESA M MIDDLETON
7024 NE FLANDERS ST
PORTLAND OR 97213-5516

> **IMPORTANT:** Please verify that your name, address, and date of birth are correct on this annual statement. Contact your employer if there is an error.

---

## 2006 MEMBER ACCOUNT INFORMATION

**REGULAR ACCOUNT**

| | |
|---|---|
| Account balance December 31, 2005 | $57,024.24 |
| Regular Account earnings rate for 2006 is | 8.00 % |
| Earnings for 2006 | $4,561.94 |
| Account balance December 31, 2006 | $61,586.18 |

**VARIABLE ACCOUNT**

As of 12-31-05, you did not participate in the variable account.

### 2006 TOTAL MEMBER ACCOUNT BALANCE
## $61,586.18

---

**MEMBERSHIP INFORMATION**
(as of December 31, 2006)

Tier ONE
First PERS hire date is AUGUST 24, 1992
Membership date is MARCH 01, 1993
Classification is GENERAL SERVICE

**POLICE OFFICER & FIREFIGHTER UNIT ACCOUNT**
(as of December 31, 2006)

You were not eligible or did not choose to participate in the unit account during this calendar year. Please refer to the back of this statement for further explanation.

---

## IMPORTANT

Please verify that your first PERS hire date and General Service or Police & Fire classification is correct on this annual statement. Contact PERS if there is an error.

---

You can use your 2006 Total Member Account Balance shown above to create a retirement benefit estimate using the Benefit Estimate Calculator on the PERS website at http://oregon.gov/PERS.

---

### SEE REVERSE SIDE FOR ADDITIONAL ANNUAL STATEMENT INFORMATION

11410 SW 68th Parkway, Tigard OR 97223
Mailing Address -- PO Box 23700, Tigard OR 97281-3700
Phone -- 503-598-7377 toll-free 888-320-7377 Fax 503-598-0561 Website -- http://oregon.gov/PERS

SL-3

Remittance info:    Inv #REF SEEL 2020.07.15
School District No. 1 H&W Trust
2023 Eastlake Ave E
Seattle, WA 98102
206-323-1900

JPMorgan Chase Bank, N.A.
Verify: 888-237-9615
90-7152/3222

0045126

7/23

PAY TO THE
ORDER OF:     THERESA M SEELEY

One Hundred Forty-Seven and 78/100

$ 1

DO

VOID AFTER 90 DAYS

THERESA M SEELEY
7726 NE DAVIS ST
PORTLAND, OR 97213-5829



From: School District No. 1 H&W Trust
Pay to: THERESA M SEELEY
Invoice #

| | Bill Amount | Payment Amount |
|---|---|---|
| REF SEEL 2020.07.15 | $147.78 | $147.78 |
| Total | | $147.78 |

Date: 7/23/2020
Check #: 45126118

HEALTH & WELFARE TRUST
SCHOOL DISTRICT NO. 1

THERESA M SEELEY
7726 NE DAVIS ST
PORTLAND, OR 97213

Never
Paid-
Check
Cancelled

*ortland Public Under Contract when terminated*
*Schools*

## BOARD OF EDUCATION
### SCHOOL DISTRICT NO. 1J, MULTNOMAH COUNTY, OREGON

### INDEX TO THE MINUTES

### March 12, 2019

Board
Action
Number

Page

### Personnel

| | | |
|---|---|---|
| 5835 | Election of Second Year Probationary Administrators | |
| 5836 | Election of Third Year Probationary Administrators | |
| 5837 | Election of Contract Administrators | |
| 5838 | Contract Extension for Administrators | |
| 5839 | Election of Second Year Probationary Teachers | |
| 5840 | Election of Third Year Probationary Teachers | |
| 5841 | Election of Contract Teachers | |
| 5842 | Contract Extension for Teachers | |
| 5843 | Notice of First Time Non-Extension Contract Teachers | |

### Other Matters Requiring Board Approval

| | | |
|---|---|---|
| 5844 | Resolution In to Recognize Classified and Non-Represented Employee Appreciation Week, March 4-8, 2019 | |
| 5845 | Adoption of 2019-20 School Year-Round Calendar for Rosa Parks | |
| 5846 | Resolution Approving Renewal of the Charter Agreement with The Emerson Public Charter School | |
| 5847 | Resolution Approving the Request for Extension of the Charter Agreement with Portland Arthur Academy Public Charter School | |
| 5848 | Resolution Approving the Request for Extension of the Charter Agreement with Opal Public Charter School | |
| 5849 | Resolution Approving the Request for Extension of the Charter Agreement with Portland Village Public Charter School | |
| 5850 | Resolution to Uphold the Superintendent's Decision on a Step 2 Appeal – Complaint No. 2019-01 | |
| 5851 | Students Requesting Exemption from PE State Requirement | |
| 5852 | Authorization for Off-Campus Activities | |
| 5853 | Minutes | |

1/3



### RESOLUTION No. 5842

Contract Extension for Teachers

### RECITAL

On the advice of the Chief Human Resources Officer, the Superintendent recommends that the employment contracts of the contract teachers listed below be extended.

### RESOLUTION

The Board of Education accepts the Superintendent's recommendation and by this resolution hereby extends the employment contracts of the following persons until June 2021, subject to the employment terms and conditions contained in the standard form contract approved by the legal counsel for the District.

| | |
|---|---|
| Aaker | Daniel |
| Aalto | Johanna |
| Abel | Kimberly |
| Abel | Tivon |
| Abens | Nancy |
| Accetta | Hanisi |
| Accuardi | Nicole |
| Acevedo | Jody |
| Ackerman-Harvie | Adrian |
| Ackron | Michelle |
| Acosta | Jessica |
| Acquino | Amy |
| Acuna-Lujan | Richard |
| Adam-Howard | Edith |
| Adams | Nadene |
| Adams | Melodie |
| Adams | Sadie |
| Adams Gaudreau | Susan |
| Adams-Brown | Christina |
| Adamski | Debra |

| | |
|---|---|
| Adana | Camille |
| Addis | Rose |
| Adkisson | Daniel |
| Agre | Ashley |
| Aguirre | Rodrigo |
| Ahern | Sean |
| Ajjarapu | Elijah |
| Akhavein | Rana |
| Aksay | Evin |
| Al Faiz | Miriam |
| Alabarca | Erika |
| Alderman | Amy |
| Allen | Noelle |
| Allen | Kelly |
| Allen | Thomas |
| Allen | Madeleine |
| Allen | Maleka |
| Allen | Kathleen |
| Almeida | Richard |
| Alongi-Hernandez | Aleta |
| Alonso | Amanda |

2|3

| | | | |
|---|---|---|---|
| Scoville | Steven | Shore | Alla |
| Scrutchions | Gerald | Short | Richard |
| Seavey | Erik | Shriki | Rina |
| Seeley | Theresa | Shue | Robin |
| Segraves | Jessica | Shumway | Lori |
| Segurola | Sofia | Shutt | Allison |
| Seifert | David | Siam | Jose |
| Sele | Karen | Sichel | Kumar |
| Selivanova | Anna | Siebold | Kent |
| Sellers | Andrew | Siegel | Jennifer |
| Selter | Sherron | Siegel | Douglas |
| Sesar | Pamela | Siegfried | Heather |
| Setterholm | Suzanne | Sievers | Allyson |
| Sexton | Merry | Silvernail | Daniel |
| Sharp | Gwendolyn | Simonsen | Shelley |
| Shaw | Clifford | Simpson | Crystal |
| Shay | Karen | Simrell | Melody |
| Shea | Susan | Singer | Sylvia |
| Shea | Cheri | Sipes | Emily |
| Sheckels | Polly | Siprian | Daniel |
| Sheldon | Suzanne | Siri | Wendy |
| Shelton | Wendy | Sisk | Brian |
| Shelton | Sarah | Siu | Caroline |
| Sherden | David | Skorohodov | Elizabeth |
| Sheridan | Brenna | Sky | Anna |
| Sherman | Martha | Skybak | Leslie |
| Shetler | Jeremy | Skye | Lauren |
| Shinagawa | Donna | Sletmoe | Gary |
| Shiokari | Lauren | Sloan | Shawn |
| Shipe | Ryan | Slusher | Charles |
| Shippy | Lori | Smith | Kathryn |
| Shonkwiler | Laurie | Smith | Bridget |

3/3

## RESOLUTION No. 5843

### Notice of First Time Non-Extension Contract Teachers

### RECITAL

On the advice of the Chief Human Resources Officer, the Superintendent recommends that the contracts of the teachers below not be extended for the first time. First time non-extensions generally result in placement on a program of assistance for improvement and continuation of employment for another school year.

### RESOLUTION

The Board of Education accepts the Superintendent's recommendations and by this resolution hereby does not extend the contract of the contract teacher listed below, on the grounds and processes identified in state law (ORS 342.865, ORS 342.895, ORS 342.905). The Human Resources Department is instructed to notify this staffl that the employment contracts is not extended for the 2019-2020 school year.



013035

*S. Reese*



**PORTLAND PUBLIC SCHOOLS**
**Human Resources**
501 N Dixon Street • Portland, OR 97227
503-916-3544 • Fax: 503-916-3107
www.pps.net | facebook.com/PortlandPublic
Portland Public Schools is an equal opportunity educator and employer

VIA CERTIFIED & ELECTRONIC MAIL

June 12, 2019,

Theresa Seeley                                   Employee ID #008485
7025 NE Davis Street
Portland, OR 97213

Re:    Proposed Non-Disciplinary Medical Termination

Dear Ms. Seeley,

Due to your inability to perform the essential functions of your job, Portland Public Schools is proposing your Non-Discipline Medical Termination (NDMT). This letter is intended to: (1) set forth facts relevant to this proposed action; (2) provide important information about the process; and (3) schedule a meeting with you to allow you the opportunity to provide any updated or pertinent information you would like Portland Public Schools to consider before any decision is made.

Since you went out on a Medical Leave of Absence on August 21, 2018, the Human Resources, Benefits/Leaves Department & your Medical Providers have been attempting to assist you to address the impact of your medical condition(s) on your ability to perform the essential functions of your job. This has involved the obtaining necessary medical information, the assessment of any potential reasonable accommodations to help you to succeed in your position as a School Psychologist and extending your medical leave of absences.

Your current Leave of Absence has exhausted all of your annual FMLA/OFLA entitlements as well as all of your eligible paid leave balances. As you are now in an unpaid status and it does not appear that you are able to perform the essential functions of your position as a School Psychologist, Portland Public Schools is proposing a Non-Disciplinary Medical Termination (NDMT). On November 23, 2018 you were approved for Long Term Disability through the Standard Insurance Company.

I have scheduled a meeting for you on **Thursday, June 20th at 2:00pm** at the Blanchard Education Services Center (BESC) 2nd floor, Human Resources Conference Room. The purpose of this meeting is to provide you an opportunity to respond to this letter and provide any additional information you would like the District to consider before a final employment decision is made. If you wish to have union representation present at this meeting you may contact Portland Association of Teachers at 503-266-5018.

You have the right to representation in this meeting. If you choose not to attend this meeting or respond, either orally or in writing, and for the reasons set forth above, Portland Public Schools will be terminating your employment effective June 21st, 2019. I have also included an Employee Resignation form to this letter, should you chose to complete it and return it to the District.

If you have not already applied for or received information regarding long-term disability benefits, please contact Galen Waldrep, HR Benefits Associate II @ 503-916-3065. You may also contact the Benefits Department for further information about benefit options for which you may be eligible.

If you wish to discuss this matter, please contact me at your earliest convenience at 503-916-3042.

Sincerely,


Genevieve Rough
Senior Manager, Employee and Labor Relations
Portland Public Schools


Enclosure:      Resignation Form


cc:             Employee & Labor Relations File
                Personnel file
                PAT



$\Big|$ Mckanna $\Big|$ Bishop $\Big|$ Joffe $\Big|$ LLP

Noah I. Baltch*
John S. Bishop, II
Daniel R. Hutzenbiler*
Elizabeth A. Joffe
Noah S. Warman*

Elizabeth A. McKanna, inactive

*Also admitted in Washington

July 16, 2019

By email -

Carol Hawkins
Employee and Labor Relations
Portland Public Schools
PO Box 3107
Portland, OR 97208-3107

> Re:    Requests for ADA Interactive process and unpaid leave
> MBJ No. 01.395

Dear Carol,

This office represents the Portland Association of Teachers (PAT) on behalf of various bargaining unit members who are currently on Long-Term Disability coverage and unpaid leaves due to their medical disabilities and have recently received letters from the District regarding their exhaustion of leave and proposing so-called "non-disciplinary medical termination".

On July 11, 2019, I sent you an initial correspondence requesting ADA interactive process meetings for all PAT bargaining unit members who have received proposed "non-disciplinary medical termination" notices because they have exhausted their protected and paid leave status. PAT has also made clear in its grievance filed on July 8, 2019, such proposed terminations violate the Agreement.

As I received no response to my letter of July 11th, I write today to reiterate my request for ADA interactive process meetings on behalf of the following PAT bargaining unit members, each of whom the District has improperly threatened with termination because of their need for extended unpaid leave for medical reasons:

1) Catherine Griesdorn

2) Martha (Terry) Jansen

3) Theresa Seeley

4) Rebekah Martin

5) Mark Sherman

| 1635 NW Johnson Street, Portland, OR 97209 | Phone: 503-226-6111 | Fax: 503-226-6121 | mbjlaw.com |

Carol Hawkins
July 16, 2019
Page 2

On I                                              ereby requests continued unpaid leave as a
rea: Page  1  /  2                              For PPS' convenience only I am also copying this
relte                                           ass listed in several PPS correspondences for
receipt of ADA accommodation requests. Please contact me promptly to discuss a schedule for



# PORTLAND PUBLIC SCHOOLS

**OFFICE OF THE SUPERINTENDENT**
501 North Dixon Street / Portland, OR 97227
Telephone: (503) 916-3200
Mailing Address: P. O. Box 3107 / 97208-3107

December 22, 2020

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Theresa Seeley
7025 NE Davis Street
Portland OR 97213

Subject:    Notice of Intent to Recommend Dismissal

Dear Ms. Seeley:

This letter is notice of intent to recommend dismissal from your employment. It is sent pursuant to
ORS 342.895, which provides that notice of intent to recommend dismissal must be sent at least 20 days
before the Board will meet to consider whether to accept that recommendation. The recommendation to
dismiss will be considered during the Board's executive session on January 19, 2021, unless you request
the Board consider the recommendation in a public session. To request a public session, please let
Genevieve Rough know by January 4, 2021.

This is not a disciplinary dismissal, but instead a dismissal arising under ORS 342.865(1)(e), which is the
statutory ground for dismissal that arises when someone is unable to fulfill essential job functions, with or
without reasonable accommodations. According to the governing statute, this letter must set forth the
basic facts that support the statutory ground when dismissing a teacher, so to comply with the statute, the
letter includes those facts.

### The 2018-2019 School Year

On February 8, 2018, you requested a medical leave of absence until May 1, 2018, for your own serious
health condition. At that time, you were in the role of school psychologist, assigned at Glencoe
Elementary School and Mt. Tabor Middle School. You provided a medical certification from Dr. Kathy
Marshack which indicated, among other things, that:

- Your medical conditions interfere with your ability to manage a fast-paced professional job in a
  District, where you must manage multiple priorities and people, and
- She was concerned that if you continued to work, your condition would worsen.

On February 23, 2018, the District granted your leave request from February 9, 2018, through June 13,
2018, for eligible paid leave. The District informed you that the leave would count against and exhaust
your annual 12-week FMLA (Federal Family and Medical Leave Act of 1993) and OFLA (Oregon Family
Leave Act) leave entitlements. The letter further stated that unless you requested an extension, the District

A11 1/2

expected that you would return to your assignment for the 2018-2019 school year, and that you would need a medical release to work note prior to being restored to employment.

On July 31, 2018, you requested an additional medical leave of absence for the entire 2018-2019 school year. You provided medical certifications for the 2018-2019 leave indicating:

- "Due to severe physical health problems, Ms. Seeley does not have the psych[ological] ability to conduct her duties. She could possibly work less than ten hours a week but pain and fatigue render her unable to work full time. She wears out and can't concentrate." Dr. Marshack, psychologist.
- Ms. Seeley "is unable to attend to the required duties as a psychologist due to chronic pain." Dr. Tracy W. Sax, neurologist.

From August 21, 2018 to November 21, 2018, you used eligible paid leave. By November 21, 2018, all OFLA and FMLA protected leaves and all eligible paid leave were exhausted. Nonetheless, the District allowed you to remain on unpaid leave until the end of the 2018-2019 school year.

**The 2019-2020 School Year**

On August 13, 2019, the District notified you that it was available to consider reasonable accommodations under the Americans with Disabilities Act (the "ADA") and provided you with an application for accommodation. You returned an employee application for accommodation on October 30, 2019. In that application, you requested "extended time off" through November 2020 to address your medical conditions. The medical verification for this request from Dr. Marshack indicated that:

- You were "unable to work at this time."
- Due to your health, you could not "manage the stress of a school psychologist."
- That you could possibly "review other psychologists' reports if the school district needs that service."
- She could not suggest any accommodations that would enable you to perform the essential functions of your job.

The District followed up with Dr. Marshack on December 11, 2019, and asked her to provide additional information about your medical conditions and your ability to return to work. Dr. Marshack then responded to the District's request on January 17, 2020, stating that:

- She did "not believe Ms. Seeley can return to work but she may be able to work part time in a supervisory capacity," and
- "[T]he stress of regular school psychologist duties would be too much."

For the remainder of the school year, the District allowed you to remain on an extended medical leave of absence.

Also during the 2019-2020 school year, the District continued to communicate with you about your medical status and ability to return to work. The District met with you on February 21, 2020, to discuss your ADA accommodation request that you be temporarily returned to work. You then sent the District multiple job postings within the District, suggesting that you could be returned to work in one of those positions. In the District's follow-up letter to you on March 18, 2020, the District explained that each of the positions identified required interactions with staff and students, and that based on the most recent medical information from your physician you could not perform this type of work at that time. The District explained that a promotion to supervisor is not a reasonable accommodation under the ADA, and

moreover, supervisory work has many of the same stressors as a school psychologist and has other stressors and duties inconsistent with the limitations described by your providers. The District also explained in that letter that although it had requested that Dr. Marshack provide an estimated date when you could return to work in your position of school psychologist, Dr. Marshack had not provided an answer. The District then asked you to provide information about how you could perform work at the District either with or without reasonable accommodations.

