IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THERESA SEELEY**,<br><br>    **Plaintiff**,<br><br>    v.<br><br>**PORTLAND PUBLIC SCHOOLS, EILIDH LOWERY, GUADALUPE GUERRERO, GENEVIEVE ROUGH, LIGENA HEIN, GALEN WALDREP, JAMES YOUNG, ONDRA MATTHEWS, and SEAN MURRAY**,<br><br>    **Defendants**. | Case No. 3:23-cv-386-SI<br><br>**ORDER** |

Theresa Seeley, Portland, OR, *pro se*.

Michael Porter, P.C. and Eden E. Vasquez, MILLER NASH LLP, 111 SW Fifth Avenue, Suite 3400, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Theresa Seeley, representing herself, brought six claims[1] against Portland Public Schools (PPS), a former PPS board member, and six PPS employees (collectively, Defendants). On August 16, 2023, the Court granted Defendants' Motion to Dismiss Plaintiff's Complaint,

---

[1] Plaintiff did not explicitly allege six distinct claims. Defendants, however, described in their Motion to Dismiss what they understood to be Plaintiff's six claims. In her response to that motion, Plaintiff did not dispute Defendants' characterization of her claims. The Court construed Plaintiff's claims accordingly in its Order granting Defendants' Motion to Dismiss, and in none of Plaintiff's subsequent filings has she disputed that characterization.

PAGE 1 – ORDER

giving Plaintiff leave to file an amended complaint within 30 days (*i.e.*, by September 15th). ECF 46 (Order of Dismissal). The Court stated that if Plaintiff failed timely to file an amended complaint, the Court would dismiss this action without prejudice. ECF 46 at 22-23. Plaintiff did not file an amended complaint by September 15th or move the court for an extension of time to do so. Accordingly, on September 29th, the Court entered a Judgment dismissing this case without prejudice. ECF 53.

On October 10, 2023, Plaintiff filed a Motion [for] Reconsideration of Dismissal Order and Motion for Extension of Time to File Amended Complaint (ECF 54) (Motion for Reconsideration). Plaintiff characterizes her Motion for Reconsideration as one for "Reconsideration of Dismissal Order," but Plaintiff does not dispute that the Court properly dismissed her claims as those claims were set forth in Plaintiff's original Complaint. Rather, she seeks reconsideration only of the Court's September 29th Judgment dismissing this case: Plaintiff moves the Court for leave to file an amended complaint; seeks reconsideration based on her "error of timely response" in failing to file an amended complaint by the September 15th deadline; and attaches a draft amended complaint.[2] Accordingly, the Court construes Plaintiff's motion as one seeking reconsideration of the Court's entry of Judgment.

On the same day Plaintiff filed her Motion for Reconsideration, she also filed a Motion for Partial Summary Judgment (ECF 55), a Motion for Reconsideration of Motion for Discovery (ECF 56), a Request for Extension of Time to Appeal Order to Dismiss (ECF 57), and a document titled "Plaintiff's Memorandum: Reconsideration-Appointment of Attorney for

---

[2] Plaintiff asks the court to "turn [*sic*] the dismissal order [of] 10/2/2023 and reopen the case." The Court's Order of Dismissal was entered on August 16th, and the Court did not take any action on October 2nd; Plaintiff most likely intends to reference the Court's entry of Judgment on September 29th.

PAGE 2 – ORDER

Plaintiff," (ECF 58), which the Court construes as a motion for reconsideration of the Court's Order denying Plaintiff's Motion for Appointment of Pro Bono Counsel. *See* ECF 3 (Motion for Appointment of Pro Bono Counsel); ECF 10 (Order).

For the reasons explained below, the Court denies Plaintiff's Motion for Reconsideration and denies as premature Plaintiff's Request for Extension of Time to Appeal Order to Dismiss. Because the Court denies Plaintiff's Motion for Reconsideration, it denies as moot the three remaining motions.

## ANALYSIS

A. **Legal Standards**

   1. **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Allen v. Nw. Permanente, P.C.*, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012). Two rules, however, contemplate situations in which a court may revisit a prior decision and order it amended, rescinded, or reversed. After a court has entered final judgment, a party may seek relief from that judgment "under either Federal Rules of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also In re Arrowhead Ests. Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994) (court reviewing denial of motion for reconsideration under both Rule 59(e) and Rule 60(b) when party appealing denial of motion for reconsideration did not specify which rule supported the motion).