On March 27, 2020, the District replied by letter to emails you had sent, again explaining that the District had not received any information about how you would be able to perform the essential functions of the school psychologist position or any other vacant position at the District with or without reasonable accommodation. That letter explained that the most recent medical information from Dr. Marshack indicated the school psychologist position would be too stressful, that the positions you had identified would involve similar types of stress, and that the District did not have any positions that would require the type of part-time supervisory work Dr. Marshack suggested. The District expressed its willingness to continue the interactive process with you and explained that it would require more information from you or your medical providers to identify potential accommodations to allow you to perform work at the District.

To date, your medical providers have not released you to return to work as a school psychologist with or without reasonable accommodations, and the District has not received any information from you or your medical providers reflecting that you would be capable of performing the essential functions of other positions with or without reasonable accommodation.

In sum, the information provided by you and your medical providers since you first requested leave in February 2018 and after that time reflects that you are not capable of performing the essential functions of your position, or any position you have applied to, with or without reasonable accommodation. The District has provided a substantial amount of unpaid leave and continued to assess the possibility of whether you might return to work; but since there is not a position in which you can be placed, and continued leave would be leave for an indefinite duration, your employment will come to an end if the Board approves this recommendation. As indicated, I will be recommending to the District Board of Education at the January 19, 2021 meeting that you be dismissed from employment. Enclosed for your reference is a copy of ORS 342.805 to 342.937.

Respectfully,

Guadalupe Guerrero
Superintendent

Enclosure: Copy of ORS 342.805 to 342.937

cc:    Portland Public Schools Board of Education
       Fair Dismissal Appeals Board
       Personnel File



# PORTLAND PUBLIC SCHOOLS

501 North Dixon Street / Portland, OR 97227
Telephone: (503) 916-2000
Mailing Address: P. O. Box 3107 / 97208-3107

January 28, 2021

VIA CERTIFIED MAIL & EMAIL
RETURN RECEIPT REQUESTED

Theresa Seeley
7025 NE Davis Street
Portland OR 97213

Subject:       Notification of Board's Acceptance of Recommendation of Dismissal

Dear Ms. Seeley,

This letter is sent pursuant to QRS 342.895(3)(b) to notify you that after considering the Superintendent's December 22, 2020, notice of intent to recommend dismissal on January 19, 2021, the Board of Education accepted the recommendation on January 26, 2021.

If there are matters to address concerning the end of your employment, Human Resources will follow up with you.

We thank you for service that you provided to the school district.

Sincerely,

*Eilidh Lowery*

Eilidh Lowery
Chair, Board of Education

cc:      Guadalupe Guerrero, Superintendent
         Sharon Reese, Chief of Human Resources
         Personnel File

Enclosure: Copy of ORS 342.805 to 342.937

Rough Declaration - Exhibit 2

19

# M Gmail

T S <treeyoga2015@gmail.com>

## Appeal/grievance of Benefits Discontinuation

T S <treeyoga2015@gmail.com>                                                    Fri, Dec 13, 2019 at 3:53 PM
Draft To: Ligena Hein <lhein@pps.net>
Cc: "Sara (Richardson) Greenman (srichardson@nwadmin.com)" <srichardson@nwadmin.com>, Noah Barish
<NBarish@mbjlaw.com>

On Fri, Dec 13, 2019, 10:56 AM Ligena Hein <lhein@pps.net> wrote:

Theresa,

I am in receipt of the PERS disability approval letter that you sent to Sara at the Trust's office. Based on
this confirmation, you continue to be eligible for the Waiver of Premium benefit through the Trust. This
benefit is outlined here on the Trust's website: https://sdtrust.com/document/benefits/handbooks
/2016-pat-active/psd-0b0-participating-eds-pat-web-k.html. If you continue to be disabled through
either PERS, Standard LTD or Social Security Disability, you will qualify for the Waiver of Premium for up to
30 months of coverage. If your disability status changes with PERS, please let either Sara or me know.

I have asked Sara to retroactively change your health care coverage status so that you do not have a gap in
eligibility. This may take a few weeks to be updated at Regence.

If you have any questions, please let me know.

Thank you,

Ligena Hein

Director of Benefits

Portland Public Schools

501 N Dixon Street    Portland, OR 97227

PH (503) 916-3048 | FAX (503) 916-3107 | lhein@pps.net

*Confidentiality notice:  This email message may contain confidential information.  If you have received the message by mistake, please
notify us immediately by replying to this message or telephoning us, and do not review, disclose, copy or distribute it.  Thank you.*

HR-Facebook-Logo-80px  cid:image002.jpg@01CE4599.BDFC2D90  Like us on Facebook!



 Gmail

T S <treeyoga2015@gmail.com>

___

Insurance Eligibility
1 message

___

T S <treeyoga2015@gmail.com>                                                              Wed, Jul 1, 2020 at 10:47 AM
To: Genevieve Rough <grough@pps,net>, Ligena Hein <lhein@pps.net>, Sarah Fitch <sfitch@pps.net>
Cc: Sara Greenman <SGreenman@nwadmin.com>
Bcc: theresamarieseeley <theresamarieseeley@gmail.com>

Hi Ligena,

There's nothing more to provide except what has already been provided that you have received.

PERS and PPS both collaborate on PERS member information.

When you say PPS has nothing to do with PERS Disability what do you mean?

Here's an email from you stating you received evidence of my PERS Disability, but PPS is also notified by PERS of these decisions, as you know.

Please stop interfering with my health coverage. I am still entitled to coverage under the 30 waiver.

Since PPS isnt willing to implement its obligatory business practices and recognize the protocol for communication that's mandated between PERS and PPS I will appeal to Regence directly also complain of this unethical practice and add it to my list of your retaliation and unfair labor practices against me.

Theresa Seeley
971-252-0875



TO: PPS Human Resources and Benefits:                    FR: 008485, Theresa Seeley

RE: Clarify paperwork and Return to Work plan            DA: 1/16/20

Dear Benefits Department:

Recently by personal email it was requested that my healthcare provider elaborate on an ADA Accommodation form submitted regarding my federally protected health information, and to provide this on/by 1/3/20. Please note that this email was not seen until around 12/18/19.

In response to this request it was explained that this timeline demand couldn't be met for reasons of a Winter Break for the treating doctor and Employee, and the next appointment, being 1/16/20 may not allow for this information to be determined by this date, and because the accommodations needs to be based on job details, which are unknown.

School Psychologists fill many positions in the District and job details including location and commuting details matter with regard to decisions about necessary ADA accommodations. The treating doctors need specific job information to make recommendations.

Please note that recently I applied for other Open Positions on the District External website and want to be considered for these openings with Priority. This may change the Accommodation recommendations.

It is my request that the Return to Work plan consider job placement in all other qualifying positions for which I am qualified for, and not just a position in School Psychology. Please consider me for Jobs on the Internal Applicants link that are also qualifying positions for me given a Personnel Service License in School Psychology, unique work experiences, tenure/seniority, and specialized skills. A district email to allow this access to see Internal Applicant openings is under construction.

At this time, my treating doctor has not released me to return to work, without some accommodations, as noted on recently completed and submitted ADA accommodations paperwork. At this time I am requesting a return to work with or without necessary accommodations, and request additional job placement information to determine what may become workplace accommodations, including job restructuring per the employee leave policies and program terms.

This is also a request to coordinate a Return to Work planning meeting to finalize placement and discuss reasonable accommodation ideas. The best way to contact me is by telephone, 971-804-7560, or registered mail because there is no working district email established for me yet for conducting/communicating this District business.

Next week dates/times available to meet include: Tuesday, January 21, 2020 at 1:00pm; Wednesday January 22, 2020 at 2:30pm; Friday January 24, 2020 at 11:30am.

Thank you,

Theresa Seeley
971-804-7560

PORTLAND PUBLIC SCHOOLS 

March 18, 2020

Theresa Seeley
7025 NE Davis Street
Portland, OR 97213

RE: Request for ADA accommodation

Dear Theresa,

Thank you for meeting with me on February 21, 2020 to discuss your ADA accommodation request. Since that meeting, I know that we each attempted to call the other person multiple times and were unable to have a phone conversation. Therefore, per my last voicemail to you, I am responding in writing so that you will have a response from me.

This letter will confirm that during our meeting, you requested that I put you back to work as a temporary ADA accommodation. You mentioned that your PERS Disability allowed for a 90-day temporary reemployment without a medical release. After our meeting, I called PERS Disability to ask for clarification on this provision. I spoke to Kendra Fernandez at PERS Disability and she provided the enclosed document for my reference.

As we discussed during our meeting, PERS Disability is separate from Portland Public Schools. Kendra confirmed that the do allow for temporary reemployment but they are not mandating that a PERS-covered employer be required to allow reemployment without a medical release. I believe PERS' intention is to allow for a trial employment period, if allowed by the employer, and this reemployment would not affect your disability payments.

On February 29, 2020, you sent me nine different job postings. Your voicemail stated that you wanted me to place you in one of these positions quickly because you felt that your PERS Disability was being canceled. You referenced a letter that PERS Disability had sent to you in which you said PERS had been told that you were coming back to work at PPS.

I called Kendra again and she confirmed that this is not what their letter to you stated. She said that if they receive any notice that you are looking at coming back to work, they are required to acknowledge this and to provide you with reemployment information. Kendra acknowledged that your eligibility for PERS Disability is reviewed annually but that they have not recently denied or closed your PERS Disability claim.



Separately, with the assistance of a PPS recruiting expert, I was able to confirm that you met the general licensing requirements for all but one of the jobs that you had sent to me. I was able to confirm that all eight of the positions were similar in nature. Each job requires interaction with staff and children.

According to the most current medical information that I have on file for you, which was received at PPS on 1/17/20, your physician has stated that you cannot perform work at this time. Your physician also suggested that you could perform part-time supervisory work as an accommodation but this is not a reasonable request (providing a promotion) under the ADA. In Elizabeth Crocker's letter to your physician, dated 12/11/19, she asked Dr. Marshack to provide a medical opinion on when Dr. Marshack reasonably anticipated that you could return to work in your position as a school psychologist. This information was not provided in the 1/17/20 response and as of today, we have not received the answer to this question.

Based on your physician's statement, please clarify how you intend to perform work at PPS with or without a reasonable accommodation? In addition, I will need to know how long your physician anticipates your need for an accommodation will be. I am requesting this information so that I can interactively work with you to determine your request for an accommodation.

Separately, in another voicemail, you mentioned that you still could not access your PPS email. You stated that the IT Help desk told you that your account had been blocked. I have been told that your account has not been blocked so I am continuing to research this. I will be in touch when I receive a definitive answer.

You have asked that I correspond in writing with you since you do not yet have access to a PPS email. With our schools and offices closed until the end of April, it will be easier if you respond to me via email and I will then respond in writing.

Sincerely,

Ligena Hein
Director of Benefits
Portland Public Schools

Enclosure



Grievances: Theresa Seeley, Employee (008485)

TO:     Portland Association of Teachers
FR:     Theresa Seeley, School Psychologist, Employee ID 008485
DA:     3/30/20
RE:     Grievances and Grievances Support/Representation

These Grievances are relevant to the current Agreement between School District No. 1 Multnomah County Oregon And Portland Association of Teachers July 1, 2019 - June 30, 2020. This is a request for filing of Level II Grievances on my behalf and to proceed with requests for a return to work and placement to an open position, and one that I applied to since December 2019.

Violation of Article 17-Leaves 17.5 Return from Leaves, 17..5.1, 17.5.2. 17.5.3. Since the Fall of 2018 I have been attempting a Return to Work; first following an FMLA and then a Voluntary Unpaid Leave of Absence. since October 2019. The Requests for physician statements have been provided (October 2019, December 2019, with requests for additional information which was offered to Legina Hein February 21, 2020 with regards to "Chronic" and treating doctor comment on accomodations and it was declined because it was no longer of interest or requested by PPS, was the reason given. Many times sine the onset of the FMLA intention o Return to Work has been expressed in writing. Most recently, intention has been given in writing to PPS, open positions have been applied to over the past four months, and follow-up phone calls have taken place about advertised positions including a School Psychologist postion. To date, no positions has been determined for a reinstatement. This is also per School Board Policy 5.50.60-P- Leaves of Absence-Voluntary. Also, this request to Return to Work is consistent with and requested according to the provisions of the employee Disability Benefit program currently eligible under, which states that staff can return to work without a physician's release for a 90 Day Return to Work Trial; This is the Provision in the employee disability benefit program entered into by Portland Public Schools and this program manager for this employee benefit program and PPS is not honoring this employee benefit stipulation, and my contractual right to Return to Work following a Leave of Absence.

Violation of Article 23 Just Cause, 23.1, 23.8 Recently, 3.20.20, I learned that Legal Counsel of Portland Public Schools filed a Complaint with TSPC alleging that I completed a test of Cognitive Abilities with a student at Glencoe Elementary without parent permission. This was reported to TSPC in June of 2018 (see attached letter). There was no investigation with me, and this case was not problematic to my knowledge, and there is no information that a test was administered-no finished test protocol and no report, but it was based on a test protocol being in the file of a student with no mention of it on the permission to test.

According to the TSPC investigator, the test protocol in the student's file had no name on it, some scribbles on it, but didn't seemed used beyond that and there was no finished report to support this had happened. The Investigator could not say that there was a finished report, a finished protocol or materially relevant documents to support this complaint. Yet, PPS deemed finding a random semi-used protocol in a student's file with no name on it as reasonable evidence to report to the licensing board for me, TSPC, that I'd completed a test of cognitive abilities without parent permission.

This never came up as an issue after 2/8/18 and PPS had contact with me about cases and the computer through March 2018 but this was never an issue addressed, and no colleagues contacted me about it. The case should have been finished before or by the onset of my FMLA because it was signed 11/7/18 and 45 days to completion was the time-line then, and my last work day was 2/8/18.

To my knowledge there were no issues with this evaluation, I do not recall administering a cognitive test to the student, and there is nothing indicating that I did. This is unwarranted discipline by PPS and to me harassment, retaliation and discrimination. It is a violation of Just Cause conditions set forth in the contract to discipline me without investigation, evidence and Just Cause, and I want this corrected with TSPC in a grievance resolution.

Violation of Article 20, 20.2: 20.2.1, 20.2.2, 20.2.5, 20.2.6, 20.2.2, 20.4, 20.4.2, : Reduction in Staff/Lay-off-Portland Public Schools has engaged in a Constructive Lay-off, in my opinion. In May of 2018 the FMLA return date was extended without my consent, automatically by Portland Public Schools (see original FMLA paperwork completed by Jodi Benson) showing return date changes), it was actually changed twice by PPS without communication with me about it.

When I tried to return in the Fall of 2018 there were unreasonable and arbitrary obstacles presented to me about protected health information and other postponements to avoid this requests, and it was inconsistent with Leaves policies by collective bargaining agreement and school board policy, ADA and FMLA laws then, and still.

Portland Public Schools could have and can exercise Contract Provision: 23.11, 23.11.1., 23.11.2 Required Examination by a Physician, and collect their own physician examination of me, per Board Policy: Physical Health and Mental Health of Staff Members: 5.20.100-P, and this Collective Bargaining Agreement. The District has requested additional medical information from my treating physicians only to later say it isn't necessary when it's provided, and this delayed a Return to Work from December to this time.

In the fall of this school year, in October 2019, documents were given to Elizabeth Crocker, ADA Coordinator, and again in December 2019 only to be asked to provide ongoing clarification of details from treating doctors, like to define "chronic" or to project a fully healed prediction. Then, Legina Hein, Leaves Specialist, in February 21, 2020 stated that these requests of my treating doctors, like to define chronic are not necessary, and no longer of interest to PPS or requested any more of me, and is not taken.

In a letter 3/20/20 letter from Legina Hein, she states that Theresa Seeley is deemed qualified to 8/9 qualifying positions that she applied to from October 2019 thru February 2020. However, to date, no placement has been made to jobs applied to on the external website even though medical documentation has been provided, intention has been asserted and open positions have been applied to. Theresa Seeley has applied to positions advertised on the External Website because access to internal openings is currently not viewable due to an inactivated employee email, one position is a school psychologist opening but Theresa Seeley was not placed. This also violates Board Policy: 5.50.050-P Leaves of Absence – Voluntary, 5.20.090-P, previous Articles on Lay-off, and Permanent Teacher Status rights and just cause.

Violation of Article 13 Insurance Protection The District has continuously made reporting errors to the Health and Welfare Trust causing discontinuation of payment for insurance coverage and

Grievances: Theresa Seeley, Employee (008485)

medical care. There are outstanding charges from October of 2019 that should be covered and paid by now, which have yet to be paid for covered medical services, due to the wrongful reporting by PPS to the healthcare benefit manager which caused a wrongful "lapse of coverage" and a "discontinuation of my healthcare November 1, 2019". While on an unpaid leave, the District is to maintain Employee health insurance benefits and since February 2018 this has been an issue at least 3 times, discontinuation of coverage wrongfully, and the district has required that Theresa Seeley pay for her Dental Services that are part of the collective bargaining agreement and Article 13, 13.1.9 for insurance protection while on disability leave.

Then, PPS contributed to the debacle of Overpayment/Underpayment between Theresa Seeley and the LTD, Long-Term Disability, plan manager due to Clerical Errors and Reporting Errors, which has caused lost LTD benefits and personal finances in excess of $30,000.

This is a request for assistance with this Grievance and show of harassment and retaliation by PPS. It is also a request for assistance recovering lost employee LTD Benefits that were wrongly denied to me by the plan manager, bringing health care payments up to date, and the recovery of lost LTD Benefits, for their Clerical Error, mismanagement of the policy and wrongful claim of my Exceptions to Deductible Income, which involve employee benefits wrongfully claimed by the LTD manager.