Rule 60(b) governs reconsideration of "a final judgment, order, or proceeding" of the district court. That rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void;

PAGE 3 – ORDER

(5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). In evaluating "excusable neglect," courts in the Ninth Circuit undertake an "equitable determination that involves consideration of the four *Pioneer* factors." *Pincay v. Andrews,* 389 F.3d 853, 856 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the *Pioneer* test for consideration of Rule 60(b) motions.) Those factors are: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay*, 389 F.3d at 855.. In evaluating excusable neglect, a court must consider "all relevant circumstances." *Pioneer*, 507 U.S. at 395. The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

Under Rule 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (quotation marks omitted). A motion under Rule 59(e) must be filed within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e).

When a party moves for reconsideration based on new evidence, the court applies the same test whether the motion is brought under Rule 59(e) or Rule 60(b). *Jones v. Aero/Chem*

*Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). "Under this test the movant must show the evidence (1) existed at the time of the [original decision], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Id.* (quotation marks omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks omitted); *see also Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (noting that "reconsideration is appropriate only in very limited circumstances"). "[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original) (quoting *Cheffins v. Stewart*, 2011 WL 1233378, at *1 (D. Nev. Mar. 29, 2011)). A motion for reconsideration also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

**2. Time to Appeal**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a party in a civil case to file a notice of appeal with the district court clerk "within 30 days after entry of the judgment or order appealed from." The Court of Appeals will lack jurisdiction to decide the appeal if the moving party fails to timely file a notice of appeal. *See Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) ("The filing deadline in Rule 4(a)(1) is mandatory and jurisdictional."); *Melendres v. Maricopa County*, 815 F.3d 645, 647 (9th Cir. 2016) (holding

same (citing 28 U.S.C. § 2107)[3]). Under Rule 4(a)(4)(A), however, the time to file an appeal will run "from the entry of the order disposing of the last" of specified "remaining motion[s]." Such motions include a motion for relief filed under Rule 60 of the Federal Rules of Civil Procedure within 28 days of the entry of judgment, or a timely filed motion to alter or amend a judgment filed under Rule 59.

B. Application

1. Motion for Reconsideration under Rule 60(b) and Rule 59(e)

Plaintiff seeks relief under Rule 60(b) and Rule 59(e), asserting excusable neglect, fraud, and newly discovered evidence.[4]

    a. Rule 60(b)

        i. Excusable Neglect

Arguing that her delay was the result of excusable neglect, Plaintiff states that she suffered from escalating "medical conditions," experienced "technological issues," and had "time-limits due to limited access to computer and research technology," in part because of the limited hours of the public library. Plaintiff also asserts "discovery of new evidence" that requires adding "information . . . into the amended complaint [that is] complex and span[s]

---

[3] Although not relevant for the purposes of this Order, the Supreme Court has since clarified that not every provision of Rule 4(a) is jurisdictional. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17 (2017) (holding that the time limit set forth in Rule 4(a)(5)(C), which adds a time limit not included in 28 U.S.C. § 2107(c), is not jurisdictional).

[4] Plaintiff also seeks relief based on an assertion of inadvertence, but she does not provide any facts to support that assertion.

PAGE 6 – ORDER

multiple legal areas," and she asserts that the changes would be "difficult to complete with the limited resources available to [Plaintiff]."[5]

The Court finds that the first, second, and fourth *Pioneer* factors do not weigh strongly in favor of or against granting Plaintiff's motion. As for the first factor (danger of prejudice) and second factor (length of delay and its potential impact on judicial proceedings), the Ninth Circuit has explained that mere delay and the disadvantage inherent to a defendant who loses a "quick victory" are insufficient, standing alone, to justify denial of relief under Rule 60(b)(1). *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000). Regarding the third factor (whether the moving party's conduct was in good faith), the Court also sees no basis for finding that Plaintiff acted with anything less than good faith. *Cf. id.* at 1225.