Violation of Article 23.11.1 Required Examination by a Physician: Portland Public Schools has used obstacles of needing extra protected health information from the treating physician as reason to delay placing Theresa Seeley in an assignment and when documentation was provided she was told it was no longer necessary or of Interest to PPS. This has happened since October 2018, when the district could request employees see a physician chosen by PPS for this purpose if the Physical and Mental Health of Staff is of concern, but didn't exercise this school board policy or Collective Bargaining Agreement. PPS has put the financial burden of this onto Theresa Seeley, continues to, and then has rejected information demanded of her. This is further violation of contractual agreements, board policies and lawful Return to Work policies. This is a request to file a Grievance Level II over failure to provide for a Return to Work following a Leave of Absence and a Lay-off without Just Cause, and evidence of harassment and retaliation when the PPS has discretion of Board Policy: 5.20.100-P-Pysical and Mental Health of Staff Members, and disregards requested data.

Violations in Compensation, Article 12, 23.1 reduction in compensation- just cause required : Portland Public Schools "audited" my Compensation with the pension manager and made a Negative Reduction to my Pension Fund Account that is a Reporting Error. Portland Public Schools made a Negative Reduction of two years of Credible Service by failing to report a prior approved Credible Service year (1991-92) approved previously by PPS for placement on the salary scale when hired, and this should have been reported to the pension manager then, but wasn't and continues to not be reported as a Credible Service Year when it is (see attached document from 1999, 2019); and PPS retracted a Credible Service Year for an Approved Career Development Leave part of 2005 and 2006 school years. This Study Leave met criteria for continuation of service and there was pay during both 2005, 2006 and retroactively during this Career Leave for lodging, tuition, books, which are Subject Funds for Tier I Employees, which I am, and PPS withdrew this year which is another Reporting Error to the Pension Fund Manager,

3

without Just Cause, and a show of harassment and retaliation toward me. This was approved for 15 years and there are Reporting Periods mandated and PPS went outside these Reporting Periods to cause a Negative Reduction to my employee compensation balances, which are wrong. Then, PPS made Reporting Errors to the Pension Fund Manager for Compensation of Salary or advancement along the Salary Scale from 2017-2019 (article 12.3 because Portland Public Schools failed to include in my Annual Salary Advancement and Compensation the increase in my Salary base of $1500 for National Board Certification (Article 12.1.4) from 2014 thru 2019, and when reporting Final Average Salary to the pension fund manager. These Reporting Errors caused Negative Reductions to my compensation balances and cost me finances of at least $1000/per month in a monthly benefit estimate. This is a request to grieve this reduction in compensation without just cause according to collective bargaining agreements and also that it is a show of harassment and retaliation to wrongfully report this financial information and to make additional "audits" to my compensation portfolio when the Reporting Periods are already at least monthly by Oregon Statute.

<u>Violation of Article 18 Transfers</u> 18.1 Assignment Notices: No notice is given of placement18.3.1, 18.1.5, 18.3 when intention and request to return to work is presented to district. The duration of delay into an open position is a violation of this Article and Leaves of Absence-Voluntary, as described above.

This is a request for assistance with the above Grievances, the filing of Level II Grievances on these issues, and a Return to Work plan ASAP, per these collective bargaining Agreements. These Grievances can be resolved by placing me into one of the advertised positions that I applied to, which includes the right to bump someone who may have been hired instead of me into one of these positions, consistent with Article 18, 20, and 17, and correcting Reporting Errors related to Salary on record, and to affiliated agencies managing employee benefit plans related to my compensation.


Thank you,

Theresa M. Seeley
971-804-7560

4

4/1/20-Refusal to reinstate through 90 day trial via pension disability program or long term disability vocational rehabilitation options (1 pag

Settlement Agreement December 2020 (demanding suppression of complaints of workplace harassment and retaliation, 2 pages

Confidential Release/Settlement for Long-term disability debacle (4 pages)-& Bogus Salary Continuation to execute "false clerical error" designed to recover all money paid on Long Term Disability claim to Theresa Seeley, me, through it's Group Policy for Long Term Disability for employees

Manipulation of Subject Salary for 2005 Calendar Year while on a school board approved leave (2 pages);

Failure to Report Credible Service for Out of State Teacher (1991-92 school year) Verified in 1999 (1 page),

Grievance July 2019 of non-disciplinary medical termination (3 pages)

Unsubstantiated complaint against me to Teachers Standards and Practices Commission dismissed in preliminary investigation for being unsubstantiated as reported by Legal Counsel for Portland Public Schools (June 2020)

Outstanding Refund to me of $148 for cancelled refund check for Dental Insurance overpayment from me

Please note that I have additional information to substantiate my request for reinstatement and/or reasonable settlement with School District No 1. I am not a jerk as SD No 1 wants others to think, and I have always asked for economic remedy that is equitable and SD No 1 will not negotiate reasonably with me. -

It is because of manipulation of sick leave bank donations to me that there's a lawsuit with School District No 1, Health and Welfare Trust and Portland Association of Teachers, and the Standard Insurance Company (Case No. 20cv16293), and

Reporting Errors with the pension fund manager has been unresolved and will have to be addressed through the courts as well because School District No 1 has manipulated my Credible Service time, salary, and receipt of Subject Salary during an approved school board leave of absence, and I allege and have supportive evidence that these parties have been targeting staff who fit certain characteristics of protected class.


Theresa Seeley



 PORTLAND PUBLIC SCHOOLS

April 1, 2020

Theresa Seeley
7028 NE Davis Street
Portland, OR 97213

RE: Request for ADA accommodation

Dear Theresa,

This letter will confirm receipt of the emails that you sent me on March 25 and March 30, 2020.

In response to my March 18, 2020 letter, you have reiterated your request that the District return you to work via an ADA accommodation. In addition, you have stated that, "since December of 2019 I have been applying to advertise positions that include part-time work. I've applied to a position that's only responsible for managing HIPPA paperwork. LAWFULLY THE DISTRICT IS OBLIGATED TO PLACE ME WITH OR WITHOUT ACCOMMODATIONS TO A QUALIFIED POSITION. MY DOCTORS DON'T DECIDE IF I RETURN TO WORK."

I have checked with the Director of Talent Management in Human Resources and she has no record of any job applications that you have completed. In addition, the Director is unaware of any job "only responsible for managing HIPPA [sic] paperwork." If you have other information about the jobs you say you applied for, how you are qualified for those jobs, and how you believe you can perform the essential functions of those jobs with or without reasonable accommodation, let me know and we can consider it.

In my March 18, 2020 letter, I asked you to clarify how you believe you can perform work at the District with or without reasonable accommodation. Neither of your emails included information about how you would be able to perform the essential functions of the school psychologist position—or any of the other vacant position at the District—with or without reasonable accommodation.

The most recent information that we received from Dr. Marshack reflects that she does not believe you can return to work because the stress of regular school psychologist duties would be too much, and the nine District jobs that you forwarded to me all involve similar types of stress as the school psychologist position. We are happy to continue working through the interactive process with you, but we need more information from you and your medical providers to identify potential accommodations that would allow you to perform the essential functions of your job or another vacant position at the District. Dr. Marshack indicated that you could return to work in a part-time supervisory capacity, or that you could review other psychologists' reports, but the District does not have any positions that fit those descriptions.

As recently as October 30, 2019 you requested extended time off through November 2020 to address your conditions and participate in medical treatments. You are welcome to provide updated medical information, consistent with the information requested above, that can help us assess if there are now reasonable accommodations that would allow you to fulfill the essential functions of your school psychologist position or other vacant positions. In sum, while we appreciate that you are now interested in returning to work, we need more information from you to assess potential reasonable accommodations that would allow you to return to work and fulfill essential job functions.

As mentioned in my March 18 letter, you have asked that I correspond in writing with you since you do not yet have access to a PPS email. With our schools and offices closed until the end of April, it will be easier if you respond to me via email and I will then respond in writing.

Sincerely,

Ligena Hein

Ligena Hein
Director of Benefits
Portland Public Schools

## SETTLEMENT AGREEMENT

This Agreement is entered into between Portland Public School District (the "District"), the Portland Association of Teachers (the "PAT"), and Theresa M. Seeley. PAT is the exclusive representative of Seeley under the Oregon Public Employee Collective Bargaining Agreement. This Agreement settles all disputes between Seeley and the District and Seeley and PAT.

The parties agree as follows:

1.    The District will pay to Seeley $22,500, less regular deductions and withholdings, and for which the District will issue Seeley an IRS Form W-2.

2.    Subject to approval of its Executive Board, PAT will pay to Seeley $10,000.

3.    The District will not oppose any application for unemployment benefits of Seeley. Seeley acknowledges that she understands that the District does not make determinations with regard to unemployment compensation and that she can bring no claim against the District or PAT with respect to unemployment benefits.

4.    Seeley agrees to the dismissal of Claim FR-002-20 filed with the Oregon Employment Relations Board. Seeley agrees that she will take no legal action nor file any claim of any kind in any forum against the District or PAT. Seeley understands this Agreement includes is a complete release and waiver of claims, resolves all disputes she has with the District and with PAT, and prohibits her from filing any legal action against the District or PAT. Seeley agrees that she will withdraw any motion, request, or other submission to any court or administrative body asserting any claim against the District or PAT.

5.    Seeley agrees she has no further right to employment, reemployment, or reinstatement with the District, that PAT has no duty to serve has her exclusive representative, and she agrees she will not apply to work in any capacity at the District. Seeley and her representatives, heirs, successors, and assigns do hereby completely release and forever discharge the District and also PAT. This release includes the District's and PAT's respective past, present, and future board members, administrators, agents, employees, insurers, and assigns (collectively, "Released Parties") from any and all claims, rights, demands, actions, liabilities, and causes of action of every kind and character, known or unknown, matured or unmatured, specifically including, but not limited to, claims for attorney fees and costs (collectively "Claims"), which Seeley may now have or has ever had. Such Claims include, but are not limited to, claims asserted based on the conditions of Seeley's employment or the end of it, PAT's representation of Seeley. This release includes all waivable claims whether based on tort, contract (express or implied, collective bargaining agreement, or individual), or any federal, state, or local statute, regulation, ordinance, or other law, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 USC Section 1983, and ORS Chapters 342, 652, 653, 659, and 659A.

SETTLEMENT AGREEMENT - 1

agents, agencies, divisions, subdivisions, related entities, employees, attorneys, successors, and assigns, as well as all other individuals and entities whatsoever (individually and collectively the "Released Parties") from all rights, claims and causes of action, including but not limited to any and all contractual and/or extracontractual rights, claims and causes of action, whether known or unknown, suspected or unsuspected, claimed or unclaimed, asserted or unasserted, that Seeley may now have, ever had, or at any time in the future may have, against Released Parties, arising directly or indirectly out of, from or in any manner related to the Disability Claim or the Lawsuit.

Standard releases and forever discharges Seeley from the claims asserted by Standard in the Counterclaim it filed in the Lawsuit, including Standard's claim based on an alleged overpayment to Seeley.

3.  Waiver of Future Coverages and Benefits.  Seeley waives any entitlement or claimed entitlement to any past, present, or future coverages and benefits under the Policy or under any other policy of insurance issued or administered by Standard, with respect to the Disability Claim or the Lawsuit.

4.  Release of Unknown Claims.  It is possible that unknown losses or unknown claims exist related to the Disability Claim or the Lawsuit.  This Release includes a release by Seeley of any and all unsuspected or unknown losses or claims, related to the Disability Claim or the Lawsuit.

5.  Termination of Coverage.  Seeley waives any right to claim or receive benefits under the Policy, or under any other insurance policies issued by or administered by Standard, with respect to the Disability Claim or the Lawsuit.

6.  Dismissal of Action and Promise Not to Sue.  Seeley and Standard shall promptly dismiss the Lawsuit in its entirety, including Standard's counterclaim, with prejudice and without costs or fees. Neither Seeley nor Standard shall bring or maintain any action, proceeding, claim or cause of action which has been released or waived by this Release.

7.  No Admission.  The settlement of this dispute, the execution of this Release and Standard's settlement payment shall not be construed as an admission or concession by Released Parties of liability or of any disputed issue or fact.

8.  Discovery and Evidence.  Seeley shall not attempt, in any action or proceeding, to obtain discovery or offer evidence relating to the Policy, the Disability Claim, the Lawsuit, the settlement of the Lawsuit, or the terms or execution of this Release, including Standard's settlement payment referred to in this Release.  The foregoing sentence shall not be read to prohibit plaintiff from using her own medical records.

9.  Direct and Indirect Breaches Prohibited.  Neither Seeley nor Standard shall directly or indirectly cause, encourage or aid the commencement or prosecution of any action or other proceeding based upon any claims, liens, demands, causes of action, obligations, damages or liabilities related in any way to the subject matter of this Release, except as required by law.

Seeley's Initials _____

10. <u>Authority to Execute Release</u>. Seeley has the exclusive authority to execute this Release and to receive the payment from Standard. No other person or entity other than Seeley has claimed or now claims any interest in the subject of this Release, and Seeley has not sold, assigned or otherwise set over any claim, lien, demand, cause of action, obligation, damage, or liability covered by this Release.

11. <u>Entire Agreement</u>. No promise, inducement or agreement not described in this Release has been made in connection with this Release, and this Release constitutes the entire agreement between Seeley and Standard. This Release supersedes any and all other agreements and negotiations, whether oral or in writing.

12. <u>Modification</u>. This Release may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing properly executed by authorized representatives of Seeley and Standard. Seeley will not ever make a claim at any time that this Release has been orally altered or modified or otherwise changed by oral communication of any kind or character.

13. <u>Voluntary Release</u>. Seeley enters into this Release freely, voluntarily, under no duress and without any undue influence from Released Parties or any other entity or person.

14. <u>Confidentiality</u>. The contents of this Release are confidential and may only be disclosed pursuant to a judicial order and to Seeley's lawyers, spouses and tax advisors. Except as otherwise permitted in the previous sentence, Seeley agrees that the contents of this Release will not be disclosed by Seeley in any manner or form, directly or indirectly, to any person or entity under any circumstances. Further, Seeley shall not disparage in any manner or form, directly or indirectly (a) Standard or (b) Standard's officers, directors, shareholders, or employees,

Seeley shall not assist, or cooperate with, any other person or entity in committing any act which, if committed by Seeley, would constitute a violation of this <u>Section 14</u>.

Any violation of this <u>Section 14</u> will be deemed a material breach of this Release by Seeley.

15. <u>Severability</u>. Any invalid, unenforceable or void provision of this Release will be severed from the remaining provisions of this Release and shall not affect the validity or enforceability of the remaining provisions.

16. <u>Further Assurances</u>. Seeley will execute all additional documents and do all things necessary to carry out and implement the provisions of this Release.

17. <u>Attorney Fees</u>. In any claim or action between Released Parties and Seeley arising out of this Release, the prevailing party shall be entitled to recover reasonable attorney fees and other costs and expenses in connection with or arising out of that claim or action, through and including any appeals, in addition to any other relief to which the prevailing party may be entitled.

18. <u>Indemnification</u>. Seeley agrees to indemnify Released Parties for and hold Released Parties harmless from any and all claims, demands, damages, debts, liabilities, obligations, costs,

Confidential Release
Standard Insurance Company
Theresa Marie Seeley
Page 3 of 1

Seeley's Initials _____

CONFIDENTIAL RELEASE

This Confidential Release (the "Release") is made by Theresa Marie Seeley ("Seeley"), an individual and a resident of Oregon.

Standard Insurance Company ("Standard"), an Oregon corporation, issued insurance policy number 750971, including but not limited to 750971-B (group long term disability insurance), 750971-A (group life insurance), and any other part, subsection, policy, or insurance forming a part thereof (collectively, the "Policy"), to School District No. 1 Health and Welfare Trust ("Policyholder").

Seeley submitted a claim for disability benefits, waiver of life premium benefits, and/or other benefits under the Policy (the "Disability Claim"). A dispute has arisen between Seeley and Standard pertaining to the Disability Claim, including but not limited to whether Seeley is or will later be entitled to disability benefits, waiver of life premium benefits, life insurance benefits, accidental death and dismemberment benefits, and/or any other benefits or coverage under the Policy, or under any other policy issued or administered by Standard.

In connection with that Disability Claim dispute, *Theresa Marie Seeley v. The Standard Insurance Company*, Case No. 20CV16293 is now pending in the Multnomah County Circuit Court (the "Lawsuit").

Standard and Seeley desire to fully and finally settle the Disability Claim dispute and the Lawsuit, including any past, present or future claim by Seeley to any disability benefits, waiver of life premium benefits, life insurance benefits, accidental death and dismemberment benefits, and/or any other benefits or coverage under the Policy, or under any other policy issued or administered by Standard. In connection with the Disability Claim, Lawsuit, and settlement, Standard requires Seeley to enter into a written release.

For valuable consideration, including Standard's payment described in Section 1 below, Seeley agrees as follows:

1.  Payment.  Standard shall issue a settlement check in the amount of $15,000.00. The check will be made payable to "Theresa Marie Seeley" and provided to Seeley after this Release has been executed and returned to Standard. Standard makes no warranty or representation about the tax or other consequences of this payment to Seeley. Standard will issue evidence of this payment as Standard, in its sole discretion and in the exercise of good faith, interprets its legal obligations to do so.

2.  General Release.  Seeley releases and forever discharges Standard, Policyholder, School District No. 1, Portland Public Schools, and Portland Association of Teachers, Portland Public Schools Board of Education, and their respective past, present and future directors, officers, trustees,

Confidential Release
Standard Insurance Company
Theresa Marie Seeley
Page 1 of 1

Seeley's Initials: _____

6.      Seeley acknowledges that the District is hereby advising her in writing to consult with an attorney before signing this Agreement. Seeley acknowledges and understands that she is being given 21 days to consider whether to execute this Agreement. Seeley understands that she may sign this Agreement before the expiration of the 21-day period. By executing this Agreement on the date set forth below, Seeley has knowingly and voluntarily waived the balance of that period, if any. The parties agree that any revisions to this Agreement after it is first presented to Seeley, whether material or immaterial, do not restart the running of the 21-day consideration period. Seeley may revoke this Agreement by written notice, delivered to Michael Porter, Miller Nash Graham & Dunn LLP, Suite 3400, 111 SW Fifth Avenue, Portland, Oregon 97204, within seven days following the date she signs this Agreement. If not revoked under the preceding sentence, this Agreement becomes effective and enforceable on the eighth day following the date Seeley signs this Agreement.