As for the third factor ("the reason for the delay, including whether it was within the reasonable control of the movant"), the Court finds that the reasons Plaintiff gives for her delay are inadequate to support relief under Rule 60(b). Plaintiff not only failed to file an amended complaint within 30 days but also did not move for an extension of the September 15th deadline during the six-week period between entry of the Order of Dismissal and entry of Judgment.[6] That is so despite the fact that on August 31st—approximately two weeks after the Court issued its Order of Dismissal and two weeks before Plaintiff's deadline to file an amended complaint—the Court issued an order that referenced the timeline set by the Court for Plaintiff to file her

---

[5] Plaintiff attaches to her Motion for Reconsideration a draft Amended Complaint (ECF 54-1); it is unclear whether she intended to make further changes to that draft Amended Complaint.

[6] Plaintiff twice filed motions for extension of time in this case; the Court granted the first motion and denied the second as moot. *See* ECF 24 (Plaintiff's motion), 26 (Order granting Plaintiff's motion); ECF 31 (Plaintiff's motion), ECF 46 (Order denying Plaintiff's motion as moot).

amended complaint. Yet Plaintiff filed nothing with the Court during the nearly two months after the Court issued its Order of Dismissal. The reasons Plaintiff gives to support her assertion of "excusable neglect," even when considered together, do not explain her failure even to seek an extension of time.[7] In sum, Plaintiff has failed to establish excusable neglect that would render this this one of the "very limited circumstances" in which the "extraordinary remedy" of reconsideration is warranted. *See Shalit*, 182 F.3d at 1132; *Kona*, 229 F.3d at 890.

### ii. Fraud

Plaintiff also argues reconsideration is warranted based on purported "fraud" in the form of "deliberately concealed evidence." Plaintiff does not explain in her Motion for Reconsideration the specific basis for her conclusion that the evidence was "deliberately concealed." Thus, to the extent that Plaintiff argues that Defendants have committed fraud under Rule 60(b)(3), she has not met her burden of proving fraud by "clear and convincing evidence." *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (applying "clear and convincing standard" to claims of fraud under Rule 60(b)(3) and concluding that "discovery recalcitrance does not constitute fraud"); *see also* 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2860 (3d ed., updated Apr. 2023) (collecting cases).

---

[7] The Court acknowledges that under the third *Pioneer* factor, a court might find excusable neglect based on a party's assertions of medical issues. Plaintiff's statement of "medical conditions escalating," however, is too conclusory to support relief under Rule 60(b). *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (noting that "simple assertions that the movant has a meritorious defense are . . . insufficient to justify upsetting the underlying judgment" (cleaned up)); *Weinstein v. Lewis*, 34 F.3d 1075, 1994 WL 424342 at *1 (9th Cir. 1994) (unpublished) (applying *Cassidy*'s standard to factual allegations made in support of any Rule 60(b) motion); *United States v. Reyes*, 307 F.3d 451, 457 (6th Cir. 2002) (upholding district court's denial of Rule 60(b) motion where movant's counsel provided "a vague explanation" for delay); *United States v. Matta-Lopez*, 12 F. App'x 566, 567 (9th Cir. 2001) (upholding district court's finding of no excusable neglect where the defendant's counsel "failed to describe with factual specificity" the difficulty in communicating with his client, offering only "conclusory" statements).

### iii. Newly Discovered Evidence

To obtain relief based on an assertion of newly discovered evidence, Plaintiff must show that the evidence is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *See Jones*, 921 F.2d at 878 (quotation marks omitted). Plaintiff states that she recently discovered "concealed evidence," but she does not explain in her Motion for Reconsideration what, specifically, the purportedly concealed evidence is: Plaintiff references only a discovery of "unpaid employer pension and employer social security taxes." In her Reply, Plaintiff mentions "receipt of a tax transcript" that purportedly reveals "discrepancies" and "mistakes," and she asserts that the "new evidence" shows "collusion" between state agencies "to deny the plaintiff all funds otherwise due at retirement."