7.      Seeley shall direct all employment verifications and references to The Work Number/TALX at http://protect-us.mimecast.com/s/lMTZCM8EGVs2wk08CwzrMh, which service provides only dates of service, positions held, and description of positions.

8.      The District has denied and continues to deny that any claim Seeley has made against it has merit and denies that it has acted wrongfully in any way with respect to Seeley. PAT has denied and continues to deny that any claim Seeley has made against it has merit and denies that it has acted wrongfully in any way with respect to Seeley.

PORTLAND PUBLIC SCHOOL DISTRICT

By: _____

        Date: _____

THERESA M. SEELEY

_____

Date _____

4810-6232-4435,1

PORTLAND ASSOCIATION OF TEACHERS

By: _____

Date: _____

expenses, liens, attorney fees, actions, claims for relief and causes of action, whether or not litigation is commenced, arising from any matter released or waived by this Release or arising in connection with any lawsuit or other proceeding brought or prosecuted contrary to the provisions of this Release. In this connection, this Release may be pled by Released Parties as a defense and/or cross-complaint, counter-claim, cross-claim or third party complaint in any such lawsuit or other proceeding.

19. Joint Preparation of Release. This Release and any uncertainty or ambiguity shall not be construed against or in favor of either Released Parties or Seeley but will be construed as if the Release was prepared jointly.

20. Effective Date. This Release is effective on the date of its execution.

EXECUTED this _____ day of _____, 202__.


_____
Theresa Marie Seeley


STATE OF _____    )
                            ) ss.
County of _____   )


SUBSCRIBED AND SWORN TO BEFORE ME this _____ day of _____, 202__.

                        _____

                        Notary Public for: _____

                        My Commission Expires: _____

*See Case No. 20 cv-16293*
*For "Confidential Release*
*For bogus overpayment & underpayment*
*on the Long-term disability claim*

**25**

Kelly Yeend

From:       Kelly Yeend
Sent:       Friday, November 30, 2018 8:44 AM
To:         'Galen Waldrep'
Subject:    Theresa Seeley 00FU7625
Attachments: SEELEY, THERESA.pdf

Hello Galen,

I am working on approving Ms. Seeley's LTD claim and wanted to confirm a couple of things. First of all, has she returned to work in any capacity? Second, can you please confirm the date she went onto unpaid status? You had told me in an email on 9/14/18 that she would be unpaid as of 11/23/18. Thanks so much!

Sincerely,

Kelly Yeend | Senior Disability Benefits Analyst
Standard Insurance Company
900 SW Fifth Avenue | Portland, OR 97204
Phone 971.321.7952 | Fax 971-321-5877
kelly.yeend@standard.com | standard.com

1

TO:    PERS Member Services
RE:    Vocational Rehabilitation Evaluation/Periodic Review
DA:    6/10/20
FR:    541343

Dear PERS Member Services:

Please see the attached letters from Director of Benefits with a Viable Employer, Portland Public Schools, my current Employer. These letters dated 3/18/20 and 4/1/20 state this Employer has reviewed Statements from Treating Doctors and Consulted a Job Recruiter Specialist and a Vocational Rehabilitation Specialist.

The outcome of these evaluations initiated through this Viable PERS Employers has determined that although I am qualified for positions that I applied to, including the Job I had at the time I became disabled and other Equitable Jobs for which I am qualified, that based on Medical Statements from Treating Doctors I am not capable of a Return to Work with or without reasonable work place accommodations.

It is my request that PERS coordinate with my PERS Benefit Plan Manager, Portland Public Schools, to receive the Vocational Rehabilitation Evaluation Statement this Employer used to deny me a Return to Work. In the Employer School Board Policy (attached, and previously provided), it states that PERS and this Viable Employer utilize the same professionals as the Teachers Retirement System for these Evaluations.

At this time, I am still awaiting a return call for an interview with Work Source, an agency of the Oregon Unemployment Division, at 503-280-6046 for an intake to complete this Vocational Rehabilitation Evaluation. The answering machine there states Specialists with this program are scheduled three months out as of May 2020 ,and I have not received a phone call to schedule this appointment from here or other agencies. Every agency states the office staff and appointments are functioning under a SIP/Pandemic Order, and not taking in person appointments.

It is my ongoing request that PERS Member Services complete this Periodic Review with input from Dr. Kathy Marshack and my Employer and ORS. 656.802-Occupational Disease and ORS 238.320, OAR 459-015-0001 (26)(a)(b)(c)(d)(e)(f)(g)(h)(i)(j)(k)), work related stress as the cause for my Disability and continue this account under PERS Disability eligibility for Work Related Stress, primarily.

Sincerely,

Theresa M. Seeley, TIER I Member

*Contested 11/13/20*
*See PERS Letter 11/20/20*



# Oregon

Kate Brown, Governor

**Public Employees Retirement System**
Headquarters:
11410 S.W. 68th Parkway, Tigard, OR
Mailing Address:
P.O. Box 23700
Tigard, OR 97281-3700
(503) 598-7377
TTY (503) 603-7766
www.oregon.gov/pers

October 6, 2020

THERESA M SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213-5629

PERS ID: 541343

Dear THERESA SEELEY:

### RE: FORMAL DISCONTINUATION OF DISABILITY RETIREMENT ALLOWANCE

Recently we notified you that your disability retirement allowance was preliminarily discontinued (copy enclosed). You were provided the opportunity to submit additional medical documentation to substantiate your claim for further disability benefits.

We are now issuing a formal discontinuation. The reason for the formal discontinuation is indicated below:

On September 30, 2020 PERS received correspondence from you requesting further review of documentation previously received.

The additional documentation received was reviewed and we could find no facts to alter the original decision.

**Your disability retirement claim is discontinued and all monthly benefits will cease.**

This letter is being sent by **regular** and **certified** mail. The certified number is 7007 2560 0001 7998 9086.

#### Contested Case Hearing Rights

Pursuant to OAR 459-001-0035, you may petition for a contested case hearing by writing to the PERS Board at P.O. Box 23700, Tigard, Oregon 97281-3700. Your petition must be filed within 45 days after the date of this letter and should include the following information:

1. A description of the determination you want reviewed.
2. A short statement describing how and why you think the determination is wrong.
3. A statement of facts that you believe show the determination is wrong.
4. A list of any statutes, rules, or court decisions that you believe supports your position.
5. A statement of the action you seek.

Formal Disability Discontinue/Denial letter (10/06/2020) SL3

Page 2 of 2

      6.  A request for a contested case hearing.

If you do not request a contested case hearing within 45 days, then this matter will be considered closed. This does not affect the approval of your disability application.

Oregon Revised Statutes are available from the Office of Legislative Counsel and online at the following website:
https://www.oregonlegislature.gov/bills_laws/Pages/ORS.aspx

Oregon Administrative Rules are available from the Oregon State Archives and online at the following website:
https://secure.sos.state.or.us/oard/displayChapterRules.action?selectedChapter=148

Please contact the Disability Unit if you have questions by leaving a message with Member Services at 888-320-7377. A counselor will return your call within one business day.


Sincerely,


Disability Unit

Formal Disability Discontinue/Denial letter (10/06/2020) SL3



# Oregon

Kate Brown, Governor

Public Employees Retirement System
Headquarters:
11410 S.W. 68th Parkway, Tigard, OR
Mailing Address:
P.O. Box 23700
Tigard, OR 97281-3700
(888) 320-7377
TTY (503) 603-7766
https://www.oregon.gov/pers

September 17, 2020

THERESA M SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213-5629

PERS ID: 541343

Re: PERS Appeals

Dear Theresa Seeley,

I am contacting you regarding your recent communication with PERS about your numerous appeal attempts of PERS decisions. Due to the volume of your requests and the lack of appealable events, we recognize that some of your concerns may not have been formally addressed previously. To rectify any potential oversight, I'm providing a summary of your requests and PERS' decisions, separated into Benefit Elements and Disability Eligibility categories.

Benefit Elements

PERS considers all matters you attributed to your Estimate to be resolved. They have been addressed in writing and/or verbally and your rights to appeal any and all associated determinations under Oregon Revised Statutes (ORS) Chapter 238 have expired. PERS can not consider any further appeals regarding elements impacting your Disability benefits. As follows is a history of your individual requests and the results.

On September 28, 2018, you contacted PERS to appeal the removal of your service credit while on what was determined to be a Leave of Absence Without Pay, with follow-up contact October 17, 2018. This was addressed by an October 18, 2018 letter from Deputy Director Yvette Elledge-Rhodes denying the appeal due to the lack of reported salary for the period in question. Your service credit is based on what is reported by your employers, and no hours or wages were reported for the removed periods of service credit.

On November 30, 2018, you requested a Contested Case Hearing (CCH) regarding your service credit. PERS acknowledged your voluntary withdrawal of the CCH on March 5, 2019.

On April 29, 2019, you challenged several aspects of your Disability Estimate, including non-inclusion of an Out Of State Teaching purchase, your Effective Retirement Date, and lack of Cost of Living Adjustments. An estimate is not an appealable event as it does not represent a determination of benefits. There was nothing for you to appeal until your Notice of Entitlement was issued May 13, 2019, so that is the document on which to focus. The purchase was denied via a May 2, 2019 letter determining that your employment with Grant Wood Area Educational

Agency did not fit the parameters of the purchase since it is not a school. Appeal rights were
included providing 60 days to appeal the decision.

On May 3, 2019, you resubmitted your April 29, 2019 request with additional information and
clarifications. As this request specifically stated it was appealing the Estimate, it was not based
on a final appealable determination and therefore was not a valid appeal. Regarding your
additional questions in that correspondence, the benefit based on 45 percent of salary is for
Oregon Public Service Retirement Plan disability benefits, covered by ORS Chapter 238A) and
you are covered by the Public Employee Retirement System, under ORS Chapter 238. Your
service time and effective retirement date were based on what your employer reported. Cost of
Living Adjustments are calculated annually and applied to the August 1 benefits on a go-forward
basis, so they do not appear on estimates since they have not yet accrued. Early retirement
incentives are specifically excluded from Final Average Salary calculations under PERS rules.

On May 6, 2019, you provided additional information regarding your service credit. This issue
had been addressed in Yvette Elledge-Rhodes' October 18, 2018 letter.

On May 9, 2019, PERS issued a letter further explaining denial of the purchase, how a disability
effective retirement date is determined, the granting of disability service credit, Cost of Living
Adjustments, early retirement incentives, and confirming that a revised estimate would not be
issued.

On May 13, 2019, your Notice of Entitlement was issued, which provided 60 days to appeal the
calculation of your benefit. No appeal request or other correspondence was received in the
ensuing 60 days.

On June 30, 2020, you submitted a "Dispute of Member Benefit Estimate," which PERS treated
as a Dispute of Notice of Entitlement since that May 13, 2019 determination was the only
disputable event. As your window for disputing your Notice of Entitlement had expired in July
2019, PERS denied your dispute in a July 2, 2020 letter.

Disability Eligibility

On May 18, 2020, you responded to PERS' April 23, 2020 letter informing you that additional
medical documentation was needed to continue your disability benefit. A final determination on
your continuing disability eligibility will only be made after your September 25, 2020 deadline
has passed to give you the full amount of time to submit additional information. All information
received prior to that deadline will be considered in the decision, including the documents
submitted in your additional correspondence from May 28, June 18, and August 3, 2020. You
will be provided appeal rights at that point, regardless of the outcome. Any appeal request will
have to follow that final determination, and no documentation received prior will be considered
an appeal since we will have used it in the final determination.

Your emails to multiple PERS addresses from September 1, September 2, and September 9,
2020, questioned the previously addressed benefit information, your Disability eligibility, and
my September 8, 2020 email response to you. I believe most of these concerns are addressed
above. However, one new issue you presented is a 1099R tax form, which you indicated contains
an "employee optional Roth IRA/Insurance Premium." Per your instructions, PERS has not



withheld any funds from your Disability benefits, and PERS benefits are not eligible for IRA withholdings. The 1099R you referenced is not from PERS nor addressing PERS benefits. Additionally, you noted that tax remedy was not included in your estimate. While tax remedy was not addressed in your estimate, it has been included in every Disability benefit you have received, with $107.30 in tax remedy applied to your most recent benefit.

This letter serves to address all of your concerns expressed to date. There are currently no outstanding PERS determinations for which you have remaining appeal rights. You should be able to expect a final determination on your Disability status in late October. If you have specific questions that have not been previously addressed, please let me know.

Sincerely,

Peter K. Ungem
Manager, PERS Benefit Preparation Section
Specialty Qualifications, Intake, and Review

A7

 **Oregon**

Kate Brown, Governor

Public Employees' Retirement System
Headquarters:
11410 SW 68th Parkway, Tigard, OR
Mailing Address:
PO Box 23700
Tigard, OR 97281-3700
(503) 598-7377
TTY: (503) 603-7766
www.oregon.gov/pers

November 23, 2020

THERESA M SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213-5629

RE:    THERESA M SEELEY
       Request for Contested Case Hearing on Discontinuation of Non-Duty Disability
       PERS Appeal No. 20-2989
       PERS No. 541343

Dear Ms. Seeley:

This letter is to acknowledge receipt of your November 12, 2020, letter which was received by
PERS on November 13, 2020, requesting a Contested Case Hearing on the discontinuation of
your disability retirement for a non-duty disability retirement allowance. Your request for hearing
has been granted. Enclosed for your reference is the *Public Employees Retirement Board Rights
of Parties at Hearings* statement. Please review this carefully as it contains important information
should your case proceed to hearing.

Your claim has been referred to me as the Legal Liaison to review for a Contested Case Hearing.
It is my job to review your claim entirely, request additional medical records as needed, and, if
necessary, to prepare your case for a hearing before an administrative law judge from the Office
of Administrative Hearings. You may submit additional medical documentation up to 30 days
before the date of the hearing. Please direct any correspondence to my attention.

Within 90 days you will receive from me another letter detailing what statutory requirements
remain unfulfilled. If you have any questions, I can be reached by phone at /503 603-7545, or toll
free 1-888-320-7377, or by e-mail at carol.g.vogel@pers.state.or.us.

Sincerely,

*Carol Vogel*

Carol Vogel
Legal Liaison
Policy Analysis and Compliance Section

Enclosure (*Public Employees Retirement Board Rights of Parties at Hearings*)

cc:    Portland Public School, w/o enclosures
       Stephanie Vaughn, Manager, Policy Analysis and Compliance Section

*SL3   IIM Code: 2181*

EXh 31



**Oregon**

Kate Brown, Governor

Public Employees Retirement System
Headquarters:
11410 S.W. 68th Parkway, Tigard, OR
Mailing Address:
P.O. Box 23700
Tigard, OR 97281-3700
(888) 320-7377
TTY (503) 603-7766
https://www.oregon.gov/pers

February 10, 2021

THERESA M SEELEY
7025 NE DAVIS ST
PORTLAND, OR 97213-5629

PERS ID: 541343

Re: Recent Correspondence

Dear Theresa Seeley,

I am contacting you regarding your emails dated February 2, 2021 and February 5, 2021. Given the number and nature of the concerns you expressed, PERS feels a more formal response is appropriate.

Documentation shows that you came to PERS Headquarters on April 26, 2019 and April 29, 2019. I apologize if you feel like you were not given adequate service during these visits. I became involved in your case on September 1, 2020 because of your expressed concerns regarding your treatment by PERS staff and the lack of answers provided. I've been coordinating care of your account since that time, to ensure you receive thorough, consistent, and documented answers to all questions.

February 2, 2021

IRS Form 1099-R is a form designed by the IRS for retirement income to be reported to the IRS. Your 1099-R correctly reports your taxable retirement income. No box on the form is labeled for member cost, but the instructions found on the IRS website indicate that such tax-free basis amounts should be recorded in box five. Regardless of how the box is labeled, that is the appropriate location for that amount to be listed. Your Notice of Entitlement included a section labeled "Employee contribution summary (for tax purposes)," which listed a Monthly Excluded Amount of $9.82. You received 10 benefit payments in each of 2019 and 2020, resulting in the $98.20 annual sum. No changes will be made to your Form 1099-R.

As I shared on September 17, 2020 and December 11, 2020, PERS can only credit your account with time and salary provided by PERS-covered employers. If you feel any employers failed to report your time properly to PERS, you should contact those employers directly so that they can correct their reporting to PERS. Every other issue has been previously addressed in the correspondence referenced above.

February 5, 2021

PERS is unable to locate the reduction in your IAP balance you referenced. If you could provide more information regarding where you see a reduction, we would be happy to address this concern.

All addresses listed on your account were provided by your employers prior to March 12, 2020, when PERS changed your address to match the address you provided on your March 6, 2020 Disability Information Release Medical/Non-Medical. PERS then changed it back to your NE Davis address upon receipt of your May 1, 2020 change of address card.

PERS traditionally uses PERS numbers on correspondence in place of social security numbers since a PERS number is not considered Personally Identifiable Information (PII) because no personal information can be accessed using the PERS number, alone. Your PERS number has not been used on any communication to other parties since your August 3, 2020 request.

PERS received, and is actively processing, your appeal of the discontinuation of your disability benefit, as acknowledged by PERS' letter dated November 23, 2020. You will be notified in writing when a final determination has been made. Please be aware that only statements made by a physician can be considered as proof of disability.

Your records request is being processed by our Records Department.

Sincerely,

Peter K. Ungern
Manager, PERS Benefit Preparation Section
Specialty Qualifications, Intake, and Review




# PROVIDER'S STATEMENT
## VERIFICATION OF NEED FOR ACCOMMODATION

To the provider: Portland Public Schools continually strives to meet the needs of its employees.
We are requesting your input regarding this employee to help us determine whether a reasonable
accommodation is needed to enable the employee to perform the essential functions of his/her job.

Name of Employee: _Theresa Seeley_

Does this person have a physical or mental impairment that substantially limits one or more major
life activity (i.e., working, walking, talking, seeing, hearing, caring for oneself)? ☒ Yes ☐ No

If yes, please describe the disability and medical diagnosis.