It appears that Plaintiff believes the evidence supports allegations relevant to her claim for breach of contract. But the Court dismissed that claim for lack of jurisdiction, finding that the Employment Relations Board has exclusive jurisdiction over the alleged breaches (*e.g.*, that PPS failed to remit its share of pension funds to the Public Employees Retirement System (PERS), falsified Plaintiff's salary as relevant to her pension benefits, and failed to provide Plaintiff with severance benefits). In other words, this Court cannot adjudicate that claim, *no matter what evidence Plaintiff provides*. Plaintiff does not explain how the "new evidence" might overcome the Court's conclusion that only the Employment Relations Board may resolve Plaintiff's breach of contract claim.[8] Nor does Plaintiff explain how any of the newly discovered evidence would otherwise alter the bases for the Court's dismissal of the other claims in Plaintiff's Complaint.

---

[8] To the extent Plaintiff raises a new claim against PERS or its Board, the Court notes that PERS is a wholly separate entity from PPS.

PAGE 9 – ORDER

Finally, Plaintiff has not clearly explained how the purported new evidence might be relevant to any new claim that would survive dismissal where her other claims did not. In sum, Plaintiff has not satisfied her burden to show that any "newly discovered evidence" was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *See Jones*, 921 F.2d at 878.[9]

### b. Rule 59(e)

Plaintiff also fails to meet her burden to obtain relief under Rule 59(e). For the reasons discussed above, she has failed to satisfy her burden to obtain relief under either Rule 60(b) or Rule 59(e) based on her assertions of newly discovered evidence. In addition, she has pointed to no clear error or manifest injustice, has not identified any relevant "intervening change in controlling law," *see McDaniel*, 656 F.3d at 998, and has not shown "highly unusual circumstances" that justify granting relief under Rule 59(e), *see McDowell*, 197 F.3d at 1255.

### 2. Request for Extension of Time to Appeal

As noted, Plaintiff also filed a "Request for Extension of Time to Appeal Order to Dismiss." The Court's Order of Dismissal, however, is not a final appealable order. *See, e.g.*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (explaining that when an order granting a motion to dismiss is without prejudice and with leave to amend, it is not a final appealable order). "A final judgment must be obtained before the case becomes

---

[9] Plaintiff does not specifically invoke the "catchall" provision of Rule 60(b), under which a defendant may seek relief "from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief under that provision a party must "make a threshold showing of 'extraordinary circumstances.'" *Ybarra v. Filson*, 869 F.3d 1016, 1023 (9th Cir. 2017) (recursively quoting *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005)). Plaintiff has not shown "extraordinary circumstances."

appealable." *Id.* at 1137. If Plaintiff seeks an extension of time to appeal the Court's August 16th Order of Dismissal, her motion is therefore denied.

To the extent that Plaintiff seeks an extension of time to appeal the Court's entry of Judgment on September 29, 2023, her motion is unnecessary. Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a party in a civil case to file a notice of appeal with the district court clerk "within 30 days after entry of the judgment or order appealed from," but Plaintiff's filing of her Motion for Reconsideration triggered exceptions to that deadline. Under Rule 4(a)(4)(A), the time to file an appeal will run "from the entry of the order disposing of the last" of several specified "remaining motion[s]" that may include a timely filed motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure, or a motion for relief under Rule 60 filed within 28 days of the entry of judgment. Plaintiff's Motion for Reconsideration was timely under Rules 59 and 60 and thus falls within both exceptions. If Plaintiff wishes to appeal the Court's September 29th Judgment, she therefore has 30 days from entry of this Order to do so. Accordingly, the Court denies as premature Plaintiff's Request for Extension of Time to Appeal Order to Dismiss.[10]

## CONCLUSION

The Court DENIES Plaintiff's Motion for Reconsideration (ECF 54) and DENIES as premature Plaintiff's Request for Extension of Time to Appeal Order to Dismiss (ECF 57). Because the Court denies Plaintiff's Motion for Reconsideration, the Court DENIES AS MOOT Plaintiff's Motion for Partial Summary Judgment (ECF 55), Plaintiff's Motion for

---

[10] Defendants ask the Court to institute a prefiling order prohibiting Plaintiff from filing any motions without leave of the Court. Because this case is closed and Plaintiff has 30 days to file her Notice of Appeal, the Court declines to do so at this time.

Reconsideration of Motion for Discovery (ECF 56), and Plaintiff's motion for reconsideration for appointment of pro bono counsel (ECF 58).

**IT IS SO ORDERED.**

DATED this 13th day of December, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 12 – ORDER