_I am treating Mrs. Seeley for depression, anxiety
and PTSD. She is unable to work at this
time. She has arthritis also affecting her profoundly.
Plus a sleep disorder._

How long is this disability anticipated to last? _Chronic_

Does this disability, in your opinion, limit this person's ability to perform the essential functions of
his/her job? (See attached job description.) ☒ Yes ☐ No

If yes, how? _Due to her health Mrs. Seeley cannot
manage the stress of a school job to do it._

Based on the job requirements listed on the attached job description, are there any accommodations
you might suggest that would enable this person to perform the essential functions of his/her job?

☐ Yes ☒ No

If yes, what do you suggest? _She could possible review
other psychologists reports if the school
district needs that service._

Provider's Name
(Please Print): _K. MARSHACK PhD_   Phone: _503-222-6678_

Provider's Signature: _K. Marshack_   Date: _10-3-19_
                                       Fax: 503-916-3107

Please return this form to:   Portland Public Schools
                              Human Resources
                              PO Box 3107
                              Portland, OR 97208-3107

Verification of Need for Accommodation.doc                    Revised: 10/01/2009





PORTLAND PUBLIC SCHOOLS
Human Resources
501 N Dixon Street · Portland, OR 97227
503-916-3544 · Fax: 503-916-3107
www.pps.net | facebook.com/pps.homepage
Portland Public Schools is an equal opportunity educator and employer.

December 11, 2019

Kathy J. Marshack, Ph.D., P.S.
700 N. Hayden Island Drive Ste: 274
Portland, OR 97217

Re: Additional Medical Information Needed

Dr. Marshack,

A request for an ADA Accommodation has been made by one of our employees, Theresa Seeley. In order to support with the interactive process, we are requesting your assistance with the questions below in regards to the Verification of Need for Accommodation document (attached) that you completed on behalf of Ms. Seeley on 10/03/2019.

1) Could you please define or elaborate on the use of the word "Chronic" as provided on the Verification of Need document when asked for the anticipated duration of this disability? *The term "chronic" has previously been used on medical documents for Ms. Seeley both in February 2018 & July 2018.*

*Ms. Seeley has several chronic conditions, some can be better explained by her medical practitioners. I mention these health issues*

2) Dr. Marshack, would you please provide your medical opinion on when you reasonably anticipate that Ms. Seeley may be able to return to work in her position as a School Psychologist? *Ms. Seeley is currently on a Leave of Absence that began on 02/09/2018.*

*because they affect her depression & PTSD. I do not believe Ms. Seeley can return to work but she may be able to work part time*

If you would prefer to discuss this by telephone or email, you may reach me at my contact information below.

*in a supervisory capacity. She has years of experience*

Thank you very much for your time.

*to use. But the stress of regular*

Sincerely,

*school psychologist duties would*

*be too much. (KM)*

Elizabeth Crocker / Portland Public Schools
ADA Accommodations Coordinator
ecrocker@pps.net
503-916-3466

*P.S. The above could be addressed by the usual reasonable accommodations for this disability. (KM)*



Oregon
Public
Employees
Retirement
System

11410 SW 68th Parkway, Tigard OR 97223
Mailing Address – PO Box 23700, Tigard OR 97281-3700
Toll free – 888-320-7377    fax – 503-431-8298
Website – http://oregon.gov/pers



# Physician Statement of Current Status

Please complete all items. Decisions on disability benefits are based on medical substantiation.
Please send chart notes for the last 12 months.

| First name | MI | Last name | PERS number |
|---|---|---|---|
| THERESA | M | SEELEY | 541343 |

1. Date of the most recent examination.    3/18/2020

| 2. Disabling condition Multiple. My understanding is that PTSD was deemed disabling. Has health related anxiety and chronic musculoskeletal pain | Prognosis<br>☐ Improving<br>☒ Stable<br>☐ Deteriorating |
|---|---|

3. Describe how the illness or injury causes incapacitation. PTSD and anxiety are largely related to work stressors and prior traumas in this setting. Makes anticipatory anxiet disabling for primary job. Sleep disturbances makes early and prompt

4. Is the member currently able to work?                    attendance a major problem
☐ Yes  ☒ No    If yes, date released _____
                              (mm/dd/yyyy)

☐ Full release ☐ Part-time  ☐ Modified
Not for position she was disabled from. Psychological care elsewhere.

5. If released to part time or modified work, please list any limitations.




6. To your knowledge is the member working? ☐ Yes    ☒ No    ☐ Unknown

7. Other providers currently involved in care (name/city)
Kathy Marshack PhD

8. Comments




### FORMS MUST BE COMPLETED AND SIGNED OR CO-SIGNED BY PHYSICIAN.
### PLEASE RETURN SIGNED ORIGINAL OF THIS FORM.

_____          DO, Internal medicine and Osteopathic
Physician/psychologist's signature (do not print)    Title and specialty medicine  Date 3/23/2020

CRAIG REDFERN, MD  DO
Physician/psychologist's name (print)

In compliance with the Americans with Disabilities Act, PERS will provide help filling out this form upon request. You may request help by calling toll free 888-320-7377 or TTY 503-603-7766.
ORS: 238,335    Form #459-058 (10/12/2015)  SL3 IIM Code: 2129

12    1

TO:       Portland Public Schools, aka School District No. 1, Multnomah #1J

FR:       THERESA SEELEY, PPS past employee, ID 008485

DA:       July 12, 2022

RE:       Complaint of FICA violations by Portland Public Schools for failure to be pay employer contributions of 6.2% of gross salary of FICA-OASDI tax & failure to pay employer contributions of mandatory 1.45% of Medicaid/Medicaid tax from 1999-2021;

and failure to pay PERS employer contributions from August 1999-December 2019); and

failure to correct UAL of PERS employer contributions from 2013-2019, in violation of ORS 238.660, ORS 180.755, and other federal and state laws; and

Portland Public Schools, its agents, willfully and with intent to evade paying retirement benefits, failed to pay these employer mandatory taxes and pension funds on my behalf.; and

PPS has failed to correctly report gross salary for retirement benefit estimates and has only reported, "actual wages earned" when the gross is "Total Compensation", as shown on the "Portland Public Schools Annual Compensation Statement" (Exhibit 1-2010 Portland Public Schools 2010 Annual Compensation Statement), in violation of IRS 25.1.6 Civil Fraud, ORS 238.660, ORS 180; and

PARTIES:  Complainant, Injured Party: Employee, TIER One PERS Member, Theresa Seeley, Licensed Professional Educator, residing in Portland, Oregon was employed by the Respondent from August 1999 through January 2021 as a School Psychologist; and is a TIER One Member as of March 1, 1993;

Respondent: Employer: School District Employer: Portland Public Schools, 501 N. Dixon Street, Portland, OR 97227, 503-916-2000; Multnomah County, (PPS PERS ID 3818), and PPS Responsible Parties: district superintendent Guadalupe Guerrero, school board members-Board Chair E. Lowry, and managers: Galen Waldrep, Ondra Matthews, James Young, Michelle Riddell, Sean Murray, Laird Cusack, Legina Hein, Genevieve Rough, others

NATURE OF THE COMPLAINT:

In determining my PERS retirement account information, I discovered that for several consecutive years Portland Public Schools, "PPS" has not paid mandatory employer FICA taxes of employer 6.2% OASDI and 1.45% of Medicaid/Medicare, relative to Gross Wages, on my behalf. The payroll wage and hour statements I have from 2004-2019, show no mandatory employer paid taxes, only the employee portion of these taxes are showed on wage and hour statements and W2s. The employer contributions are labelled: Fed MED/ER, Fed OASDI/ER

and none of these remittances are reflected in my wage and hour reports, just the employee portions are shown as Fed MED/EE & Fed OASDI/EE. Portland Public Schools has refused to provide me with acceptable records from 1999-20019 to verify remittances of SSA taxes and PERS employer contributions, gross salary during periods of employment.

This information was not evident to me for a few reasons. These reasons include business actions that suggest an effort to conceal these missing remittances of payroll taxes and pension fund dollars.   PPS had some of my fiduciary documents mailed back to PPS instead of me; this is true for the pension fund accounts; and PPS consistently reported on its own internal: Portland Public Schools Annual Compensation Statements that these employer paid "social security and medicare" taxes and PERS/OSPRP were remitted when that is not the case by wage and hour statements, W2s, PERS account balances, Final Average Salary, Benefit Estimates and payments.

For clarification please see,

EXHIBIT 1: December 17, 2010 wage and hour report, Portland Public Schools employer

a) See December 17, 2010 Portland Public Schools Wage and Hour Statement: TAXES, Current and Year -to-Date, Employee share is accounted for (Fed MED/EE, Fed OASDI/EE), but nothing is listed for the employer.

b) The calculations are incorrect on this statement also.  Current FedMED/EE 1.45% of $85.30 is based on salary of $5882.75; Fed OAISD/EE of 6.2% of $364.73 is based on a salary of $5882.74, which is neither the "Total Gross" or "Fed Taxable Gross" or the Net Pay on this Wage and Hour statement.

c) There are no Employer Paid PERS Contributions of 6% in After-tax Deductions or Employer Paid Contributions;

  d) The "Before Tax Public Employees Ret" are employee paid contributions, $358.34 is 6% of $5972,33, Total Gross;

  e) These W2 for this year is incorrect for Box 1, 3, 5, maybe other boxes :

  f) This information is not consistent with the 2010 Portland Public Schools Annual Compensation Statement, a document unique to PPS, for its internal reporting only;

EXHIBIT 2: PORTLAND PUBLIC SCHOOLS 2010 ANNUAL COMPENSATION STATEMENT: Entitled: "Especially Prepared for Theresa Seeley"

    a) Find "PPS 2010 Contribution": "Social Security & Medicare" "$5496" is listed as the PPS contribution but there are no employer paid FICA taxes, no Fed MED/ER, or Fed OASDI/ER, listed on any 2010 wage & hour report, not the December YTD TAX or W2;

    b) The "PPS 2010 Contributions": "PERS/OPSRP Contribution" "$7,980" is not listed on any 2010 wage and hour report and nothing is listed YTD on December 2010 wage & Hour report for employer paid PERS contributions or after-tax contributions (By statute,ORS 238, employer paid PERS contributions are after-tax contributions);

EXHIBIT 3 2010 W2:

  a) W2 Shows no employer portion of FICA taxes

  b) social security wages is not correct

All the wage/hour statements, W2s and Portland Public Schools Annual Compensation Statement I have from 2004-2019 show this same pattern of no employer contributions of FICA, only employee contributions

toward FICA, and improperly remitted employer PERS Contributions on my behalf 2004-2019, and only employee contributions.

The Portland Public Schools Annual Compensation Statements,"PPS-ACS" is a form created by PPS for its purposed, and is unique and internal to PPS, and over the years this document consistently reports employer paid FICA of social security and medicare/Medicaid and PERS Employer contributions on my behalf when no other records substantiate these employer paid contributions as being paid.

PPS has carried an unfunded liability for my PERS funds when remittances are to be regular, timely and complete per pay period, and updated annually and corrected as errors present, and this has not happened with my PPS employer paid contributions for PERS TIER One and IAP employer contributions of Retirement funds.

Over the years I've worked for multiple PERS participating employers and the wage and hour reports from these school districts clearly show employer paid FICA taxes and employer paid PERS retirement benefits on my behalf: Centennial School District 28j, Reynolds School District #7, Multnomah Educational Service District #D1, David Douglas School District #40.   The wage and hour reports from PPS are very different from these other school districts; and the PPS wage and hour statements are not consistent with standard reporting of wages and hours established by regulation (Exhibits: see wage & hour reports years: 2014, 2016, 2021).

In chronological order from 2004-2021 is an explanation of the Exhibits attached of payroll records and the PPS ACS from 2004-2021.

2004 (September, November) show no employer paid FICA Taxes or PERS retirement contributions, but shows employee paid FICA; My PPS Wage and Hour reports from 2004 do not show employer contributions to PERS which should be in either the After-Tax Deductions or Employer Paid Benefits Section; employee PERS deductions are Before Tax Deductions, and are consistently listed year-year.

2007 (June), same as above

2008 (September), same as above

2009 (January, June, December), same errors and missing employer paid Medicaid equal to 1.45% of gross and OASDI of 6.2% of gross, and are no after-tax or employer paid PERS retirement equal to 6% of gross;

2010 (March, June, August, September, October November, December). The 2010 salary schedule states my 2010 pay rate should be $71,668 for school year 2010-2011; My PPS Wage and Hour reports for 2010, (Exhibits) do not show employer contributions to PERS which should be in either the After-Tax Deductions or Employer Paid Benefits Section; employee PERS deductions are Before Tax Deductions, but the internal Portland Public Schools Annual Compensation states these retirement funds were remittedThe ACS lists employer paid FICA and retirement contributions alongside employee contributions for FICA and retirement to PERS, and all of these types of salary should be reported on the employees W2 provided by the employer and the deductions should show on the monthly hour and wage report, and the employer paid FICA taxes are not remitted on any wage and hour statements from 2004-2019. The PERS employer retirement contributions did not start being paid until 2013, according to payroll records and W2s.

2011: (January, February, March, May, August, September, October, November, December)-same as above.

2012 (January, March, April, May, June, December), The 2012 paystubs are the first to show a pay rate of $73,101,

2013 (July, November); PERS employer contributions begin July 2013, as UAL. W2 2013 excludes employer contributions of FICA and retirement contributions in box 3 &

2014 (February, April, August-allowances were changed from 6 & 6 to 15 & 28, October-Allowances again changed to 35 & 35, December, allowances still 35 & 35; same as 2013, and for 2014-2019.

2020-PERS discontinued my Disability Retirement 10/31/2020; PPS still threatened me with non-disciplinary medical termination and would not allow even a PERS Return to Work Trial permitted under a disability retirement, which I requested and was denied. Returned to work with other participating employers: David Douglas SD, Centennial SD, Northwest Regional ESD, and was no longer retired and all accounts should be restored to balance at time of ORS 238.320 commencement of benefits.

2021-January 26, 2021 the school district board accepted a recommendation to terminate my

employment (since 1999) for: non-disciplinary medical termination. or by ORS 342 Mental and

Physical Incapacity; PERS discontinued my disability retirement eligibility 2 months prior without

considering the employer's statement which was that my condition was irremediable, that I was

not able to benefit from reasonable workplace accommodations, and that I am incapacitated from

any job for which I may be qualified (over 20 were identified with PPS), in the opinion of my

employer; PERS has consistently ignored the employer's statement, my appeal of this. (Exhibts:

2004-2021 records sent by USPS; some are provided for clarification, 2010 records, 2004, 2013,

2019; wage and hour statements school districts: #7, 40, D1, 28j).

PPS has failed to correctly report salary for computation of benefits, which is gross, not net wages, or

actual wages earned, and to employer's share of FICA taxes on my behalf. This is in an effort to deny me lawful

benefits and agreed benefits by collective bargaining agreement, employment contract, and statute.

PPS has refused to correct underreporting of my Total Compensation to PERS Member Services and has

not replied to any claims of missing taxes and retirement funds on my behalf. PPS stands to gain a lot by having

these funds go uncollected and underreported. As a result of this workplace harassment and bad faith my

quality of life now and in the future stands to be compromised significantly without the correction and

collection of these funds on my behalf.

All of these reporting errors by PPS has likely contributed to the significant underestimates in my PERS

retirement member accounts and monthly lifetime benefit estimates and payments. These estimates and

payments were generated with wrong factors. The difference in monthly lifetime pension payment is about 50%

less than what it should be according to past estimates. Now I stand to lose OASDI and Medicare benefits

because of these missing employer contributions.

SUMMARY: This is a complaint that Portland Public Schools FAILED TO REMIT mandatory EMPLOYER PAID

PORTIONS OF Federal social security and Medicaid (FICA) taxes on my behalf from at least 2004-2019, and

FAILED TO REMIT employer paid contributions of retirement funds on my behalf to PERS retirement accounts,

from at least 2004-2012; and PPS has failed to correctly report data for computation of PERS retirement benefits

for salary, gross salary, creditable years of service, in violation of ORS 180.755, IRS rule 25.1.6, ORS 238.660,

ORS659A, and other controlling laws. This information was only recently discovered while verifying retirement information.

Since 2019 I have been trying to get payroll documents, and last requested these in July 2022. PPS provided me with what records it wanted 2/8/22 (Exhibit: 2/8/22 Ondra Matthews), and none of the documents provided match my records requests and the records are not all useful for lack of necessary identifying information, and exclude relevant data, and exclude data about payroll taxes and employer remittances of funds on my behalf.   These requests are still open. The amount of financial loss to be determined.

Respectfully Submitted July 12th, 2022

_____

Theresa Seeley

971-252-0875; treeyoga2015@gmail.com

Enclosures: 2010 Wage and Hour Statement; 2010 Portland Public Schools; Annual Compensation Statement; 2010 W2; request for help from labor union  & PPS Benefits

38

Monday, September 11, 2017 #1

Subject: Required Meeting
Date:    Sunday, September 10, 2017 at 8:32:27 PM Pacific Daylight Time
From:    Linda Moon
To:      Theresa Seeley
CC:      Linda Moon, Kathi Koenig

Hello Theresa,
I am giving you notice, under Article 19F of the PAT contract, of a formal investigatory inte
The topics we will discuss are regarding:

    Missing Laptop
    Absences 8/25/17 and 8/28/17
    Beyond Diversity Training
    Response to my emails
    Your school sites schedule

You have the right to have a Union Representative present during this meeting. I would lik
you:
Th 9/14/17, 8:00-8:30 at BESC or
F 9/15/17, 8:00-8:30 at BESC or
M 9/18/17, 8:00-8:30 or 3:30-4:00 at BESC.
Please email me within 24 hours of the date/time that you are able to meet with me.

Thank you, Linda

39

TO: LINDA MOON

FR: Theresa Seeley

DA: 9/11/17

RE Reply to your letter

Dear Linda,

Please provide reason to threaten me with terminiation, discipline, nonrenewal and/or lay-off for the items you mention in your letter, per Article 19F. What you have listed in this attached letter does not constitute cause for termination, discipline, nonrenewal, and/or lay-off, but the process allows me a clear explanation for what you are suggesting constitutes reason for this disciplinary meeting.

In response for your demand to meet with you on various dates I am not able to commit to any of these dates at this time. Until I have a clear understanding of what the concerns warranting such a threat I cannot prepare a response or seek appropriate representation.

Thank you for your courteous reply.



TO: PAT, PPS

FR: Theresa Seeley, Unit Member

RE: Harassment and Bullying, Violation of Settlement, Grievance: 9/11 Linda Moon Letter, Performance Evaluation 2016-17; Linda Moon as Performance Evaluator

DA: 9/11/17

Please find the attached letter from Linda Moon, Academic Administrator of Lincoln and Jefferson Cluster. My assignment is at Glencoe Elementary and Mt. Tabor, which is in the Region of the Administrator Claire Skelly.

The preferential treatment of Linda Moon remaining my Evaluating Administrator and overseeing my performance into this year I consider a show of harassment and bullying. Linda Moon should not be in this role relative to me. She should not have been following my return to duty last and she shouldn't be again that I have a school assignment outside of her region. This is not a clean slate; this is harassment and bullying.

Now, just days into the school year I receive a notice of disciplinary potential from Linda Moon. She finds no reservation in giving me this tension on September 11th either, one of the worst days in American history.

Then, to top it, none of the things on her list of reasons to threaten me with discipline, termination, nonrenewal and/or lay-off constitutes a violation of anything, and I have not done anything worthy of this letter and call to meet with her. Again, it is more harassment and bullying by Linda Moon and the agents of PPS.

There is no violation in losing a laptop. My schedule has been communicated to my building teams and leadership, and Linda for over a week, and it is posted on my office door in each building.

Everyone has until October 31, 2017 to complete mandatory trainings of which one is the diversity training mentioned in this letter.

My absence for my professional training at the onset of this year was submitted to Linda in a timely manner and on a district form. My building leadership and teams knew I would be out on two professional planning days at the start of the school year.

To my knowledge, I have not missed any email from Linda but, even if I had, that too is not grounds for threat of discipline by her or to be formally called into any meeting with her. She's known from the first week of school that my laptop was missing, she emailed me about it.

Linda Moon should not be over me at this time. Linda Moon is creating a hostile work environment for me, and adding negativity to the atmosphere fin my buildings for me that is jeopardizing my ability to do my job. This insertion into my new assignment is interfering with my ability to service my buildings and cases.

On the day I received this letter I was too upset to remain on duty. Later that day after symptoms of stress didn't dissipate I went to the emergency room.

It is not necessary for Linda Moon to remain invested in my performance. I purposely chose schools to be away from her and to put the reasons for the Settlement Agreement behind. Tethering Linda Moon to me is detrimental to my health and well-being. I consider this letter from Linda Moon and her following me onto my new assignment a further show of harassment and bullying by Portland Public Schools and Linda Moon.

Per the Settlement Agreement I have put for a good faith effort to move on and start anew since being assigned late January 2017, and I cannot find example of the district doing the same.  Since I have returned to work the district forced me to drive across town instead of assign me available schools on my side of the river as my assignment, completely disrespecting my right to request a say in my placement, and a right also by seniority to expect would be honored,  Last Winter upon my arrival, under the direction of Linda Moon, one school generated seventeen initial special education referrals for me to complete, and none vetted properly,  and the team exceeded this unreasonable workload, but not with out a price to personal welfare and personal time.  She held the special education team meeting during the lunch period for the teacher staff who had no choice of lunchtime and Linda Moon demanded I participate in a full evaluation in three months time when the evaluation cycle is two academic years and with definite phases in the evaluation process.  The Performance Evaluation process was not honored or followed by Linda Moon.  She has yet to produce her original notes or the observations she references in her statements on the Performance Evaluation document.

Please realize that I want a safe work experience.  It is my obligation to inform you that this kind of attack, in the form of a letter, and making my assignment personalized for me such as tethering Linda Moon to me,  is interfering with my ability to do my job; I consider it only harassment, bullying, and retaliation by this educational institution and it's agents, and it is interfering with my health and making me feel it is  not safe to return to work.

Theresa M. Seeley, Unit Member
School Psychologist
008485

Liz Joffee, Kathi Keonig, Mary Pearson, Frank Scotto, Kevin Leipzig, Stefanie Harper, Elizabeth Lemoine,



AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

THERESA SEELEY

)
)
)
)
_____ )
*Plaintiff(s)* )
v. )    Civil Action No.  3:15-cv-1897-MO
)
PORTLAND PUBLIC SCHOOLS; AMY KLEINER )
)
)
_____ )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Portland Public Schools
c/o Stephanie Harper, HR Legal Counsel
General Counsel's Office
501 N Dixon Street
Portland, OR 97208

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Theresa Seeley
7025 NE Davis Street
Portland, OR 97213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Mary L. Moran, Clerk of Court
CLERK OF COURT

Date: _10/14/2015_

_____
*Signature of Clerk or Deputy Clerk*

Federal Rules:

ADA-American with Disabilities Act-42 USC 1983 (state actions), 42 USC

    1985(3) (conspiracy), 42 USC 86 (conspiracy); 42 USC 12133, 42 USC

    2000e-5(e)(3)-discrimination in compensation, 42 USC 12111, 122131-

    12165, 12132, 12133, 12131(1)(A)(B)(2), 12132 Sec. 202, 203, Title II:

    discrimination based on disability, Title I, V protection for individuals

    with disabilities, Title III-42 USC 12181-12189 - t (1990), ADA (2008)-

    broadened meaning of disability, perceived disability;

28 CFR 35.108-Definition of Disability, 5 USC 301, 28 USC 509, 510-

    disability discrimination;

Employment Act of 1967 (ADEA), Older Workers Benefit Protection Act

    (1990)-tangible employment act;

45 CFR Part 84, 20 WSC 1405;

29 CFR 37, 37.5

FMLA-Family Medical Leave Act;

Civil Rights Act 1964-Title VII-harassment, tangible employment act;

Section 504 of the Rehabilitation Act of 1973;

First Amendment-Liberty Right Breach

Fifth Amendment-denial of due process

14th Amendment-local & state government, remedies

Title VII;

Oregon rules:

    659A.885-Civil Action, Unlawful Employment Practice

    ORS 659A.865-Retaliatory Action Prohibited;

    ORS 659A.875-disability discrimination

    Unlawful Discrimination in Employment-659A.029, 659A.030 sex, marital status, age;

    659A.040-discriminaiton against employee applying for worker's compensation benefits;

    659A.103-Unlawful Discrimination Against a Person with Disabilities;

    659A.109-Discrimination for Using Procedures in ORS 659A.104-659A.145;

    659A.112 Employment Discrimination;

    659A.115-Qualification for Employment;

    659A.146-Reasonable Accommodation;

    659A.147-Prohibited Conduct;

    659A.150 Family Medical Leave Act;

    659A.199-Prohibited Conduct by Employer: Retaliation for Whistleblowing, engaging in protected activities;

    659A.203-Prohibited Conduct by public or nonprofit employer;

Seeley v. Portland Public Schools & Parties                                3
Statutory References

659A.370 Workplace Fairness-Employer Prohibited from
entering into agreements that prevent employees from
discussing certain unlawful conduct;

ORS 342, 342.865-Grounds For Dismissal (1)(e)(3)

(3) "Suspension or dismissal on the grounds contained in

subsection(1)(e) of this section shall not disqualify the teacher involved f

or any of the disability benefits provided in ORS chapter 238, or any of

the benefits provided in ORS 332.507 (sick leave for school employees)."

See (1)(e) Physical or Mental Impairment.;

ORS 238.445-Benefits exempt from execution, bankruptcy and certain taxes-

exceptions;

ORS 238.660-Fund, generally;

ORS 190-Cooperation of Governmental Units;

ORS 180.755-Prohibited Acts;

ORS 238A.240-Funding of Disability Benefit;

OAR 459-005-0310 Date of participation and Transfer of Employee Funds to
the Optional Retirement Plan;

ORS 180.760-Civil action for violation, remedies, penalty

ORS 238.445 Benefits exempt from execution bankruptcy and certain taxes,
exceptions;

ORS 12.110-Actions for certain injuries to person not arising on contract

Seeley v. Portland Public Schools & Parties                                    4
Statutory References

ORS 12.080-Breach of Contract

ORS 238.005 Definitions: (2)(6)(9)(a)(b)(12)(15)(16) (17)(a) (18)
(21)(22)(23)(26)(a)(b)(A)(B)(C)(27)(28)(30);

ORS 238.008 Computation of salary: (1)(2)(3): Pertains to incorrect    reclaim of
12 months of creditable year service school year 2005-06;

OAR 459-001-0005-Definitions: (2)(8)(15)(18)(25)(30)(b)(A)(B)(33)

ORS 238.320 –Disability Retirement Allowance:(1)(b)(B)

ORS 238.300-General Service Retirement Allowance:(1)(2)(a)(b) (B)(b)(A)

ORCP 10, 15D Equitable Tolling

OSB-PLF Time Computation (2022) 2.2B, 2.3A, 2.3F, 2.6A(3)(a)
(1)(b)(5)(1)(2)(3)-Equitable Tolling

ORS 180.765 Statute of Limitation

ORS 12.160(3)(4)-Suspension for minors and persons who have disabling
mental condition

ORS 30.275(2)(b)-Notice of claim, time of notice, time of action

ORS 165.065-Negotiating a Bad Check

ORS 165.080-Falsifying business records

ORS 165.100-Issuing a false financial statement

ORS 165.102-Obtaining execution of documents by deception

School District Board Policy:

5.20-100-P Physical and Mental Health of Staff Members;

Seeley v. Portland Public Schools & Parties                                 5
Statutory References

5.20.132-P Pretermination Hearing Procedures for Contract Teachers;

5.20.130-P Teacher Dismissal;

5.50.042-AD Intensive Assistance Program

5.20.101-AD Procedures For Medical Consultation;

5.10.101-AD Modified Duty Procedures;

5.20.081-AD Evaluation Procedures;


Cases:

Logan v. Zimmerman Brush Co., 455  US 422 (1982);

Board of Regents v. Roth (408) US 564 (1972);

Cleveland Board of Education v. Loudermill, 470 US 532 (1985), at 543, 546;

Mullane v. Central hanover Bank & Trust Co. , 389  US 306(1950)

Codd v. Velger, 429 US 634, 628 (1977)

Paul v. Davis, 424 US 693 (1976)

Ludwig v. Board of Trustees Ferris State University, 123 F3d 404 (6th Cir. 1997);

Teachers and Other School Personnel

# ORS 342.865
# Grounds for dismissal or contract nonextension of contract teacher

(1) No contract teacher shall be dismissed or the teacher's contract nonextended except for:

    (a) Inefficiency;

    (b) Immorality;

    (c) Insubordination;

    (d) Neglect of duty, including duties specified by written rule;

    (e) Physical or mental incapacity;

    (f) Conviction of a felony or of a crime according to the provisions of ORS 342.143 (Issuance of licenses and registrations);

    (g) Inadequate performance;

    (h) Failure to comply with such reasonable requirements as the board may prescribe to show normal improvement and evidence of professional training and growth; or

    (i) Any cause which constitutes grounds for the revocation of such contract teacher's teaching license.

(2) In determining whether the professional performance of a contract teacher is adequate, consideration shall be given to regular and special evaluation reports prepared in accordance with the policy of the employing school district and to any written standards of performance which shall have been adopted by the board.

(3) Suspension or dismissal on the grounds contained in subsection (1)(e) of this section shall not disqualify the teacher involved for any of the disability benefits provided in ORS chapter 238, or any of the benefits provided in ORS 332.507 (Sick leave for school employees).

(4) Dismissal under subsection (1)(f) of this section shall remove the individual from any school district policies, collective bargaining provisions regarding dismissal procedures and appeals and the provisions of ORS 342.805 (Short title) to 342.937 (Reimbursement for teacher dismissal costs). [1965 c.608 §§9,19; 1973 c.298 §4; 1977 c.860 §4; 1981 c.569 §1; 1995 c.446 §10; 1997 c.249 §104; 1997 c.864 §10; 1999 c.130 §8]

*Location:* https://oregon.public.law/statutes/ors_342.865

*Original Source: Section 342.865 — Grounds for dismissal or contract nonextension of contract teacher,* https://www.-oregonlegislature.gov/bills_laws/ors/ors342.html (last accessed Mar. 11, 2023).

Public Employees Retirement System

# ORS 238.320
# Disability retirement allowance

**(1)** Whenever an employee who is a member of the Public Employees Retirement System is found, after being examined by one or more physicians selected by the Public Employees Retirement Board, to be mentally or physically incapacitated for an extended duration, as determined by medical examination, and thereby unable to perform any work for which qualified, by injury or disease sustained while in actual performance of duty and not intentionally self-inflicted, the member shall receive a disability retirement allowance consisting of:

    **(a)** A disability retirement refund annuity based on the contributions under this chapter, if any, credited to the member account of the member.

    **(b)** A current service pension provided by the contributions of employers and, for benefits that accrue on or after July 1, 2020, amounts in the employee pension stability account established for the member under ORS 238A.353 (Employee pension stability accounts established), equal to:

        **(A)** For a police officer or firefighter, the pension to which the member would have been entitled if the member had worked continuously until attaining the age of 55, or if the member has attained the age of 55, the pension which the member would receive were the member to retire for service, as provided in this chapter.

        **(B)** For a member other than a police officer or firefighter, the pension to which the member would have been entitled if the member had worked continuously until attaining the age of 58, or if the member has attained the age of 58, the pension which the member would receive were the member to retire for service, as provided in this chapter.

    **(c)** The same prior service pension the member would have received had the member worked until normal retirement age.

**(2)** As used in subsection (1) of this section, "injury" means bodily injury causing the disability directly and independently of all other causes and effected solely through accidental means.

**(3)** Whenever an employee who is a member of the system and who has been an employee for 10 years or more of an employer participating in the system is found, after being examined by one or more physicians selected by the board, to be mentally or physically incapacitated for an extended duration, as determined by medical examination, and thereby unable to perform any work for which qualified, from cause other than injury or disease sustained while in actual performance of duty or intentionally self-inflicted, the member shall receive a disability retirement allowance as provided in subsection (1) of this section.

**(4)** Payments under a disability retirement allowance provided for in subsection (1) or (3) of this section for the first 90-day period of incapacity shall be withheld until such 90-day period has

elapsed.

**(5)** An inactive member is not eligible for disability benefits referred to in subsection (1) or (3) of this section unless the member applies for such disability benefits within five calendar years after the date of separation from service with a participating public employer if the disability is continuous from such separation date or within six months after the date of such separation from service if disability occurs after such separation date.

**(6)** In computing years of employment for the purpose of subsection (3) of this section, the following schedule shall be used: For employment before the employee established membership in the Public Employees Retirement System, a member shall be considered to have been employed for one year for each year of prior service credit allowed, and for any minor fraction of a year of continuous service as certified by the employer for which no prior service credit was granted. After having established membership in the Public Employees Retirement System a member shall be considered to have been employed one year for each 12-month period or major fraction thereof during which time the member received compensation for employment which entitled the member to membership in the system, as evidenced by payroll records. For the purpose of determining a member's eligibility for disability benefits, no leave of absence after a member ceases to work for any participating employer shall be considered other than accumulated sick leave not in excess of 90 days. The effective date of the disability shall not in any event be determined by the board as prior to the last day for which the disabled member performed services for a participating employer. No benefits may be paid for any month in which the member received salary or sick leave benefits from the participating employer.

**(7)** For the purposes of subsections (1) and (3) of this section, a member of the system shall be considered to be mentally or physically incapacitated for an extended duration if the mental or physical incapacity can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 90 days. [Formerly 237.171; 2001 c.945 §51; 2003 c.67 §24; 2019 c.355 §15]

*Location:* https://oregon.public.law/statutes/ors_238.320

*Original Source: Section 238.320 — Disability retirement allowance,* https://www.oregonlegislature.-gov/bills_laws/ors/ors238.html (last accessed Mar. 11, 2023).

Public Employees Retirement System

# ORS 238.300
# Service retirement allowance

Upon retiring from service at normal retirement age or thereafter, a member of the Public
Employees Retirement System shall receive a service retirement allowance which shall consist of
the following annuity and pensions:

(1) A refund annuity which shall be the actuarial equivalent of accumulated contributions, if any,
by the member under this chapter and interest thereon credited at the time of retirement,
which annuity shall provide an allowance payable during the life of the member and at death
a lump sum equal in amount to the difference between accumulated contributions at the time
of retirement and the sum of the annuity payments actually made to the member during life
shall be paid to such person, if any, as the member nominates by written designation duly
acknowledged and filed with the board or shall otherwise be paid according to the provisions
of this chapter for disposal of an amount credited to the member account of a member at the
time of death in the event the member designates no beneficiary to receive the amount or no
such beneficiary is able to receive the amount. If death of the member occurs before the first
payment is due, the member account of the member shall be treated as though death had
occurred before retirement.

(2)(a) A life pension (nonrefund) for current service provided by the contributions of employers
and, for pension benefits that accrue on or after July 1, 2020, amounts in the employee pension
stability account established for the member under ORS 238A.353 (Employee pension stability
accounts established), which pension, subject to paragraph (b) of this subsection, shall be an
amount which, when added to the sum of the annuity, if any, under subsection (1) of this section
and the annuity, if any, provided on the same basis and payable from the Variable Annuity
Account, both annuities considered on a refund basis, results in a total of:

(A) For service as a police officer or firefighter, two percent of final average salary
multiplied by the number of years of membership in the system as a police officer
or firefighter before the effective date of retirement.

(B) For service as other than a police officer or firefighter, including service as a
member of the Legislative Assembly, 1.67 percent of final average salary multiplied
by the number of years of membership in the system as other than a police officer
or firefighter before the effective date of retirement.

(b) A pension under this subsection shall be at least:

(A) For a member who first establishes membership in the system before July 1, 2003,
the actuarial equivalent of the annuity provided by the accumulated contributions of
the member. A person establishes membership in the system before July 1, 2003,
for the purposes of this subparagraph if:

(I) The person is a member of the system, or a judge member of the system, on the day
immediately before July 1, 2003; or

**(ii)** The person performed any period of service for a participating public employer before July 1, 2003, that is credited to the six-month period of employment required of an employee under ORS 238.015 (Membership generally) before an employee may become a member of the system.

**(B)** For a member who made contributions before August 21, 1981, the equivalent of a pension computed pursuant to this subsection as it existed immediately before that date.

**(c)** As used in this subsection, "number of years of membership" means the number of full years of creditable service plus any remaining fraction of a year of creditable service. Except as otherwise provided in this paragraph, in determining a remaining fraction a full month shall be considered as one-twelfth of a year and a major fraction of a month shall be considered as a full month. Membership of a school district employee, an employee of an institution of higher education engaged in teaching or other school activity or an employee of the Department of Human Services, the Oregon Youth Authority, the Department of Corrections or the State Board of Education engaged in teaching or other school activity at an institution supervised by the authority, board or department, for all portions of a school year in a calendar year in which the district school, institution of higher education or school activity at an institution so supervised in which the member is employed is normally in session shall be considered as a full one-half year of membership. The number of years of membership of a member who received a refund of contributions as provided in ORS 237.976 (Disposition of contributions made under abolished system) (2) is limited to the number of years after the day before the date on which the refund was received. The number of years of membership of a member who is separated, for any reason other than death or disability, from all service entitling the member to membership in the system, who withdraws the amount credited to the member account of the member in the fund during absence from such service and who thereafter reenters the service of an employer participating in the system but does not repay the amount so withdrawn as provided in this chapter, is limited to the number of years after the day before the date of so reentering.

**(3)** An additional life pension (nonrefund) for prior service credit, including military service, credited to the member at the time of first becoming a member of the system, as elsewhere provided in this chapter, which pension shall be provided by the contributions of the employer. [Formerly 237.147; 1997 c.249 §67; 2001 c.900 §49; 2001 c.945 §50; 2003 c.67 §4; 2003 c.625 §22; 2003 c.733 §46e; 2011 c.637 §73; 2019 c.355 §13]

Note: Section 46f, chapter 733, Oregon Laws 2003, provides:

154

Public Employees Retirement System

# ORS 238.445
# Benefits exempt from execution, bankruptcy and certain taxes

## • exceptions

(1)   Except as provided in this section, the right of a person to a pension, an annuity or a retirement allowance, to the return of contribution, the pension, annuity or retirement allowance itself, any optional benefit or death benefit, or any other right accrued or accruing to any person under the provisions of this chapter or ORS chapter 238A, and the money in the various funds created by ORS 238.660 (Fund generally) and 238.670 (Reserve accounts in fund), shall be exempt from garnishment and all state, county and municipal taxes heretofore or hereafter imposed, except as provided under ORS chapter 118, shall not be subject to execution, garnishment, attachment or any other process or to the operation of any bankruptcy or insolvency law heretofore or hereafter existing or enacted, and shall be unassignable.

(2)   Subsection (1) of this section does not apply to state personal income taxation of amounts paid under this chapter and ORS chapter 238A.

(3)   Unless otherwise ordered by a court under ORS 25.387 (Withholding more than amount authorized by law), the exemption from execution or other process granted under this section applies to 50 percent of amounts paid under this chapter and ORS chapter 238A if the execution or other process is issued for a support obligation or an order or notice entered or issued under ORS 25.501 (Definitions for ORS 25.501 to 25.556) to 25.556 (Expeditious court hearings) or ORS chapter 25, 107, 108, 109, 110, 419B or 419C. [Formerly 237.201; 1999 c.80 §86; 1999 c.745 §3; 2003 c.733 §52; 2011 c.317 §8; 2019 c.13 §36]

*Location:* https://oregon.public.law/statutes/ors_238.445

*Original Source: Section 238.445 — Benefits exempt from execution, bankruptcy and certain taxes; exceptions,* https://www.oregonlegislature.gov/bills_laws/ors/ors238.html (last accessed Jun. 26, 2021).

Public Employees Retirement System

# ORS 238.660
# Fund generally

## • board review of legislative proposals

(1) The Public Employees Retirement Fund is declared to be a trust fund, separate and distinct from the General Fund, for the uses and purposes set forth in this chapter and ORS chapter 238A and ORS 237.950 (Pre-1953 Public Employees Retirement System abolished) to 237.980 (Rights and moneys exempt from taxation, execution and bankruptcy and are unassignable), and for no other use or purpose, except that this provision shall not be deemed to amend or impair the force or effect of any law of this state specifically authorizing the investment of moneys from the fund. Interest earned by the fund shall be credited to the fund. Except as otherwise specifically provided by law, the Public Employees Retirement Board established by ORS 238.630 (Board generally) is declared to be the trustee of the fund. Consistent with the legislative intent expressed in ORS 238.601 (Legislative findings and intent), and to the extent it is consistent with the board's fiduciary duties, the board shall give equal consideration to the interests of participating public employers and the interests of members. Nothing in this subsection shall be construed to impose a fiduciary duty on the board to consider the interests of public employers, and the board shall consider the interests of public employers only with respect to matters unrelated to the board's fiduciary duties as trustee of the fund.

(2) Until all liabilities to members and their beneficiaries are satisfied, assets of the fund may not be diverted or otherwise put to any use that is not for the exclusive benefit of members and their beneficiaries. This subsection does not limit return of employer contributions for health benefits in the manner provided by ORS 238.410 (Board may contract for insurance for retirees), 238.415 (Payment toward cost of pre-Medicare insurance) and 238.420 (Payment toward cost of Medicare supplemental insurance) upon satisfaction of all liabilities for health benefits under those sections.

(3) The State of Oregon and other public employers that make contributions to the fund have no proprietary interest in the fund or in the contributions made to the fund by them. The state and other public employers disclaim any right to reclaim those contributions and waive any right of reclamation they may have in the fund. This subsection does not prohibit alteration or refund of employer contributions if the alteration or refund is authorized under this chapter or ORS chapter 238A and is due to erroneous payment or decreased liability for employer contributions under the system. This subsection does not prohibit the offset of contributions to the individual account program under ORS 238.229 (Effect of lump sum payment to side account on contributions of pooled employer) (5).

(4) The board may accept gifts of money or other property from any source, given for the uses and purposes of the system. Money so received shall be paid into the fund. Money or other property so received shall be used for the purposes for which received. Unless otherwise prescribed by the source from which the money or other property is received, the money

shall be considered as income of the fund and the other property shall be retained, managed and disposed of as are investments of the fund.

(5) All moneys paid into the fund shall be deposited with the State Treasurer, who shall be custodian of the fund and pay all warrants drawn on it in compliance with law. No such warrant shall be paid until the claim for which it is drawn is first approved by the director or designee and otherwise audited and verified as required by law. Monthly, each beneficiary's gross benefit shall be calculated; applicable deductions made for taxes, insurance and other withholdings; and the net amount paid to the beneficiary, by check or by electronic funds transfer (EFT) to the beneficiary's bank. A deduction summary shall be made, by type, and a check issued for the aggregate of each type for transmittal to the appropriate taxing jurisdiction, vendor or institution. A voucher shall be prepared and transmitted to the Oregon Department of Administrative Services for reimbursement of the checking account, and the department shall draw a warrant on the State Treasurer, payable to the Public Employees Retirement System, for the amount thereof.

(6) Any warrant, check or order for the payment of benefits or refunds under the system out of the fund issued by the board which is canceled, declared void or otherwise made unpayable pursuant to law because it is outstanding and unpaid for a period of more than two years, may be reissued by the board without bond if the payee is located after such warrant, check or order is canceled, declared void or otherwise made unpayable pursuant to law.

(7) All references in this chapter to checks or warrants are subject to the provisions of ORS 291.001 (Use of accounting terms).

(8) The board shall provide for an annual audit of the retirement fund and for an annual report to the Legislative Assembly and to all members of, retirees of, and all employers participating in, the system. The annual report must contain financial statements prepared in accordance with generally accepted accounting principles. The financial statements must include the report of any independent auditor.

(9) The board may review legislative proposals for changes in the benefits provided under this chapter and ORS chapter 238A and may make recommendations to committees of the Legislative Assembly on those proposed changes. In making recommendations under this subsection, the board acts as a policy advisor to the Legislative Assembly and not as a fiduciary. In making recommendations under this subsection on the Oregon Public Service Retirement Plan established by ORS chapter 238A, the board shall seek to maintain the balance between benefits and costs, and the relative risk borne by employers and employees with respect to investment performance, reflected in ORS chapter 238A as in effect on January 1, 2004.

(10) The board shall appoint a committee to advise the board on legislative proposals for changes in the benefits provided under this chapter and ORS chapter 238A. The committee must have an equal number of members representing labor and management. No costs of reviewing legislative proposals and making recommendations under this subsection may be charged to the fund. Any member of the committee who is an active member of the system shall be released by the participating public employer who employs the member for the purpose of conducting the official business of the committee, and the wages or salary of the member may not be reduced by the employer during periods that the member is released from duty for the purpose of conducting the official business of the committee. [Formerly 237.271; 1997 c.121 §1; 1999 c.317 §8; 1999 c.407 §6; 2001 c.945 §3; 2003 c.17 §2; 2003 c.625 §29; 2003 c.733 §60; 2009 c.889 §2]

*Location:* https://oregon.public.law/statutes/ors_238.660

*Original Source: Section 238.660 — Fund generally; board review of legislative proposals,* https://www.-
oregonlegislature.gov/bills_laws/ors/ors238.html (last accessed Mar. 11, 2023).

Oregon Oregon Public Employees Retirement System

# Rule 459-005-0310
# Date of Participation and Transfer of Employee Funds to the Optional Retirement Plan

(1) Definitions. For the purposes of this rule:

  (a) "IAP account" means the member's employee, rollover, and employer accounts in the Individual Account Program, to the extent the member is vested in those accounts under ORS 238A.320 (Vesting).

  (b) "OPSRP Pension account" means the member's transferable interest in the pension program under ORS 243.800(6)(d).

  (c) "PERS member account" includes a "member account" as defined in ORS 238.005 (Definitions), an account established under ORS 238.440 (Optional purchase of benefit units by police and firefighters), and an account subject to ORS 238.095 (Termination of membership)(4).

(2) The effective date of an election by an administrative or academic employee of a public university to participate in the Optional Retirement Plan (ORP) authorized under ORS 243.800 is the first day of the month following a period of six full calendar months of employment in an administrative or academic position.

  (a) Unless otherwise agreed upon, notice of the effective date of the election will be provided to PERS by the public university within 30 days of the date of the election.

  (b) If the employee is a member of PERS and elects to transfer funds from PERS to the Optional Retirement Plan pursuant to ORS 243.800(6), the public university will forward to PERS a copy of the ORP election form and a written transfer request from the employee at the time of the notification required in subsection (a) of this section.

(3) If an employee who is a member of PERS requests a transfer of funds pursuant to ORS 243.800(6):

  (a) PERS must transfer the funds to the ORP within the 60-day period following the later of:

    (A) The effective date of the employee's election to participate in the ORP; or

    (B) The effective date of the transfer.

  (b) The effective date of a transfer is the first of the month in which PERS completes reconciliation of the account to be transferred.

(c) PERS may not transfer funds to the ORP if the member is concurrently employed by a participating employer.

---

*Location:*https://oregon.public.law/statutes/ors_14.260.

*Original Source: § 14.260 — Affidavit and motion for change of judge; time for making; limit of two changes of judge,* https://www.oregonlegislature.gov/bills_laws/ors/ors014.html (last accessed Jun. 26, 2021).

5.20.132-P

# 5.20.132-P   Pretermination Hearing Procedures For Contract Teachers

**B O A R D   P O L I C Y**

(1) <u>**Applicability**</u>. The following procedures will apply at a hearing before the Board, which is requested by a contract teacher after the superintendent has recommended termination of the teacher's employment.

(2) <u>**Hearing Procedures**</u>.

    (a) <u>Hearing</u>. The hearing will occur before a presiding officer designated by the Board. Board members may elect to attend the hearing in person or to review the record of the hearing. A tape recording or other verbatim transcript will be made for the sole use of Board members in reaching their decision.

    (b) <u>Presiding Office</u>. The presiding officer will be a Board member or other person designated by the Board. The presiding officer shall gather the information necessary for the Board to make a decision regarding termination of the teacher's employment. At the hearing, the teacher will be given the opportunity to provide any information that the teacher believes is relevant for the Board to consider.

    (c) <u>Presiding Officer's Report</u>. Unless the full Board attends the hearing, the presiding officer will submit a report and recommendation to the Board after close of the hearing.

    (d) <u>Decision</u>. After the hearing and any report from the presiding officer, the Board will decide whether the superintendent's recommendation of dismissal should be affirmed, reversed or modified.

    (e) <u>Reasons and Issues</u>. The written reasons for the superintendent's recommendation, which have been provided to the teacher, will establish the basis and issues for the hearing. Those reasons may be amended before completion of the Board's review, but the presiding officer would then afford the teacher the opportunity to provide information on the amended reasons.

    (f) <u>Conduct of the Hearing</u>.

        (A) The presiding officer will inform the teacher of the date, time and place of the hearing.

        (B) The hearing will not be open to the public unless the teacher requests a public meeting. Unless a public hearing is held, the only tape recording or verbatim transcript will be that created for the use by Board members.

## 5.20.132-P    Preterrmination Hearing Procedures For Contract Teachers

(C) Unless the hearing is in public, any witnesses other than the teacher, supervisors and superintendent may attend the hearing only when they are testifying.

(D) All documents, communications and records generated by the hearing are to be filed in a separate file, which will constitute a "personnel file" within the meaning of the confidentiality provisions of ORS 342.850 and will not be open for inspection by other than the superintendent's office, in the absence of the specific approval of the superintendent or the teacher.

(E) The presiding officer shall make such rulings as appear appropriate regarding the proceedings, the order of proof, and the form of testimony and evidence. The following general procedure, however, will apply:

(i) The presiding officer will open the hearing. If a quorum of the Board is present, the presiding officer will announce the basis for the executive session (unless the hearing is public by the teacher's request). The presiding officer will also state the issue(s);

(ii) The district and the teacher may be represented by counsel;

(iii) The district will present its position first;

(iv) The teacher will next present his or her position;

(v) The positions of the district and teacher may be presented in narrative format, in writing, through witnesses and/or through documents;

(vi) One hour will be allowed for the presentation by each party. This time can be extended by the presiding officer at his or her discretion;

(vii) Failure by the teacher to attend the hearing will be deemed a withdrawal of the request for a hearing and a waiver of the right to such a hearing;

(viii) Formal rules of evidence do not apply. The presiding officer will allow the presentation of all evidence that he or she deems to be relevant to the resolution of the issues presented. The presiding officer, however, may disallow evidence that he or she determines is unnecessarily repetitive, irrelevant, unreliable or defamatory;

## 5.20.132-P Pretermination Hearing Procedures For Contract Teachers

B
O
A
R
D

P
O
L
I
C
Y

(ix) All decisions regarding the conduct of the hearing will be made by the presiding officer;

(x) The presiding officer may ask questions of the parties and of any witnesses. With permission of the presiding officer, Board members in attendance may also pose questions.;

(xi) The parties will not be allowed to cross-examine each other or any witnesses presented by another party. The parties may, however, ask the presiding officer to pose specific questions to another party or witness.

(3) **Decision of the Board**.

  (a) In General. The Board's decision will be written and will be furnished to the parties promptly after close of the hearing and receipt of any report of the presiding officer, allowing time if necessary for the review of any hearing record by Board members. Unless otherwise directed by the Board, the evidence considered by it will be confined to the record made at the hearing. Any further presentation to the Board on behalf of a teacher will consist only of argument based on the record and presented by either the teacher or the teacher's representative, but not by both.

  (b) Deliberations. The Board may deliberate privately after conclusion of the party's representation. The district's attorney and superintendent may be present during the deliberations at the request of the Board chair or designee, for assistance with procedural matters. No additional evidence will be heard during the Board's deliberations.

  (c) Additional Evidence. If the teacher or the superintendent wishes to present additional evidence to the Board that for good cause was not presented at the initial hearing, written application must be made prior to the date on which the Board's decision is made. The application must: (a) specify the information, documents, witnesses or testimony proposed to be presented; (b) include a copy of any exhibits proposed to be offered; and (c) state the specific reasons that the evidence was not presented at the hearing.

(4) **Effect of Procedural Errors**. If a hearing under this procedure is determined by the Board or on appeal beyond the Board to have been inadequate in a material respect, the defect will not result in automatic employment or reemployment for the teacher, but will entitle the teacher to a rehearing conducted in an adequate manner, which may result in affirmation, reversal or modification of the previous decision.

5.20.132-P

## 5.20.132-P Pretermination Hearing Procedures For Contract Teachers

(5) **Notices**. Notices and copies to the teacher given under this policy will be deemed given and effective when delivered to the teacher or upon mailing thereof by certified mail to the last address shown for the teacher on the district's personnel records.

Legal Reference: ORS 342.805 - 342.937

History: Adpt. 12/11/97



**B O A R D  P O L I C Y**

# 5.20.130-P    Teacher Dismissal

(1) **General**. A record of consistent, irregular attendance on the part of a teacher shall be considered as neglect of duty and shall constitute cause for dismissal, under the Teachers' Fair Dismissal Law, unless the teacher is declared totally disabled by the Board of Medical Examiners.

(2) **Termination of Teacher's Contract — Release**. Sickness or other unavoidable circumstances which prevent the teacher from teaching 20 school days immediately following expiration of sick leave accumulated under ORS 332.507 shall be sufficient reason for the Board to terminate the teacher's employment without penalty or to place the teacher on leave without pay for the remainder of the regular school year. This subsection applies to teachers whose employment is based either upon contract or permanent status or both.

(3) **Probationary Teachers**. A probationary teacher may be discharged at any time during the probationary period for any cause deemed sufficient by the Board. Such action by the Board of Education will be based on evaluations by administrators, recommendations of the superintendent and guided by the desire of the Board to assure quality teaching for Portland students. If the Board, for any cause it may deem sufficient, decides to refuse to renew the contract of any probationary teacher or to refuse to reemploy any teacher who is not under contract, the district shall proceed under Policy 5.20.091.

(4) **Permanent Teacher**. Discharge of a permanent teacher shall be governed by the provisions of the Teacher Fair Dismissal Law shall govern discharge of a permanent teacher. (ORS 342.805 - 342.934.)

Legal References: ORS 332.507; ORS 342.545; ORS 342.805 - 342.937

History: Adpt. 6/71; Amd. 9/71; Amd. 3/77; Amd. 9/95

 **Administrative Directive**                    **5.50.042-AD**

## 5.50.042-AD    Intensive Assistance Program

(1) This program shall be jointly sponsored by the Portland Association of Teachers and the Portland school district.

(2) The purpose of this program is to provide direct intensive assistance in the classroom to a teacher on a plan of assistance.

(3) Distribution of these guidelines shall be made to each teacher throughout the district.

(4) The option of using such help, including this intensive assistance, rests with the teacher. Using the program, or not using the program, shall not of itself affect the teacher's evaluation in any way. A principal, at the time a plan of assistance is given to the teacher, will present a copy of these guidelines and may recommend a teacher assistance plan, but no teacher shall be required to use this program.

(5) If a teacher is interested in requesting the program, he/she will fill out a request form and forward it to the Staff Development Center, with a copy to the principal and the PAT. A conference will be held with the principal, the teacher, and at the teacher's request, a PAT representative, to discuss the general outline and intent of the Intensive Assistance Program.

(6) The Staff Development Center will contact a teacher who has volunteered to work in the Intensive Assistance Program and arrange for his/her assistance in this case. The assisting teacher shall be from a school similar to the school of the requesting teacher.

    (a) The assisting teacher will be sent a letter including:

        (A) The name and school of the teacher requesting help.

        (B) The starting date of the assignment.

        (C) Copies of the plan of assistance and related evaluations.

    (b) Copies will be sent to the teacher requesting help, the principal of such teacher, and the principal of the assisting teacher.

(7) The principal, the requesting teacher, and the assistant teacher will then meet:

    (a) To review the teacher's plan of assistance, as well as evaluations the principal has given the teacher. The review will include specific areas of concern identified in the evaluation.

**5.50.042- AD**

---

(b) Decide when and for how long the Intensive Assistance Program will take place. The program may be continuous or intermittent for the equivalent of ten (10) school days.

(8) Substitute and travel costs will be paid by the district.

(9) Prior to participation as an assisting teacher, prospective teachers will be screened by a committee of two (2) Association and 2 district representatives. Each teacher chosen to act as an assisting teacher will attend a 2-day training session. The agenda will be developed by the district in consultation with the Portland Association of Teachers.

(10) Released time will be paid by the district for activities listed in paragraph 9 above.

(11) An intensive assistance will focus on improving deficiencies noted in the evaluations and plan of assistance of the teacher requesting help.

(12) At the conclusion of the time allotted, the requesting teacher and the assisting teacher will meet to review the experience.

(13) Testimony, written or verbal by the assisting teacher related to this program shall not be used in any way by either the district or the association in any subsequent actions taken by the district against the teacher in non-renewal, dismissal, or grievances are relating to the plan of assistance.

Policy Implemented:

History: Adpt. 7/80; Amd. 6/81; Amd. 10/83

| For official use only |  |
|---|---|
| **Approved:** |  |
| _____ | _____ |
| Superintendent | Date |

 **Administrative Directive**                    **5.20.101-AD**

## 5.20.101-AD      Procedures For Medical Consultation

(1) **Teacher Health**.

    (a) Teachers and staff members must be free of any disease or condition that will limit their ability to perform the their duties adequately or that may be detrimental to the physical or emotional health of students, such conditions being attested to by the medical advisor, if requested by the office of superintendent.

    (b) Any applicant for a [teaching or administrative] position may be required to pass a medical examination.

(2) **Appraisal of Teacher Health**.

    (a) Principals and other administrative heads shall observe both probationary and permanent teachers with references to evidence of emotional instability, an unusual amount of absence, evidence of unusually low vitality or other marked symptoms of poor health.

    (b) When probationary reports or reports on permanent teachers are made, the principal shall note specifically any cases about which there is question in regard to physical or mental health. Such teachers may be required by the office of the superintendent to submit to an examination by the district medical advisor.

(3) **Recommendations for Examination**. Any person whose general physical or mental condition, as described above, seems to interfere seriously with such employee's efficiency at any time shall be required to submit to an physical or psychiatric examination by the medical advisor of the district.

    (a) Such an examination shall require authorization by the office of the superintendent upon written recommendation of the principal or administrative head or upon one or more members of the Board of Education.

    (b) Any teacher who has been absent from duty because of illness or other reasons and who, in the judgment of his/her administrator, does not appear able to resume service may be requested by the superintendent, upon the recommendation of the administrator, to submit to a health examination by the district medical advisor.

(4) **Medical Reports**.

    (a) A written report of the medical examination shall be forwarded to the district by the medical advisor and shall be kept confidential, except as

otherwise noted in these rules. It shall not be subject to inspection except with the consent of the examinee; provided, however, such record shall be produced upon subpoena duly issued in any proceedings wherein their content shall be legally pertinent.

(b) The medical advisor shall keep on file in his/her office records of all medical examinations made in behalf of the district. He/She shall submit appropriate reports of all examinations to the superintendent.

(5) **Reports from Private Physicians**. Any employee of the district who is required to submit to a physical or psychiatric examination by the medical examiner of the district at the request of the superintendent may submit a report from his/her private physician on the same subject for the consideration of the Board. Such report shall be in addition to the report submitted by the superintendent from the district medical advisor.

(6) **Action Upon Adverse Findings**. In instances where medical or psychiatric findings are adverse to the continuance of the teacher in his/her position, either for short- or long-term service, the teacherís staff status shall be discontinued according to provisions of ORS 342.530 and ORS 342.545.


Policy Implemented:

History: Adpt. 6/71; Amd. 4/80; Amd. 9/95

| For official use only | |
|---|---|
| Approved: | |
| | |
| _____ | _____ |
| Superintendent | Date |



**Administrative Directive**                              **5.10.101-AD**

## 5.10.101-AD    Modified Duty Procedures

The following is the early return to work procedures with respect to the Return-to-Work Program for Portland Public Schools:

(1) Employees shall immediately report injuries to the supervisor. The Form 801 shall be completed by the school or department administrator or supervisor and forwarded to Risk Management;

(2) If medical treatment is obtained, the injured employee will provide a copy of a "Work Release/Physical Capacity" (WR/PC) form to the school or department administrator or supervisor within two days of receipt;

(3) Modified work is:

    (a) Work, which is relevant for the school or department;

    (b) Work that can be performed by a person with the limitations specified by the physician;

    (c) Work, which the employee has the skills to perform.

    (d) Work, which generally relates to the employee's usual job skills.

(4) Upon receiving the WR/PC form, the school or department administrator or supervisor will identify work which the employee can perform considering the limitations specified by the physician;

(5) If the physician does not provide a sufficiently detailed WR/PC evaluation, Risk Management will contact the physician for additional information;

(6) The school or department administrator or supervisor will verbally notify employee of the availability of modified work. The school or department administrator, supervisor or Risk Management will provide the employee a written job offer via certified and regular mail;

(7) Modified work assignments will end when the employee is released by the physician for regular employment, the employee's claim is closed, the employee has returned to employment other than the modified work, the modified work assignment is no longer available or 90 workdays has elapsed;

(8) School or department administrator will monitor work, hours worked, prepare time documents and report hours worked to Risk Management;

**5.10.101- AD**

(9) Employees shall inform their school or department administrator of any changes in their physical limitations.

Policy Implemented:

History: Adpt. 4/26/95

---

**For official use only**

**Approved:**

_____        _____
Superintendent                                          Date

---

**Administrative Directive**                                   **5.20.081-AD**

**5.20.081-AD        Evaluation Procedures**

(1) **Responsibility**.

    (a) One of the major responsibilities of each building principal or supervisor is the systematic evaluation of teacher performance and, based upon such evaluations, providing assistance to teachers in the improvement of instruction and submitting annually, (a) written evaluation(s) to the office of the superintendent.

    (b) In order to be fully aware of the quality of instruction by teachers in the school, the principal shall develop a systematic program of classroom observation. The principal shall also hold pre-observation conferences for agreement on instructional intents, etc., and hold post-observation conferences.

    (c) Probationary teachers particularly should receive a great deal of help, and every effort should be made to assist them to become effective in their relationships with students, parents and co-workers. The principal shall arrange for acquainting probationary teachers within the first two weeks of school with all aspects of the probationary period, including its importance, its purposes and the standard procedures for evaluation of probationary teachers. The teacher's job responsibilities and role in the building are to be made clear. The principal shall make particular effort to familiarize probationary teachers with the Portland school district Teacher Evaluation Process booklet and the evaluation forms.

(2) **Evaluation Records — General**. The principal shall keep a record of each of the following:

    (a) Classroom visitations, including:

        (A) Date;

        (B) Length of visit;

        (C) Pertinent observations for discussion at the principal/teacher conference.

    (b) Post-observation conferences with the teacher in which attainment of learning goals and analysis of strengths and weaknesses of the teacher are discussed. In addition, the evaluation should report the conference, including:

        (A) Date;

**5.20.081- AD**

  (B) Suggestions made for improvement;

  (C) The teacher's responsiveness to suggestions.

 (c) Visits by other administrators arranged through the principal:

  (A) Dates;

  (B) Suggestions.

(3) **Evaluation Reports**.

 (a) Though the principal should be diplomatic, the analysis of teaching effectiveness should be frank and honest. Those whose teaching is unsatisfactory should not be given the impression on their evaluation reports that their teaching is of acceptable quality.

 (b) Only the information contained in written reports to the office of the superintendent shall be used as a basis for continuing or discontinuing the services of a teacher. Elements of a teacher's work warranting commendation or reflecting growth, as well as areas needing growth and related suggestions for improvement, shall be recorded in evaluation reports. Final decisions regarding termination or retention of a teacher shall be based on recommendations of principals and are the responsibility of the office of the superintendent, subject to the approval of the Board.

  (A) <u>Number of Copies</u>. The evaluation report shall be made in triplicate, the original of which is to be submitted to the office of the appropriate Director of Instruction, and the other copies are for the teacher and the principal's files.

  (B) <u>Signature</u>. The teacher must sign the evaluation report acknowledging that he/she has read it. The teacher's signature indicates only that he/she has read the report, not necessarily that he/she concurs. Should the teacher refuse to sign the report, that fact shall be indicated on the form.

(4) **Evaluation Criteria**.

 (a) Teacher evaluation shall include criteria in the Portland public schools Teacher Evaluation Form.

 (b) Each teacher shall be encouraged to employ unique strengths and skills and to vary methodologies as the changing characteristics and needs of the students require, consistent with sound professional research and judgment, the instructional goals of the school and of the courses the teacher is charged to teach.

5.20.081- AD

(5) **Evaluation Conferences**.

    (a) If in the course of the formal conference on the written evaluation, either the teacher or administrator believes that the nature of the conference makes the presence of an objective observer appropriate, the conference may be postponed until the presence of a mutually selected, nonparticipating observer from the school staff is arranged.

    (b) In the event no observer is mutually acceptable from the school staff, then one may be mutually selected from the district staff. The opportunity to select and request an observer shall not delay the evaluation conference more than two working days.

    (c) Principals are required to document deficiencies in any section or practice rated as not meeting minimum standards. Should a deficiency be noted in an evaluation, this deficiency must be addressed in the subsequent evaluation(s).

Policy Implemented:

History: Adpt. 6/71; Amd. 2/76; Amd. 1/77; Amd. 10/83

Attorney General

# ORS 180.755
# Prohibited acts

(1) A person may not:

    (a) Present for payment or approval, or cause to be presented for payment or approval, a claim that the person knows is a false claim.

    (b) In the course of presenting a claim for payment or approval, make or use, or cause to be made or used, a record or statement that the person knows to contain, or to be based on, false or fraudulent information.

    (c) Agree or conspire with other persons to present for payment or approval a claim that the person knows is a false claim.

    (d) Deliver, or cause to be delivered, property to a public agency in an amount the person knows is less than the amount for which the person receives a certificate or receipt.

    (e) Make or deliver a document certifying receipt of property used by a public agency, or intended to be used by a public agency, that the person knows contains false or fraudulent information.

    (f) Buy property of a public agency from an officer or employee of a public agency if the person knows that the officer or employee is not authorized to sell the property.

    (g) Receive property of a public agency from an officer or employee of the public agency as a pledge of an obligation or debt if the person knows that the officer or employee is not authorized to pledge the property.

    (h) Make or use, or cause to be made or used, a false or fraudulent statement to conceal, avoid or decrease an obligation to pay or transmit moneys or property to a public agency if the person knows that the statement is false or fraudulent.

    (i) Fail to disclose a false claim that benefits the person within a reasonable time after discovering that the false claim has been presented or submitted for payment or approval.

(2) For the purposes of this section, a person has knowledge that a claim, record, statement, document or information is false or fraudulent if the person:

    (a) Has actual knowledge of the false or fraudulent nature of the claim, record, statement, document or information;

    (b) Acts in deliberate ignorance of the false or fraudulent nature of the claim, record, statement, document or information; or

    (c) Acts in reckless disregard of the false or fraudulent nature of the claim, record, statement, document or information.

**(3)** In an action under ORS 180.760 (Civil action for violation), the Attorney General need not prove that a person specifically intended to defraud a public agency to establish that a person acted with knowledge as described in subsection (2) of this section. [2009 c.292 §2]

Note: See note under 180.750 (Definitions).

_Location:_ https://oregon.public.law/statutes/ors_180.755

_Original Source: Section 180.755 — Prohibited acts,_ https://www.oregonlegislature.gov/bills_laws/ors/ors180.html (last accessed Jun. 26, 2021).

Attorney General

# ORS 180.760
# Civil action for violation

- **remedies**
- **penalty**

(1)  The Attorney General may bring a civil action in the name of the State of Oregon against a person who violates ORS 180.755 (Prohibited acts). The Attorney General may bring the action in the Circuit Court for Marion County or in a circuit court in any county in which part of the conduct that constituted the violation took place.

(2)  Repayment of or intent to repay any amounts obtained by a person as a result of a violation of ORS 180.755 (Prohibited acts) is not a defense in an action under this section.

(3)  The fact that a public agency has not paid any amounts to a person as a result of a violation of ORS 180.755 (Prohibited acts) or has not suffered any injury by reason of a violation of ORS 180.755 (Prohibited acts), is not a defense in an action under this section.

(4)  A court shall award to the state all damages arising from a violation of ORS 180.755 (Prohibited acts). In addition, the court shall award to the state a penalty equal to the greater of $10,000 for each violation or an amount equal to twice the amount of damages incurred for each violation. The court may mitigate an award of a penalty under this subsection based on any fine or penalty assessed against the defendant for substantially the same acts or omissions in a judgment under the federal False Claims Act, 31 U.S.C. 3729, et seq., as in effect on January 1, 2010, or under the federal Civil Monetary Penalty Law, 42 U.S.C. 1320a-7a, as in effect on January 1, 2010, that is no longer subject to appeal.

(5)  If a court finds that an act or omission of an individual on behalf of a corporation or other legal entity constitutes a violation of ORS 180.755 (Prohibited acts), the court may find that both the individual and the legal entity violated ORS 180.755 (Prohibited acts), and impose a separate penalty under subsection (4) of this section against both the individual and the legal entity.

(6)  Notwithstanding subsections (4) and (5) of this section, if the state prevails in an action under this section, the court may not award a penalty under subsection (4) of this section if:

   (a)  The defendant provided the Attorney General with all information known to the defendant about the violation within 30 days after the defendant first acquired the information;

   (b)  The defendant fully cooperated with the Attorney General in the investigation of the violation; and

   (c)  At the time the defendant provided the Attorney General with information about the violation, an investigation, court proceeding or administrative action related to the

violation had not been commenced.

**(7)** For the purpose of determining the amount of damages under this section:

    **(a)** The value of property, services or benefits obtained by a person who makes a claim may be established based on the market value of property, services or benefits at the time and place of receipt or delivery of the property, services or benefits.

    **(b)** If the market value of property, services or benefits at the time and place of receipt or delivery of the property, services or benefits cannot be reasonably ascertained, the value of the property, services or benefits may be established based on the replacement cost of the property, services or benefits.

    **(c)** If a written instrument has no readily ascertainable market value, the value of the instrument may be established based on the value determined as provided in ORS 164.115 (Value of property) (2).

    **(d)** The Attorney General may establish damages using statistical or sampling methodology, or any other system that reasonably estimates damages incurred, without separately proving the damages incurred from each violation of ORS 180.755 (Prohibited acts).

**(8)** The court may award reasonable attorney fees and costs of investigation, preparation and litigation to the state if the state prevails in an action under this section. The court may award reasonable attorney fees and costs of investigation, preparation and litigation to a defendant who prevails in an action under this section if the court determines that the Attorney General had no objectively reasonable basis for bringing the action or no reasonable basis for appealing an adverse decision of the trial court. [2009 c.292 §3]

Note: See note under 180.750 (Definitions).

---

*Location:* https://oregon.public.law/statutes/ors_180.760

*Original Source: Section 180.760 — Civil action for violation; remedies; penalty,* https://www.oregonlegislature.-gov/bills_laws/ors/ors180.html (last accessed Jun. 26, 2021).

Attorney General
# ORS 180.765
# Statute of limitation

An action under ORS 180.760 (Civil action for violation) must be brought within three years after the date that the officer or employee of the public agency charged with responsibility for the claim discovers the violation of ORS 180.755 (Prohibited acts). In no event may an action under ORS 180.760 (Civil action for violation) be brought more than 10 years after the date on which the violation is committed. [2009 c.292 §4]

Note: See note under 180.750 (Definitions).

*Location:* https://oregon.public.law/statutes/ors_180.765

*Original Source: Section 180.765 — Statute of limitation,* https://www.oregonlegislature.gov/bills_laws/ors/ors180.html (last accessed Jun. 26, 2021).